IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

VC MACON GA, LLC

                Civil Action No. 18-cv-00388-TES

VIRGINIA COLLEGE, LLC and
EDUCATION CORPORATION OF AMERICA,

## ORDER GRANTING TEMPORARY INJUNCTIVE RELIEF

This matter is before the court on the Emergency Motion for the Appointment of a Receiver and Entry of a Temporary Restraining Order and Preliminary Injunction (the "Motion") filed by Defendants Virginia College, LLC and Education Corporation of America, and their affiliate New England College of Business and Finance, LLC (collectively, "ECA" or "Debtors"). The court, being fully advised in the premises and having jurisdiction in this matter; and upon consideration of the Declaration of Mike Ranchino of ECA, and after due deliberation and sufficient cause appearing for the relief sought in the Motion; the court **FINDS** and **CONCLUDES** that, in accordance with Rule 65 of the Federal Rules of Civil Procedure:

1. The court has subject matter jurisdiction under U.S. CONST., art. III, § 2 and 28 U.S.C. § 1332. This Court exercises diversity jurisdiction because the parties are of complete diverse citizenship and the amount in controversy is in excess of $75,000.

2. Venue is proper in this court under 28 U.S.C. § 1391(e)(1)(B) because a substantial part of the events giving rise to this action took place in this judicial district and a substantial part of property that is the subject of the action is situated in this judicial district.

Plaintiffs employ approximately 251 Georgia residents and their Georgia institutions have enrolled in excess of 1,100 active students.

3. The court finds good cause to grant the injunctive relief requested under the All Writs Act, 28 U.S.C. § 1651(a), as such relief is necessary and appropriate in aid of its jurisdiction over this action. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1100 (11th Cir. 2004) (noting that a court may issue an injunction under the Act and that "[s]uch writs may be directed to not only the immediate parties to a proceeding, but to 'persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice") (citing *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977)).

4. The court also finds good cause to grant the temporary injunctive relief set forth in this Order because the movants have demonstrated that ECA will suffer irreparable injury if the injunction is not granted, and the injunction will further the public interest. *See Klay*, 376 F.3d at 1100 ("The requirements for a traditional injunction do not apply to injunctions under the All Writs Act . . . .") (citations omitted). In particular, the potential eviction of ECA's institutions from their physical campuses threatens to disrupt the educational programs of students nationwide and prevent the potential implementation of Plaintiffs' restructuring plan. *See* D.I. 10-1 at 8-10.

5. In aid of its jurisdiction over assets which ECA seeks to preserve in connection with this case, and in order to satisfactorily protect and effectuate this Order, the relief granted below must be effective in all federal and state jurisdictions.

**PURSUANT TO THE FORGOING FINDINGS AND CONCLUSIONS**, the Motion and the record before the court, good and sufficient cause appearing for the temporary injunctive

relief sought in the Motion, the court's inherent equitable powers, and 28 U.S.C. § 1651 (the "All Writs Act"):

**IT IS ORDERED, ADJUDGED, AND DECREED** that from the time and date of this Order, a stay of any actions by the landlord parties (including any successor or assigns) listed on Schedule 1 attached hereto and incorporated herein by reference asserting claims or other rights and remedies against ECA, any affiliate of ECA, and/or any actual or purported guarantor that has indemnity rights against any ECA (whether any ECA or affiliated entity is initially named in the suit or not), including enforcing, attaching or perfecting liens against property of ECA or any such guarantor, is in effect, enjoining:

(1) The commencement or continuation, including the issuance, employment, or service of process, of a judicial, administrative, or other action or proceeding against ECA or any schools owned directly or indirectly by ECA that was or could have been commenced before the entry of this Order against ECA that accrued before the entry of this Order;

(2) The enforcement or levy against ECA or its assets of a judgment obtained before the entry of this Order;

(3) Any act to obtain possession of, interfere with, or exercise control over any of ECA's assets;

(4) Any act to create, perfect, or enforce any lien or claim against any of ECA's assets to the extent that the lien secures a claim against ECA and/or any of its affiliates that accrued before the entry of this Order; or

(5) Any act to collect, assess, or recover a claim against ECA and/or any of its affiliates that accrued before the entry of this Order.

**IT IS FURTHER ORDERED** that the temporary injunctive relief granted by this Order is effective in all federal and state jurisdictions.

**IT IS FURTHER ORDERED** that Defendants shall provide notice and a copy of this Order to all affected parties by overnight courier and electronic mail within one (1) business day after the entry of this Order, and file a notice of compliance with the court **by 5:00 p.m. on November 9, 2018.**

The injunction ordered by the court in this Order is a temporary injunction; it expires on November 21, 2018 at 5:00 p.m. Eastern Time, unless extended by further order of the court.

**DONE** the 7th day of November, 2018.

*/s/ Tilman E. Self, III*

TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT