**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| VC MACON GA LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 5:18-cv-00388-TES |
| v. | ) | |
| | ) | |
| VIRGINIA COLLEGE LLC, | ) | |
| EDUCATION CORPORATION OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

**OBJECTION TO DEFENDANTS' EMERGENCY MOTION FOR THE
APPOINTMENT OF A RECEIVER AND ENTRY OF A TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND PETITION
TO INTERVENE OF LANDLORD, SOUTHERN PLAZA, LLC, AND FOR RELATED
RELIEF TO EXCUSE COMPLIANCE WITH THE PLEADING REQUIREMENT
OF RULE 24(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

COMES NOW Putative Intervenor SOUTHERN PLAZA, LLC ("Southern Plaza"), and submits its Objection to the Defendants' Emergency Motion for the Appointment of a Receiver and Entry of a Temporary Restraining Order and Preliminary Injunction and moves, pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, to intervene in the above-styled action as of right and to excuse compliance with the pleading requirement of Rule 24(c). In support thereof, Southern Plaza states as follows:

**INTRODUCTION**

1.      Southern Plaza objects to the appointment of a receiver and the entry of a preliminary injunction. At the outset, it must be noted that the potential ramifications of granting the Defendants' request for an injunction and a receivership are staggering. If this Court allows this invention of a quasi-bankruptcy to go forward, debtors across the country with self-diagnosed "financial issues" could utilize a new quasi-bankruptcy remedy outside of the confines

1

of the Bankruptcy Code, and debtors could flock to the federal District Courts to attempt to obtain a better result than they might otherwise expect before a Bankruptcy Court created for precisely this purpose. The implication of granting the relief sought by the Defendants is that any defendant in any litigation before a federal judge would have a basis to invoke the Court's ancillary jurisdiction to exercise its equitable powers to hold off collections by ***all of the defendant's creditors throughout the United States who are not before the court*** in the face of a judgment sought by ***one creditor,*** based on the defendant's claim that it would suffer "hardship." The relief requested contravenes the purpose for which the Bankruptcy Code was enacted and, if granted, would provide a basis for debtors across the country to flout that purpose.

2.      Southern Plaza brings this Petition to Intervene to ensure that it may participate and be heard in this litigation. By this litigation, the Defendants (as defined below) seek a quasi-bankruptcy proceeding whereby: (1) a sweeping injunction is issued to enjoin any and all creditor actions against the Defendants; and (2) a receiver with broad powers is appointed to administer the Defendants' "restructuring plan." As a landlord one of the "Go-Forward Schools" identified by the Defendants, Southern Plaza has an interest that will unquestionably be impacted by the quasi-bankruptcy structure proposed by the Defendants.  Because the Defendants are debtors and the Plaintiff is a landlord/creditor that is not similarly situated to Southern Plaza, none of the current parties can adequately protect Southern Plaza's interest or the interests of numerous similarly situated creditors.  As such, Southern Plaza has a right to intervene herein pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure.

## BACKGROUND

### I.    PARTIES

3.    Defendants, Education Corporation of America ("ECA") and Virginia College, LLC (individually, "VC" and collectively with ECA, the "Defendants") are for-profit universities with operations throughout the country.

4.    Plaintiff, VC Macon GA LLC (the "Plaintiff"), on information and belief, is a landlord that leases certain property in Macon, Georgia to VC on which VC operates a Virginia College educational institution. On information and belief, ECA is a guarantor of VC's leasehold obligation to the Plaintiff.

5.    Southern Plaza is a lessor of a Virginia College location operated by the Defendants at 4200 South East Street, Indianapolis, Indiana, under the trade name "Brighton College."

### II.    PROCEDURAL BACKGROUND

#### A.  The Plaintiff's State Court Actions

6.    On September 21, 2018, the Plaintiff filed an Affidavit for Distress Warrant for Rent in Bibb County State Court, thereby commencing the case commonly referred to as *VC Macon GA, LLC v. Virginia College, LLC*, Bibb Co. File No. 89174 (the "Distress Action"). In the Distress Action, the Plaintiff alleges that it is the owner of the property located at 1901 Paul Walsh Drive, Macon Georgia, and that its tenant, VC, is "indebted to Plaintiff in the sum of $82,600.79 as rent" and "$12,575.19 in late fees."

7.    On or around October 9, 2018, the Plaintiff filed a Complaint in Bibb County Superior Court, thereby commencing the litigation commonly referred to as *VC Macon GA, LLC v. Virginia College, LLC, et al.*, Bibb Co. Case No. 2018-cv-069412 (individually, the "Contract

Action" and collectively, with the Distress Action, the "State Court Actions"). In the Contract Action, the Plaintiff asserts causes of action against the Defendants, relating to the Defendants' purported breaches of the underlying leases and guarantees, for: (1) Breach of Contract; (2) Conversion; (3) Unjust Enrichment; (4) Fraud; (5) Constructive Trust; (6) Attorneys' Fees; and (7) Punitive Damages.

### B.  The Defendants' Alabama District Court Action

8.      On October 16, 2018, the Defendants commenced a lawsuit in the United States District Court for the Northern District of Alabama (the "Alabama District Court") against the United States Department of Education and Secretary of Education, Betsy Devos, commonly referred to as *Education Corporation of America, et al. v. United States Department of Education, et al.*, N.D. Ala. No. 18-cv-01698-AKK (the "Alabama District Court Action").

9.      In the Alabama Action, the Defendants sought, among other things, a stay of any actions by creditors (including landlords such as Southern Plaza and the Plaintiff in the State Court Actions and in this action) against the Defendants and any of its guarantors or indemnitors and the appointment of a receiver pursuant to federal common law to assist the Defendants in executing what they referred to as a general "restructuring plan".

10.     Contemporaneous with the filing of the Complaint in the Alabama District Court Action, the Defendants filed an Emergency Motion for the Appointment of a Receiver and Entry of a Temporary Restraining Order and Preliminary Injunction (the "Alabama Emergency Motion"). The Defendants' proposed Order Appointing Receiver and for Injunctive Relief, which outlined the Defendants' proposed legal framework to facilitate its general restructuring plan, was attached to the Alabama Emergency Motion and is attached hereto as Exhibit 1 (the "Proposed Order").

11.     On October 19, 2018, the Alabama District Court entered an Order Granting Temporary Injunctive Relief (the "Alabama TRO"), whereby the Alabama District Court temporarily issued a stay of any actions by certain landlord parties (totaling in excess of 70 landlords), including Southern Plaza, against the Defendants and any "actual or purported guarantor that has indemnity rights against any [Debtor]", through October 29, 2018, at 5:00 p.m., unless extended by further order of the Alabama District Court. On October 29, 2018[1], the Alabama District Court entered an Order extending the Alabama TRO through November 5, 2018 at 5:00 p.m.

12.     On November 5, 2018, the Alabama District Court issued a Memorandum Opinion and Order dismissing the Alabama District Court Action because: (1) the Alabama District Court did not have jurisdiction to determine the rights of the litigants because no live "case or controversy" existed between them; and (2) even if the Alabama District Court had jurisdiction, ECA and VC failed to meet their burden on the ultimate request for the "extraordinary and drastic" remedies of an injunction and the appointment of a receiver.

### C.  The Defendants Removal of the State Court Actions to this Court

13.     On October 17, 2018, VC filed a Notice of Removal of the Distress Action in this Court, thereby commencing the case commonly referred to as *VC Macon, GA, LLC v. Virginia College, LLC*, M.D. Ga. No. 18-cv-00385-TES (the "District Court Distress Action").

---

[1] On October 29, 2018, the Alabama District Court conducted a hearing on the Alabama Emergency Motion where all landlords and other interested parties were invited to participate. Over sixty (60) landlords and other creditors from across the country appeared by telephone, while several others appeared in-person in the crowded courtroom. In a Chapter 11 case before the Bankruptcy Court one would ordinarily not expect such fervent creditor participation at the outset of the case, because creditors can rely on the Bankruptcy Code to govern the relationships of all parties in interest.  In the Alabama case, as in this case, the Court and all of the creditors were in truly uncharted territory.

14.     On October 18, 2017, the Defendants filed a Notice of Removal of the Contract Action in this Court, thereby commencing the case commonly referred to as *VC Macon, GA, LLC v. Virginia College, LLC, et al.*, M.D. Ga. No. 18-cv-00388-TES.

15.     On November 5, 2018, the Defendants filed their Answer to the Contract Complaint in this Court. [Dkt. No. 8]. In the Answer, the Defendants assert several affirmative defenses to the relief requested by the Plaintiff, including the "Equitable Defense of Hardship," wherein the Defendants request, among other things that this Court "grant equitable relief in the form of a receivership to take control of all of Defendants' property in order to allow defendants to remain in possession of the premises and their students to remain enrolled at the Virginia College campus in Macon, Georgia until the students can complete their educations and graduate." [Dkt. No. 8, p. 12, ¶ g].

16.     On November 5, 2018, the Defendants filed a Motion to Consolidate the District Court Distress Action and this case. [Dkt. No. 9]. On November 8, 2018, this Court entered an Order Granting Defendant's Motion to Consolidate, and the Distress Action and the Breach of Contract Action are now consolidated under the case number 18-cv-00388-TES. [Dkt. NO. 14].

17.     On November 6, 2018, the Defendants filed an Emergency Motion for the Appointment of a Receiver and Entry of a Temporary Restraining Order and Preliminary Injunction in this Court (the "Emergency Motion"). [Dkt. No. 10].

18.     On November 7, 2018, this Court entered an Order Granting Temporary Injunctive Relief, [Dkt. No. 13] (the "TRO"), whereby this Court temporarily issued a stay of any actions by certain landlord parties (totaling in excess of 70 landlords), including Southern Plaza, against the Defendants and any "actual or purported guarantor that has indemnity rights

against" the Defendants, through November 21, 2018, at 5:00 p.m., unless extended by further order of this Court.

III.     **THE INJUNCTION, RECEIVERSHIP AND "RESTRUCTURING PLAN"**

19.     In the Emergency Motion, as they did in the Alabama District Court Action, the Defendants generally assert that they are reliant upon federal funding for the continued operation of their businesses and that in recent months, various business and economic factors have contributed to financial troubles jeopardizing the Defendants' viability as a going concern.

20.     While the Emergency Motion outlines a general "restructuring plan", the Defendants assert, as they did in the Alabama District Court Action, that the commencement of a Chapter 11 bankruptcy proceeding is not an option, because it would necessarily result in the Defendants' ineligibility to receive federal funding under the Higher Education Act, 20 U.S.C. § 1002(a)(4)(A), which is critical to its continued operations.

21.     As a result, by the Emergency Motion, as they did in the Alabama District Court Action, the Defendants propose that this Court authorize and preside over a quasi-bankruptcy proceeding, whereby a receiver is appointed to operate the Defendants' businesses, with "broad authority… similar to the role of a chief restructuring officer" who presides over a "receivership estate [comprised of] all assets, property rights and defenses of ECA, much like a bankruptcy estate under 11 U.S.C. § 541." [Dkt. No. 10, p. 8].

22.     The Defendants also seek, as they did in the Alabama District Court Action, the entry of a broad injunction virtually identical to the automatic stay provided under section 362 of Title 11 of the United States Code (the "Bankruptcy Code") enjoining creditors – including landlords, such as Southern Plaza – from commencing or prosecuting actions against the

Defendants or any act to otherwise obtain possession of or exercise control over any of the Defendants' assets. [Dkt. No. 10, p. 19, ¶¶ A-E].

23.     Other than as stated above, the Emergency Motion is devoid of any discussion of the precise powers, rights, duties and obligations of the proposed receiver. Instead, the Defendants only state that they seek "an order appointing a Receiver that will contain input from Plaintiff, Defendants and interested third-parties, if any[2]." [Dkt. No. 10, p. 2]. No proposed Order Appointing Receiver was filed with the Emergency Motion. In the Alabama District Court Action, however, the Defendants did file the Proposed Order, which demonstrated that the Defendants intention was to provide the receiver with most, if not all of the rights and powers of a Chapter 11 debtor-in-possession or trustee, such as, without limitation: to operate the Defendants' businesses; to assert rights, claims or causes of action of the Defendants in any receivership property; to assert rights claims or causes of action arising out of transactions by the receiver; to assert and compromise any claims in the name of the Defendants that may be asserted by any creditor of the Defendants; to use, sell or lease receivership property outside of the ordinary course of business; to reject unexpired leases and executory contracts; to enforce contracts to which the Defendants are parties; and to assume or assume and assign any unexpired leases and executory contracts.

24.     While the quasi-bankruptcy reorganization proceeding proposed by the Defendants in the Alabama District Court Action would vest the receiver with essentially all of the rights and powers of a Chapter 11 debtor-in-possession or trustee, it provided for none of the **_obligations_** and **_creditor protections_** enumerated in the Bankruptcy Code to balance those considerable powers. For instance, the Defendants proposed that the receiver have the right to

---

[2] The Defendants do not propose a mechanism for "interested third parties" to ensure that they will have a voice in the negotiation of any order appointing a receiver. As a result, Southern Plaza has no choice but to seek to intervene in this litigation.

reject, "affirm" or "affirm and assign" leases, but failed to stipulate any procedural safeguards or time limitations for effectuating such assumption/rejection of leases and executory contracts such as those set forth in great detail in section 365 of the Bankruptcy Code. The Defendants proposed an injunction that would operate like the automatic stay of section 362(a) of the Bankruptcy Code, but failed to provide creditors a mechanism to terminate, annul, modify or condition the automatic stay as also set forth in section 362(d) of the Bankruptcy Code. The Defendants proposed that the receiver would be ***authorized*** to operate the Defendants' businesses and to "incur and pay expenses incidental to the Receiver's preservation and use of the Receivership Property," but there was no corresponding directive ***requiring*** the receiver to pay for these costs, of administration and there were no procedures establishing a receivership creditor's remedies upon non-payment of such administrative expenses like the creditor protections set forth in sections 363, 364, 502 and 507 of the Bankruptcy Code. The proposed receivership order provided in the Alabama District Court Action provided no structure whatsoever for allowance and administration of claims upon which a creditor would rely pursuant to 11 U.S.C. §§ 501-511 and Rules 3001 through 3007 of the Federal Rules of Bankruptcy Procedure. Although the Defendants generally discussed a "restructuring plan" in the Alabama District Court Action, no deadlines were proposed for the plan to be proposed and confirmed, and there were no procedures for governing notices to creditors, confirmation, and execution of such a plan, such as those upon which a bankruptcy creditor would rely under 11 U.S.C. §§ 1101-1146. There was no mechanism for the filing of competing plan(s) of reorganization /liquidation by creditors or other parties in interest. There was no provision for a failed restructuring attempt, since there were no procedures for notice and a hearing on dismissal of the case or conversion from a restructuring to a liquidation. In short, there were no rules being proposed in the Alabama

District Court Action to govern the enormous powers of the receiver that were proposed.  As in the Alabama District Court Action, this Court (and all of the Defendants' creditors) are being lured into uncharted territory, in stark contrast to the detailed roadmap supplied by the Bankruptcy Code for dealing with debtors in the Defendants' circumstances.

25.     Since no proposed Order was filed with the Emergency Motion in this case, creditors are left to guess as to the form of the proposed receivership. Under the circumstances, Southern Plaza must assume that the Defendants intend to seek a receivership that will function similarly, if not identically, to the lopsided receivership which was requested (and denied) in the Alabama District Court Action only one week ago.

## ARGUMENT

## I.     OBJECTION TO EMERGENCY MOTION

26.     Southern Plaza objects to the Defendants' invention of a quasi-bankruptcy proceeding outside of the purview of a federal Bankruptcy Court.

27.     In the event that this Court issues the injunction, appoints a receiver and commits to oversee this quasi-bankruptcy process, there are several creditor protections under the Bankruptcy Code which must be provided in any injunction or receivership order. The simplest way to achieve this goal is to incorporate every single provision from the Bankruptcy Code into any receivership order. A non-exhaustive list of creditor protections which must be provided to avoid an inequitable result includes, without limitation:

- Deadlines for the receiver's decision to assume or reject unexpired leases and executory contracts;

- Procedures for payment of rent and other leasehold obligations prior to assumption or rejection of leases;

- A requirement that existing defaults be cured prior to assumption of leases;

- A mechanism to terminate, annul, modify, or condition the broad injunction sought by the Defendants;

- A requirement that the Defendants post a bond to protect third parties that suffer damages as a result of the issuance of the injunction;

- A requirement that the receiver pay costs incurred incidental to the receiver's operation of the Defendants' businesses;

- A process for allowance, administration and payment of pre-receivership and post-receivership claims;

- Deadlines for the Defendants to propose a formal "restructuring plan" on notice to all creditors and parties in interest;

- A process for Court approval (i.e. confirmation) of the Defendants' "restructuring plan";

- A mechanism allowing creditors and interested parties to file competing plans of reorganization or liquidation;

- A procedure for creditors and parties in interest to enforce the provisions of the "restructuring plan" or seek other relief in an event of default by the Defendants and/or receiver; and

- A procedure that accounts for the possibility of a failed reorganization, which includes, without limitation, remedies of dismissal of this litigation, conversion from a reorganization to a liquidation and/or replacement of the receiver in the event of a failed restructuring attempt.

28.    The Bankruptcy Code has evolved over time to resolve much of the gray area generated by the quasi-bankruptcy structure proposed by the Defendants. Any receivership that gives the Defendants the rights and powers of a debtor-in-possession or a trustee under the Bankruptcy Code that does not provide all of the corresponding obligations and duties will necessarily result in inequity to creditors and parties in interest. The Bankruptcy Court is the proper forum for this reorganization to take place. If this Court considers taking on the supervisory responsibility reserved for the Bankruptcy Court, then creditors must at least receive each and every protection provided by the Bankruptcy Code.

## II.   PETITION TO INTERVENE AND FOR RELATED RELIEF

29.     By this Petition, Southern Plaza respectfully requests: (1) leave to intervene in this action pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure; and (2) waiver of the requirement under Rule 24(c) that this Petition be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

### A.   SOUTHERN PLAZA IS ENTITLED TO INTERVENTION AS OF RIGHT UNDER RULE 24(a)(2).

30.     Rule 24(a)(2) of the Federal Rules of Civil Procedure provides that a party has a right of intervention where a party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  FED. R. CIV. P. 24(a)(2).  A party is entitled to intervene pursuant to Rule 24(a)(2) where the party's interest in the subject matter of the litigation is direct, substantial, and legally protectable.  *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005).  "The proposed intervenor must show that it has an interest in the subject matter of the suit, that its ability to protect the interest may be impaired by the disposition of the suit, and that existing parties in the suit cannot adequately protect that interest."  *Id.* (quoting *Georgia v. United States Army Corps of Eng'rs*, 302 F.3d 1242, 1249 (11th Cir. 2002)).

31.     Southern Plaza clearly has an interest relating to the property or transaction that is the subject of this action, namely its leasehold interest.  In the Emergency Motion, the Defendants seek, in general terms:

- The entry of a temporary restraining order and preliminary injunction barring the commencement or continuation of any proceeding to recover a claim against the Defendants and any act to obtain possession of estate property from the putative

receiver or to interfere with or exercise control over estate property [Dkt. No. 10, p. 19]; and

- The appointment of a receiver whose primary duties will be to administer the Defendants' "restructuring plan," which includes operating certain institutions that will go forward with their educational missions while operating other institutions that will not go forward leading up to their ultimate closure [Dkt. No. 10, p. 5].

32.    A closer look at the Proposed Order makes it clear that leases, such as the Southern Plaza lease, will be subject to the broad powers of the receiver including the right to reject, affirm or affirm and assign any leases. Furthermore, any order entered by this Court similar to the Proposed Order stands to drastically affect the rights of Southern Plaza in enforcing its leasehold interest, since it will be indefinitely barred from taking any adverse action to the Defendants.

33.    If this Court entertains the Defendants' request to create from scratch an elaborate quasi-bankruptcy reorganization structure, creditors and parties-in-interest must be entitled to participate to the same degree that they would be entitled to participate in a bankruptcy proceeding.  As proposed, Southern Plaza and other creditors and parties-in-interest would not be entitled to even the most basic protections afforded under the Bankruptcy Code

34.    The Plaintiff cannot adequately protect Southern Plaza's interest in its lease because it does not stand in the shoes of Southern Plaza and several of the other enjoined creditors because the Plaintiff is not listed as one of the "Go-Forward Schools" in the Defendants' stated "restructuring plan." [*Compare* Dkt. No. 10-3 and 10-4 (listing the "Go-Forward Schools" and the "Teach-Out Schools")]. In the event this Court grants the injunction and appoints a receiver, the Plaintiff would have no reason to advocate for the same creditor protections that will impact the "Go-Forward Schools" on an ongoing basis when the Plaintiff itself is not a landlord of a "Go-Forward School." Additionally, in the Alabama District Court

Action – where precisely the same relief was sought by the Defendants – Southern Plaza observed that even similarly situated landlords showed different levels of support for the proposed receivership. Landlords and other creditors appeared and participated on the record in the Alabama District Court Action and opined on the propriety of the receivership on a spectrum[3] from unqualified support to unqualified opposition, with several landlords and other creditors occupying a middle ground that amounted to support of the receivership only if certain conditions were met.

35.     Southern Plaza is firmly opposed to a lopsided quasi-bankruptcy structure such as the one the Defendants sought two weeks ago in the Proposed Order. Departing slightly from their position asserted in the Alabama District Court Action, the Defendants now seek the entry of a receivership order "that will contain input from Plaintiff, Defendants and interested third-parties, if any." [Dkt. No. 10, p. 2]. Recognizing the remoteness of the possibility that 70 landlords, other creditors and the Defendants could ever negotiate an agreement establishing the complex governance structure warranted by an elaborate quasi-bankruptcy receivership, Southern Plaza submits that the only solution for establishing the terms of the proposed receivership is to incorporate *all* of the provisions of the Bankruptcy Code into any receivership order. Since the Defendants have not requested that relief, it is necessary for Southern Plaza to intervene in this proceeding to seek such protections.

36.     For all of the foregoing reasons, intervention as of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure is necessary and appropriate under the circumstances.

---

[3] The Defendants indicated in the Alabama District Court Action that they have leases with over 70 landlords. There has been no indication as to how many other non-landlord creditors and parties in interest are affected by these proceedings. Without a basic framework to establish the rights of these numerous parties (i.e. ***the Bankruptcy Code***) it seems optimistic, if not fantastical, to believe that the Plaintiff, the Defendants and all interested third parties could ever agree to terms on an agreed receivership structure.

**B.** **THIS COURT SHOULD WAIVE THE PLEADING REQUIREMENT UNDER RULE 24(c) UNDER THESE EXIGENT AND UNIQUE CIRCUMSTANCES.**

37.     Rule 24(c) of the Federal Rules of Civil Procedure requires that a petition to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." FED. R. CIV. P. 24(c).  The purpose of this rule is to place other parties on notice of the intervenor's position, the nature and basis of the claim asserted, and the relief sought by the intervenor.  *Dillard v. City of Foley*, 166 F.R.D. 503, 506 (M.D. Ala. 1996) (citation omitted).  However, "[j]udicial interpretation of this rule has been liberal and the courts have held that the proper approach to the rule is to disregard non-prejudicial defects."  *WJA Realty Ltd. P'ship v. Nelson*, 708 F. Supp. 1268, 1272 (S.D. Fla. 1989) (citing *Spring Constr. Co., Inc. v. Harris*, 614 F.2d 374, 377 (4th Cir. 1980)); *see also Peaje Investments LLC v. Garcia-Padilla*, 845 F.3d 505, 515 (1st Cir. 2017) (stating that the First Circuit has "eschewed overly technical readings of Rule 24(c)" and collecting cases from the Eighth, Sixth, and D.C. Circuits that have done the same). Courts within the Eleventh Circuit have stated that the pleading need not be contemporaneous with the petition to intervene, and that the failure to file the pleading is not fatal to the requested intervention.  *See e.g., U.S. v. City of Hialeah*, 899 F.Supp. 603, 608 fn. 5 (S.D. Fla. 1994) (allowing intervention and stating that failure to file a pleading accompanying the intervention motion "may be rectified by the later filing of such a pleading", and "[u]pon the filing of the [] objectors' pleading, their alignment as plaintiffs or defendants will become ascertainable"), *aff'd on other grounds*, 140 F.3d 968; *WJA Realty*, 708 F.Supp. at 1272 (failure to file a pleading is unnecessary where motion filed by intervenor sets forth the facts, position and desired relief of intervenor).

38.     Under the circumstances, it is unnecessary and premature for Southern Plaza to file a pleading with this Petition to Intervene.

39.     By the Emergency Motion, the Defendants seek to invent a complex quasi-bankruptcy proceeding in a non-bankruptcy forum but without any bankruptcy rules. In general, a bankruptcy case does not function like typical litigation where debtors and creditors appear on opposite sides with respect to every issue in the case. Rather, the fundamental tenet of a reorganization case is that, while debtors and creditors may disagree on issues within the case, there is a mutual benefit to all parties from the orderly reorganization of the debtor in a centralized forum.   In this regard, a request by a debtor to reorganize – or to pursue a "restructuring plan" – does not lend itself to customary adversarial procedures governing complaints, answers and counterclaims. To this end, the Bankruptcy Code does not require a debtor to file a complaint to commence a bankruptcy case, and creditors are not required to formally answer (or to formally do anything, for that matter) during the pendency of the case. Instead, creditors are entitled to notice of the major events in the case, may request notice of all events in the case, and may be heard on any issue within the case to the extent they choose to participate[4].

40.     As explained above, Southern Plaza fundamentally opposes the receivership framework that has previously been proposed by the Defendants. Nevertheless, in the event that this Court grants the Defendants' request for injunctive relief and the appointment of a receiver, Southern Plaza must be afforded the opportunity to participate in the crafting of the receivership order that will protect its rights as a leaseholder and creditor of the Defendants.

---

[4] This Court need look no further than this litigation for evidence of the poor fit between the pleading requirements of the Federal Rules of Civil Procedure and the reorganization process implemented by the Bankruptcy Code.

41.     Since courts in this Circuit have excused the filing of a formal pleading where a motion that sets forth the facts, position, and desired relief of intervenor has been filed, Southern Plaza submits that this standard has been fulfilled by this Petition.

42.     This Court is authorized to reject an overly technical reading of Rule 24(c) and allow Southern Plaza to file a pleading (if this Court deems it necessary) at a later date.  Given the speed[5] at which this litigation has moved and the uncertainty as to where it may go, it makes little sense to force the additional time and expense of compliance with this technical procedural hurdle at this juncture.

43.     This Court has latitude to excuse compliance with the pleading requirement of Rule 24(c).  Nevertheless, this Petition fulfills the purpose of the Rule by putting the Plaintiff and the Defendants on notice of Southern Plaza's position, the nature and basis of that position, and the relief sought by Southern Plaza.  Accordingly, under the circumstances, compliance with Rule 24(c) is unnecessary and should be excused.

## CONCLUSION

WHEREFORE, Putative Intervenor SOUTHERN PLAZA, LLC, respectfully requests the entry of an Order:  (i) denying the Emergency Motion, or, in the event this Court grants the Emergency Motion, incorporating each and every creditor protection enumerated in the Bankruptcy Code into any injunction and/or receivership order; (ii) authorizing Southern Plaza's intervention in this action pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure; (iii) waiving compliance with the pleading requirement of Rule 24(c) of the Federal Rules of Civil Procedure; and (iv) granting such other and further relief as this Court deems appropriate under the circumstances.

---

[5] The Alabama District Court Action was dismissed on November 5, 2018. The TRO was entered in this Court on November 7, 2018.

Respectfully submitted, this 13th day of November, 2018.

By: /s/ Lisa Wolgast
Frank W. DeBorde
Georgia Bar No. 215415
Lisa Wolgast
Georgia Bar No. 773399
MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, Georgia 30326
Tel: (404) 233-7000
Fax: (404) 365-3592
-and-

Brian P. Welch (*pro hac* forthcoming)
BURKE, WARREN, MACKAY &
SERRITELLA, P.C.
330 N. Wabash Ave., Suite 2100
Chicago, Illinois 6061
Tel: (312) 840-7100
Fax: (312) 840-7900
*Attorneys for* Putative Intervenor
*SOUTHERN PLAZA, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| VC MACON GA LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 5:18-cv-00388-TES |
| v. | ) | |
| | ) | |
| VIRGINIA COLLEGE LLC, | ) | |
| EDUCATION CORPORATION OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I served copy of the foregoing via email as follows:

JON A GOTTLIEB
jong@lawfg.com

OLLIE A CLEVELAND, III
tcleveland@maynardcooper.com

STUART M BROWN
stuart.brown@dlapiper.com

JAY CLIFFORD TRAYNHAM
jaytraynham@hbgm.com

WALKER STEVEN STEWART
walkerstewart@hbgm.com

ALEXANDER B FEINBERG
afeinberg@maynardcooper.com

JOSHUA H. THREADCRAFT
Joshua.Threadcraft@burr.com

BRENDA T. CUBBAGE
bcubbage@cbsattorneys.com

This 13th day of November, 2018.

MORRIS, MANNING & MARTIN, LLP
By:__/s/ Lisa Wolgast_____
Lisa Wolgast
Georgia Bar No. 773399
*Attorneys for* Putative Intervenor
*SOUTHERN PLAZA, LLC*