IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| VC MACON GA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 18-CV-00388-TES |
| | ) |
| VIRGINIA COLLEGE, LLC and | ) |
| EDUCATION CORPORATION OF | ) |
| AMERICA, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MOTION OF THIRD PARTIES THOMAS D. GORDON AND THOMAS P. GALLAGHER, AS CO-TRUSTEES OF THE DON LEVIN TRUST DATED AUGUST 30, 1991, AS AMENDED, TO VACATE PRELIMINARY INJUNCTION AND RECEIVERSHIP ORDER**

For the reasons explained more fully in the contemporaneously filed memorandum of law in support of this motion, third parties Thomas D. Gordon and Thomas P. Gallagher, as co-trustees of the Don Levin Trust dated August 30, 1991, as amended (collectively "Don Levin Trust"), hereby move the Court to vacate the order entered on November 14, 2018 (Docket No. 26) (the "Order"), appointing a receiver over Defendants Virginia College LLC, and preliminarily enjoining Defendants' creditors, including the Don Levin Trust, from bringing a creditor action against Defendants in any court nationwide.

Specifically, the Order should be vacated as to the Don Levin Trust because: (1) this Court lacks personal jurisdiction over the Don Levin Trust, *see* Ga. Code Ann. § 9-10-91; *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1779 (2017); and (2) the Don Levin Trust was not provided any notice of, nor given a fair opportunity to prepare for, the hearing on Defendants' motion for receivership and preliminary

1094169

injunction, in violation of fundamental due process and Federal Rule of Civil Procedure 65, *see Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 546 (1985) ("The essential requirements of due process … are notice and an opportunity to respond."); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 432 n.7 (1974) (Rule 65(a) "implies a hearing in which the defendant is given a *fair opportunity* to oppose the application and to *prepare* for such opposition") (emphasis added).

In addition, the receivership is improper and should be vacated for the additional reasons that: (1) the requested receivership is not in support of any substantive claim, as **Defendants have no claims** in this action, *see Kelleam v. Maryland Cas. Co. of Baltimore, Md.*, 312 U.S. 377, 381 (1941); *Nat'l P'ship Inv. Corp. v. Nat'l Hous. Dev. Corp.,* 153 F.3d 1289, 1291 (11th Cir. 1998); and (2) Defendants have not established any of the elements that must be met before this extraordinary remedy may be imposed, *see M.L. Aslan, LLC v. Stadco, Inc.*, No. 1:13-CV-3266-RWS, 2013 WL 12070097, at *1 (N.D. Ga. Oct. 15, 2013); *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.,* 999 F.2d 314, 317 (8th Cir. 1993).

Similarly, the nationwide preliminary injunction is improper and should be vacated for the additional reasons that (1) the preliminary injunction is improperly and wholly untethered from the claims (by Plaintiff) actually at issue in this case, *see Kaimowitz v. Orlando, Fl.*, 122 F.3d 41, 43 (11th Cir. 1997); and (2) Defendants have not met the high standard for the issuance of this "extraordinary and drastic remedy," *see All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.,* 887 F.2d 1535, 1537 (11th Cir. 1989).

Specifically, to obtain a preliminary injunction, a party must demonstrate: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on

the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo,* 403 F.3d 1223, 1225-26 (11th Cir. 2005) (citations omitted).  Defendants have not, and cannot, satisfy any of these elements because: (1) Defendants have no claim, and thus cannot demonstrate a substantial likelihood of success on the merits; (2) Defendants have identified no legally recognizable irreparable harm that they will suffer absent a preliminary injunction; (3) the harm to third parties, including the Don Levin Trust, imposed by the nationwide injunction outweighs any harm that may be suffered by Defendants absent the injunction; and (4) the preliminary injunction is directly contrary to the public interest as expressed by Congress in the Bankruptcy Code and the Higher Education Act, 20 U.S.C. § 1002(a)(4)(A).

The Don Levin Trust thus respectfully requests that the Court vacate the Order.

Respectfully submitted this 2nd day of December, 2018.

By: */S/ - Eric J. Lorenzini*
ERIC J. LORENZINI*
ANGELA M. BUTCHER*
ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California  90067-3202
Telephone: 310.746.4400
Facsimile: 310.746.4499

*Pro Hac Vice Applications pending

Attorneys for Third Parties Thomas D. Gordon and Thomas P. Gallagher, as Co-Trustees of the Don Levin Trust Dated August 30, 1991, as Amended