IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **VC MACON, GA, LLC,**<br><br>*Plaintiff,*<br><br>v.<br><br>**VIRGINIA COLLEGE, LLC,** *et al.,*<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:18-cv-00388-TES** |

**ORDER GRANTING RECEIVER'S FIRST MOTION FOR FEES**

Presently before the Court is Receiver John F. Kennedy's Motion for Receiver's Fees [Doc. 46], to which Plaintiff VC Macon, GA, LLC objects. For the reasons stated herein, Mr. Kennedy's Motion is **GRANTED**.

**BACKGROUND**

On November 14, 2018, the Court entered an Order appointing Mr. Kennedy as the receiver in this case and granting Defendants Virginia College, LLC ("Virginia College") and Education Corporation of America's ("ECA") Motion for Preliminary Injunction. [Doc. 26]. In the Order, the Court authorized Mr. Kennedy, upon the filing of a statement of account, to receive payment on a monthly basis for "reasonable receiver fees [ ] at Receiver's standard rates and for [his] reasonable monthly expenses" and for "reasonable professional fees and expenses incurred on or prior to the date of the entry of this Order and hereafter." [Doc. 26, pp. 13-14]. The Order further provided that any

objections to the fees must be filed within 5 days of the filing of a motion for fees. [*Id.* at p. 14]. Mr. Kennedy filed his motion for fees, along with the required statement of account on November 30th [Doc. 46], and Plaintiff filed the only objection [Doc. 54].

Specifically, Plaintiff argues that Mr. Kennedy's expenses for the month of November 2018 are unreasonable—and therefore uncollectible—because (1) Mr. Kennedy is not entitled to reimbursement of fees incurred prior to the entry of the Order appointing him as receiver; (2) several fees and expenses are unnecessary or excessive; and (3) Mr. Kennedy did not comply with the Court's instructions. *See generally* [Doc. 54].

## STANDARD OF REVIEW

A receiver is entitled to compensation when he "reasonably and diligently discharges his duties." *SEC v. Elliott*, 953 F.2d 1560, 1577 (11th Cir. 1992). In considering whether to fully compensate the receiver, the Court must first determine the "lodestar," or the base compensation amount, which is equal to "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). When seeking compensation, the receiver "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates," *Hensley*, 461 U.S. at 437 (1983), but the Court is ultimately the "expert on the question of reasonableness and may consider its own knowledge and experience concerning reasonable and proper fees." *SEC v. Mikula*, No. 1:08-CV-3097-BBM, 2009 WL

10669959, at *2 (N.D. Ga. Mar. 20, 2009) (quoting *Norman*, 836 F.2d at 1303 (11th Cir. 1988)).

## DISCUSSION

As an initial matter, the Court is quite familiar with Mr. Kennedy and his reputation and performance as a receiver, having previously appointed him on a number of occasions.[1] Based on this experience, the Court finds Mr. Kennedy's hourly rates and the rates sought in his fee application to be patently reasonable, considering the relevant legal market and the experience of each lawyer in his firm for which he seeks payment.[2] The Court now turns to Plaintiff's objections.

With regard to its first objection, Plaintiff states:

> Between November 7 and November 14, 2018, the Receiver invoiced 80.7 hours between numerous 'timekeepers' (including Receiver) totaling $19,273.50. All of these hours were expended prior to the entry of the Order [appointing Mr. Kennedy as the receiver in this case]. . . . Receiver had no authority to act on behalf of Defendants prior to the entry of the Order. In other words, Receiver is seeking fees for anticipatory work, which is not reasonable.

[Doc. 54, p. 3]. However, the Order appointing Mr. Kennedy as receiver specifically provided that he is entitled to reimbursement "for reasonable professional fees and expenses incurred on *or prior to* the date of the entry of this Order." [Doc. 26, pp. 13-14]

---

[1] Prior to serving on the federal bench, the undersigned served as a Superior Court Judge in the Macon Judicial Circuit (Georgia) where he had the opportunity to appoint Mr. Kennedy as a receiver in several cases.

[2] Plaintiff does not argue that the requested hourly rates are unreasonable.

3

(emphasis added). Thus, the expenses incurred by Mr. Kennedy prior to being named receiver are not inherently unreasonable simply because they were incurred before the Court entered the Receivership Order.

In its second objection, Plaintiff urges the Court to reduce Mr. Kennedy's requested fees on the basis that the hours expended on certain tasks are unreasonable. [Doc. 54, p. 3]. However, the Court has thoroughly and painstakingly reviewed the individual time entries and expenses and finds them to be reasonable. Although Mr. Kennedy and his firm have certainly expended considerable time since the inception of this case, the Court remains mindful that this case is not an ordinary receivership. For example, this Receivership Estate consists of the assets of a company that operated in several states, maintained a $600,000 daily payroll, carried more than 3,000 employees and enrolled in excess of 20,000 students. To complicate matters further, Virginia College, New England School of Business and ECA operated in a complex regulatory environment involving not only the United States Department of Education and the Financial Services Administration, but the comparable regulatory bodies of each individual state where a school was located. Further, the Receiver has gone to Herculean lengths attempting to have current and potential investors inject additional capital into the Estate. Given these complexities and the sheer amount of work for the Receiver to do in order to effectively be able to administer the Receivership Estate, the Court overrules the objection and finds the hours expended to be reasonable.

The Court has considered the remaining objections and finds them to be without merit as they may relate to the Receiver's Fee Application.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Mr. Kennedy's Motion for Receiver's Fees [Doc. 46] over Plaintiff's objections. The Court finds that the Receiver has provided a benefit to the Receivership Estate and has reasonably and diligently discharged his duties. The Court hereby **AUTHORIZES** the Receiver to pay himself for his fees and expenses in the amount of $75,136.73.

**SO ORDERED**, this 6th day of December, 2018.

                                           s/Tilman E. Self, III
                                           **TILMAN E. SELF, III, Judge**
                                           **UNITED STATES DISTRICT COURT**