STAYED,APPEAL,LEAD

# U.S. District Court [LIVE AREA]
## Middle District of Georgia (Macon)
## CIVIL DOCKET FOR CASE #: <u>5:18–cv–00388–TES</u>

VC MACON GA LLC v. VIRGINIA COLLEGE LLC et al
Assigned to: US DISTRICT JUDGE TILMAN E SELF, III
 Case:  5:18–cv–00385–TES
Case in other court:  SUPERIOR COURT OF BIBB COUNTY,
                  2018–CV–069412
Cause: 28:1332 Diversity–Notice of Removal

Date Filed: 10/18/2018
Jury Demand: None
Nature of Suit: 230 Rent Lease &
Ejectment
Jurisdiction: Diversity

**Plaintiff**

**VC MACON GA LLC**                     represented by **JON A GOTTLIEB**
                                        800 JOHNSON FERRY RD
                                        ATLANTA, GA 30342
                                        404–497–8000
                                        Email: jong@lawfg.com
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**VIRGINIA COLLEGE LLC**                represented by **J LELAND MURPHREE**
                                        1901 SIXTH AVE N STE 2400
                                        BIRMINGHAM, AL 35203
                                        Email: lmurphree@maynardcooper.com
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **OLLIE A CLEVELAND , III**
                                        1901 SIXTH AVENUE NORTH STE
                                        2400
                                        BIRMINGHAM, AL 35203
                                        Email: tcleveland@maynardcooper.com
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **STUART M BROWN**
                                        1201 N MARKET ST STE 2100
                                        WILMINGTON, DE 19801
                                        Email: stuart.brown@dlapiper.com
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **JAY CLIFFORD TRAYNHAM**
                                        PO BOX 5088
                                        MACON, GA 31208–5088

478–745–1625
Email: jaytraynham@hbgm.com
*ATTORNEY TO BE NOTICED*

**WALKER STEVEN STEWART**
577 MULBERRY ST SUITE 1500
MACON, GA 31201
478–745–1625
Email: walkerstewart@hbgm.com
*ATTORNEY TO BE NOTICED*

**ALEXANDER B FEINBERG**
1901 SIXTH AVE N STE 2400
BIRMINGHAM, AL 35209
205–254–1858
Email: afeinberg@maynardcooper.com
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **EDUCATION CORPORATION OF AMERICA** | represented by | **OLLIE A CLEVELAND , III**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **STUART M BROWN**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **J LELAND MURPHREE**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **JAY CLIFFORD TRAYNHAM**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **WALKER STEVEN STEWART**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **ALEXANDER B FEINBERG**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Receiver**

| | | |
|---|---|---|
| **JOHN FLANDERS KENNEDY** | represented by | **CHRISTOPHER R CONLEY**<br>231 RIVERSIDE DR<br>MACON, GA 31201<br>Email: cconley@jamesbatesllp.com<br>*ATTORNEY TO BE NOTICED* |

**JAMES F BANTER**
231 RIVERSIDE DR
MACON, GA 31201
478–742–4280
Email: jbanter@jamesbatesllp.com
*ATTORNEY TO BE NOTICED*

**JOHN FLANDERS KENNEDY**
231 RIVERSIDE DR
MACON, GA 31201
478–749–9983
Email: jkennedy@jbpslaw.com
*ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 10/18/2018 | 1 | | **NOTICE OF REMOVAL** against VC MACON GA LLC Fee paid: Receipt # 113G–3001425, $400 filed by EDUCATION CORPORATION OF AMERICA, VIRGINIA COLLEGE LLC (Attachments: # 1 Removal Documents Declaration of Tres Cleveland, # 2 Removal Documents Declaration of Roger Swartzwelder, # 3 Civil Cover Sheet)(FEINBERG, ALEXANDER) (Entered: 10/18/2018) |
| 10/18/2018 | 2 | | Corporate Disclosure Statement by EDUCATION CORPORATION OF AMERICA, VIRGINIA COLLEGE LLC (FEINBERG, ALEXANDER) (Entered: 10/18/2018) |
| 10/18/2018 | 3 | | Jurisdictional Statement by EDUCATION CORPORATION OF AMERICA, VIRGINIA COLLEGE LLC (FEINBERG, ALEXANDER) (Entered: 10/18/2018) |
| 10/18/2018 | 4 | | Consent Form (28 USC 636(c)(1)) sent to VC MACON GA LLC (ggs) (Entered: 10/18/2018) |
| 10/23/2018 | | | Case REASSIGNED to US DISTRICT JUDGE TILMAN E SELF, III. US DISTRICT JUDGE MARC THOMAS TREADWELL no longer assigned to the case. (ggs) (Entered: 10/23/2018) |
| 10/23/2018 | 5 | | NOTICE of Attorney Appearance by WALKER STEVEN STEWART on behalf of EDUCATION CORPORATION OF AMERICA, VIRGINIA COLLEGE LLC Attorney WALKER STEVEN STEWART added to party EDUCATION CORPORATION OF AMERICA(pty:dft), Attorney WALKER STEVEN STEWART added to party VIRGINIA COLLEGE LLC(pty:dft) (STEWART, WALKER) (Entered: 10/23/2018) |
| 10/24/2018 | 6 | | **ORDER** STAYING CASE until further order from the Court. Ordered by US DISTRICT JUDGE TILMAN E SELF, III on 10/24/2018. (ggs) (Entered: 10/24/2018) |
| 11/01/2018 | 7 | | |

| | | |
|---|---|---|
| | | SUMMONS Returned Executed by VC MACON GA LLC as to EDUCATION CORPORATION OF AMERICA. (GOTTLIEB, JON) (Entered: 11/01/2018) |
| 11/05/2018 | 8 | ANSWER to Complaint by EDUCATION CORPORATION OF AMERICA, VIRGINIA COLLEGE LLC.(FEINBERG, ALEXANDER) (Entered: 11/05/2018) |
| 11/05/2018 | 9 | MOTION to Consolidate Cases by EDUCATION CORPORATION OF AMERICA, VIRGINIA COLLEGE LLC filed by ALEXANDER B FEINBERG.(FEINBERG, ALEXANDER) (Entered: 11/05/2018) |
| 11/06/2018 | 10 | EMERGENCY MOTION to Appoint Receiver by EDUCATION CORPORATION OF AMERICA, VIRGINIA COLLEGE LLC filed by WALKER STEVEN STEWART. (Attachments: # 1 Exhibit Declaration of Michael Ranchino, # 2 Exhibit ECA's leased real estate, # 3 Exhibit List of Go–Forward Schools, # 4 Exhibit List of Teach–Out Schools)(STEWART, WALKER) (Entered: 11/06/2018) |
| 11/06/2018 | | NOTICE OF SETTING HEARING ON MOTION re 10 MOTION to Appoint Receiver: Motion Hearing set for 11/8/2018 at 02:00 PM in Macon before US DISTRICT JUDGE TILMAN E SELF III. (chc) (Entered: 11/06/2018) |
| 11/07/2018 | | NOTICE OF **RESETTING** HEARING ON MOTION re 10 MOTION to Appoint Receiver: Motion Hearing previously set for 11/8/2018 at 2:00 p.m. is NOW re–set for 11/7/2018 at 04:00 PM in Macon before US DISTRICT JUDGE TILMAN E SELF III. (chc) (Entered: 11/07/2018) |
| 11/07/2018 | 11 | NOTICE of Attorney Appearance by JAY CLIFFORD TRAYNHAM on behalf of EDUCATION CORPORATION OF AMERICA, VIRGINIA COLLEGE LLC Attorney JAY CLIFFORD TRAYNHAM added to party EDUCATION CORPORATION OF AMERICA(pty:dft), Attorney JAY CLIFFORD TRAYNHAM added to party VIRGINIA COLLEGE LLC(pty:dft) (TRAYNHAM, JAY) (Entered: 11/07/2018) |
| 11/07/2018 | 12 | Minute Entry for proceedings held before US DISTRICT JUDGE TILMAN E SELF, III: Motion Hearing held on 11/7/2018 re 10 MOTION to Appoint Receiver filed by VIRGINIA COLLEGE LLC, EDUCATION CORPORATION OF AMERICA and 9 MOTION to Consolidate Cases filed by VIRGINIA COLLEGE LLC, EDUCATION CORPORATION OF AMERICA. Court Reporter: Darlene Fuller.Time in Court: 1 hour 10 minutes. (chc) (Entered: 11/07/2018) |
| 11/07/2018 | | NOTICE OF SETTING Status Conference set for 11/14/2018 at 11:00 AM in Macon before US DISTRICT JUDGE TILMAN E SELF III. (chc) (Entered: 11/07/2018) |
| 11/07/2018 | 13 | ***ORDER*** GRANTING IN PART 10 Emergency Motion for the Appointment of a Receiver and Entry of a Temporary Restraining Order and Preliminary Injunction. At this time, the Court only grants the motion as it pertains to temporary injunctive relief. Ordered by US DISTRICT JUDGE TILMAN E SELF, III on 11/7/2018. (Attachments: # 1 Exhibit Schedule 1 to Order Granting Temporary Injunctive Relief) (ech) (Entered: 11/07/2018) |
| 11/08/2018 | 14 | ***ORDER TO CONSOLIDATE CASE*** Lead Case # 5:18–CV–388. Member Case # 5:18–CV–385. Ordered by US DISTRICT JUDGE TILMAN |

| | | | |
|---|---|---|---|
| | | | E SELF, III on 11/7/2018. (ggs) (Entered: 11/08/2018) |
| 11/08/2018 | 15 | | NOTICE of Attorney Appearance by Joshua Howard Threadcraft on behalf of Kaplan, Inc., Kaplan Higher Education, LLC Attorney Joshua Howard Threadcraft added to party Kaplan, Inc.(pty:ip), Attorney Joshua Howard Threadcraft added to party Kaplan Higher Education, LLC(pty:ip) (Threadcraft, Joshua) (Entered: 11/08/2018) |
| 11/08/2018 | 16 | | ***DISREGARD – FILED IN ERROR*** MOTION Admission Pro Hac Vice for Joe A. Joseph by Kaplan Higher Education, LLC, Kaplan, Inc. filed by Joshua Howard Threadcraft. (Attachments: # 1 Exhibit A Certificate of Good Standing)(Threadcraft, Joshua) Modified on 11/13/2018 (ggs). (Entered: 11/08/2018) |
| 11/09/2018 | 17 | | NOTICE of Attorney Appearance by BRENDA T CUBBAGE on behalf of Kennington Valley View LLC Attorney BRENDA T CUBBAGE added to party Kennington Valley View LLC(pty:ip) (CUBBAGE, BRENDA) (Entered: 11/09/2018) |
| 11/09/2018 | 18 | | NOTICE Notice of Compliance by EDUCATION CORPORATION OF AMERICA, VIRGINIA COLLEGE LLC (Attachments: # 1 Exhibit Notice Matrix)(FEINBERG, ALEXANDER) (Entered: 11/09/2018) |
| 11/13/2018 | 19 | | Order granting Petition for Admission Pro Hac Vice (Petition Attached); Attorney Admission Fee Met by OLLIE A CLEVELAND, III (nop) (Entered: 11/13/2018) |
| 11/13/2018 | | | Notice of Deficiency (related document(s): 16 Motion for Miscellaneous Relief filed by Kaplan Higher Education, LLC, Kaplan, Inc. ); Petitions to Plead and Practice Pro Hac Vice are not to be docketed as a motion. Instructions for submitting the petition are located on the Court's website. In this instance the admissions clerk has been notified that the petition has been filed as a motion in this case, and it will be processed. The motion has been terminated. NO NEED TO RESUBMIT THE PETITION. (ggs) (Entered: 11/13/2018) |
| 11/13/2018 | 20 | | RESPONSE filed by VC MACON GA LLC re 10 MOTION to Appoint Receiver (GOTTLIEB, JON) (Entered: 11/13/2018) |
| 11/13/2018 | 21 | | RESPONSE filed by Southern Plaza, LLC re 10 MOTION to Appoint Receiver (WOLGAST, LISA) (Entered: 11/13/2018) |
| 11/14/2018 | 22 | | NOTICE of Attorney Appearance by JOE A JOSEPH on behalf of Kaplan Higher Education, LLC, Kaplan, Inc. Attorney JOE A JOSEPH added to party Kaplan Higher Education, LLC(pty:ip), Attorney JOE A JOSEPH added to party Kaplan, Inc.(pty:ip) (JOSEPH, JOE) (Entered: 11/14/2018) |
| 11/14/2018 | 23 | | AMENDED NOTICE of Attorney Appearance by JOE A JOSEPH on behalf of Kaplan Higher Education, LLC, Kaplan, Inc. (JOSEPH, JOE) Modified on 11/14/2018 to add additional docket text. (ggs). (Entered: 11/14/2018) |
| 11/14/2018 | 24 | | NOTICE of Attorney Appearance by Cater C. Thompson on behalf of Kaplan Higher Education, LLC, Kaplan, Inc. Attorney Cater C. Thompson added to party Kaplan Higher Education, LLC(pty:ip), Attorney Cater C. Thompson added to party Kaplan, Inc.(pty:ip) (Thompson, Cater) (Entered: 11/14/2018) |
| 11/14/2018 | 25 | | |

| | | | |
|---|---|---|---|
| | | | ***DISREGARD – FILED IN ERROR*** NOTICE Proposed Order Appointing Receiver by EDUCATION CORPORATION OF AMERICA, VIRGINIA COLLEGE LLC (STEWART, WALKER) Modified on 11/14/2018 (ggs). (Entered: 11/14/2018) |
| 11/14/2018 | | | Notice of Deficiency (related document(s): 25 Notice (Other) filed by VIRGINIA COLLEGE LLC, EDUCATION CORPORATION OF AMERICA ); Proposed orders are not to be filed on the docket, but are to be e–mailed in a word processing format to the appropriate divisional clerks office. Please submit the proposed order via e–mail to macon.ecf@gamd.uscourts.gov. (ggs) (Entered: 11/14/2018) |
| 11/14/2018 | 26 | 14 | ***ORDER APPOINTING RECEIVER AND PRELIMIINARY INJUNCTION*** granting 10 Motion to Appoint Receiver. It is Ordered that JOHN F. KENNEDY of Macon, Georgia is hereby appointed Receiver. Ordered by US DISTRICT JUDGE TILMAN E SELF, III on 11/14/2018. (ggs) (Entered: 11/14/2018) |
| 11/14/2018 | 27 | | Minute Entry for proceedings held before US DISTRICT JUDGE TILMAN E SELF, III: Status Conference held on 11/14/2018 Court Reporter: Sally Gray. (vs) (Entered: 11/15/2018) |
| 11/14/2018 | 28 | | Defendant's Exhibit List (Attachments: # 1 Exhibit 1 – Student Declarations, # 2 Exhibit 2 – Student Declarations, # 3 Exhibit 3 – Student Declarations, # 4 Exhibit 4 – Student Declarations, # 5 Exhibit 5 – Student Declarations, # 6 Exhibit 6 – Student Declarations, # 7 Exhibit 7 – Student Declarations)(vs) (Entered: 11/15/2018) |
| 11/16/2018 | 29 | | NOTICE of Attorney Appearance by STUART WALKER on behalf of National Retail Properties, LP Attorney STUART WALKER added to party National Retail Properties, LP(pty:ip) (WALKER, STUART) (Entered: 11/16/2018) |
| 11/16/2018 | 30 | | NOTICE of Attorney Appearance by IVY NEAL CADLE on behalf of Monroe Capital Management Advisors, LLC Attorney IVY NEAL CADLE added to party Monroe Capital Management Advisors, LLC(pty:ip) (CADLE, IVY) (Entered: 11/16/2018) |
| 11/16/2018 | 31 | | ***ORDER*** concerning pro hac vice admission. Ordered by US DISTRICT JUDGE TILMAN E SELF, III on 11/16/2018. (chc) (Entered: 11/16/2018) |
| 11/16/2018 | | | NOTICE OF HEARING: Status Conference set for 12/5/2018 at 10:00 AM in Macon before US DISTRICT JUDGE TILMAN E SELF III.(chc) (Entered: 11/16/2018) |
| 11/27/2018 | 32 | | NOTICE of Attorney Appearance by CHESLEY S MCLEOD on behalf of FEDERAL REALTY INVESTMENT TRUST Attorney CHESLEY S MCLEOD added to party FEDERAL REALTY INVESTMENT TRUST(pty:ip) (MCLEOD, CHESLEY) (Entered: 11/27/2018) |
| 11/27/2018 | 33 | | NOTICE of Attorney Appearance by CHESLEY S MCLEOD on behalf of PIONEER INDUSTRIAL LLC, PIONEER PARKING LOT LLC Attorney CHESLEY S MCLEOD added to party PIONEER INDUSTRIAL LLC(pty:ip), Attorney CHESLEY S MCLEOD added to party PIONEER PARKING LOT |

| | | |
|---|---|---|
| | | LLC(pty:ip) (MCLEOD, CHESLEY) (Entered: 11/27/2018) |
| 11/27/2018 | 34 | NOTICE Oath and Acceptance by John Flanders Kennedy (BANTER, JAMES) (Entered: 11/27/2018) |
| 11/27/2018 | 35 | NOTICE Notice of Compliance by John Flanders Kennedy (BANTER, JAMES) (Entered: 11/27/2018) |
| 11/28/2018 | | REMARK: Call in instructions will be sent via email to all counsel of record for 12/5/2018 telephone conference to begin at 10:00 a.m. before Judge Tilman E. Self, III. (chc) (Entered: 11/28/2018) |
| 11/29/2018 | 36 | Order granting Petition for Admission Pro Hac Vice (Petition Attached); Attorney Admission Fee Met by J LELAND MURPHREE (nop) (Entered: 11/29/2018) |
| 11/29/2018 | 37 | NOTICE of Attorney Appearance by BRET PATRICK SHAFFER on behalf of LEBO REALTY LP, ELECTRA REALTY COMPANY INC Attorney BRET PATRICK SHAFFER added to party LEBO REALTY LP(pty:ip), Attorney BRET PATRICK SHAFFER added to party ELECTRA REALTY COMPANY INC(pty:ip) (Attachments: # 1 Certificate of Service)(SHAFFER, BRET) (Entered: 11/29/2018) |
| 11/29/2018 | 38 | Corporate Disclosure Statement by LEBO REALTY LP (Attachments: # 1 Certificate of Service)(SHAFFER, BRET) (Entered: 11/29/2018) |
| 11/29/2018 | 39 | Corporate Disclosure Statement by ELECTRA REALTY COMPANY INC (Attachments: # 1 Certificate of Service)(SHAFFER, BRET) (Entered: 11/29/2018) |
| 11/29/2018 | 40 | ***DISREGARD (Document incomplete) – REFILED AT TAB 41*** NOTICE Notice of Filing Bond of Receiver by John Flanders Kennedy (KENNEDY, JOHN) Modified on 11/30/2018 (ggs). (Entered: 11/29/2018) |
| 11/30/2018 | 41 | NOTICE Notice of Filing Bond of Receiver by JOHN FLANDERS KENNEDY (KENNEDY, JOHN) (Entered: 11/30/2018) |
| 11/30/2018 | 42 | TRANSCRIPT of Proceedings held on 11/14/2018, before Judge TILLMAN E. SELF, III. Court Reporter SALLY GRAY. The transcript may be inspected at the court or purchased through the court reporter for a period of 90 days. After 90 days, the transcript may be obtained via PACER. REDACTION OF TRANSCRIPTS: Complete redaction policy available on the courts website. (slg) (Entered: 11/30/2018) |
| 11/30/2018 | 43 | NOTICE of Attorney Appearance by PATRICK L LOWTHER on behalf of Las Vegas Associates, LLLP Attorney PATRICK L LOWTHER added to party Las Vegas Associates, LLLP(pty:ip) (LOWTHER, PATRICK) (Entered: 11/30/2018) |
| 11/30/2018 | 44 | NOTICE of Attorney Appearance by STUART WALKER on behalf of Valley Plaza Mall, LP, Chula Vista Center, LLC, Pierre Bossier Anchor Acquisition, LLC Attorney STUART WALKER added to party Valley Plaza Mall, LP(pty:ip), Attorney STUART WALKER added to party Chula Vista Center, LLC(pty:ip), Attorney STUART WALKER added to party Pierre Bossier Anchor Acquisition, LLC(pty:ip) (WALKER, STUART) (Entered: 11/30/2018) |

| 11/30/2018 | 45 | MOTION to Vacate 26 Order on Motion to Appoint Receiver, by Chula Vista Center, LLC, National Retail Properties, LP, Pierre Bossier Anchor Acquisition, LLC, Valley Plaza Mall, LP filed by STUART WALKER. (Attachments: # 1 Memorandum in Support of Motion to Vacate or, in the alternative, to Modify the November 14, 2018, Receivership Order)(WALKER, STUART) (Entered: 11/30/2018) |
|---|---|---|
| 11/30/2018 | 46 | MOTION for Attorneys Fees filed by JOHN FLANDERS KENNEDY (KENNEDY, JOHN) Modified on 12/3/2018 to correct event type. (ggs). (Entered: 11/30/2018) |
| 11/30/2018 | 47 | MEMORANDUM in Support of 26 Order on Motion to Appoint Receiver, (Attachments: # 1 Exhibit Declaration of Yael D. Aufgang, # 2 Exhibit Ipenn v. Virginia College Complaint, # 3 Exhibit Burnham Properties v. Virginia College Complaint, # 4 Exhibit Las Vegas letter)(Threadcraft, Joshua) (Entered: 11/30/2018) |
| 12/02/2018 | 48 | MEMORANDUM in Opposition to 26 Order on Motion to Appoint Receiver, *Limited Opposition of Las Vegas Associates, LLLP* (Attachments: # 1 Exhibit 1– Lease Agreement between Las Vegas Associates LLLP and Heritage–Khec, Inc. as of 9/1/2009, # 2 Exhibit 2 – Guaranty of Lease, # 3 Exhibit 3 – Acknowledgment and Consent to Transfer Under Lease Agreement and Second Amendment to Lease and Amendment to Guaranty)(LOWTHER, PATRICK) Modified on 12/4/2018 to add description of exhibits. (ggs). (Entered: 12/02/2018) |
| 12/03/2018 | 49 | RESPONSE to Court Order filed by Southern Plaza, LLC re 26 Order on Motion to Appoint Receiver, (Attachments: # 1 Proposed revisions to Receivership Order)(WOLGAST, LISA) (Entered: 12/03/2018) |
| 12/03/2018 | 50 | NOTICE Joinder to Motion to Vacate the Injunctionand Receivership Order by Southern Plaza, LLC re 45 MOTION to Vacate 26 Order on Motion to Appoint Receiver, (WOLGAST, LISA) (Entered: 12/03/2018) |
| 12/03/2018 | 51 | MEMORANDUM in Opposition to 26 Order on Motion to Appoint Receiver, (Attachments: # 1 Certificate of Service)(SHAFFER, BRET) (Entered: 12/03/2018) |
| 12/03/2018 | 52 | NOTICE Withdrawal Without Prejudice of Petition to Intervene by Southern Plaza, LLC (WOLGAST, LISA) (Entered: 12/03/2018) |
| 12/03/2018 |  | Notice of Deficiency (related document(s): 46 Report; Wrong event used, the correct event is "MOTION FOR ATTORNEYS FEES" – No need to refile, for future reference only. This docket entry has been corrected by the case manager. (ggs) (Entered: 12/03/2018) |
| 12/03/2018 | 53 | RESPONSE to Court Order filed by FEDERAL REALTY INVESTMENT TRUST re 26 Order on Motion to Appoint Receiver, (Attachments: # 1 Exhibit A – Redlined Copy of Order)(MCLEOD, CHESLEY) (Entered: 12/03/2018) |
| 12/03/2018 | 54 | RESPONSE filed by VC MACON GA LLC re 46 MOTION for Attorney Fees (GOTTLIEB, JON) (Entered: 12/03/2018) |
| 12/03/2018 | 55 | NOTICE of Attorney Appearance by ERIC J LORENZINI on behalf of THOMAS D. GORDON, THOMAS P. GALLAGHER Attorney ERIC J LORENZINI added to party THOMAS D. GORDON(pty:3pd), Attorney ERIC |

| | | | |
|---|---|---|---|
| | | | J LORENZINI added to party THOMAS P. GALLAGHER(pty:3pd) (Attachments: # 1 Petition for Admission to Plead and Practice Pro Hac Vic, # 2 Certificate of Good Standing)(LORENZINI, ERIC) Modified on 12/4/2018 to include description of exhibits. (ggs). (Entered: 12/03/2018) |
| 12/03/2018 | 56 | | ***TERMINATED – REFILED AT TAB 62*** MOTION to Vacate by THOMAS P. GALLAGHER, THOMAS D. GORDON filed by ERIC J LORENZINI. (Attachments: # 1 Memorandum in Support, # 2 Exhibit, # 3 Exhibit)(LORENZINI, ERIC) Modified on 12/4/2018 (ggs). (Entered: 12/03/2018) |
| 12/03/2018 | | | NOTICE OF **RESETTING** Status Conference previously set for 12/5/2018 is now reset for 12/12/2018 at 10:00 AM in Macon before US DISTRICT JUDGE TILMAN E SELF III. Call in instructions will be emailed to all counsel of record.(chc) (Entered: 12/03/2018) |
| 12/03/2018 | 57 | | RESPONSE to Court Order filed by CKS–VCC, LLC re 26 Order on Motion to Appoint Receiver, (KURTZ, RYAN) (Entered: 12/03/2018) |
| 12/03/2018 | 58 | | NOTICE of Attorney Appearance by Gregory K. Smith on behalf of LBA BALBOA, LLC, LBA FUND IV, LLC Attorney Gregory K. Smith added to party LBA BALBOA, LLC(pty:ip), Attorney Gregory K. Smith added to party LBA FUND IV, LLC(pty:ip) (Smith, Gregory) (Entered: 12/03/2018) |
| 12/03/2018 | 59 | | NOTICE of Attorney Appearance by LEX ERWIN on behalf of R&W Rentals, LLC Attorney LEX ERWIN added to party R&W Rentals, LLC(pty:ip) (ERWIN, LEX) (Entered: 12/03/2018) |
| 12/03/2018 | 60 | | RESPONSE to Court Order filed by R&W Rentals, LLC re 26 Order on Motion to Appoint Receiver, 45 MOTION to Vacate 26 Order on Motion to Appoint Receiver, (ERWIN, LEX) (Entered: 12/03/2018) |
| 12/04/2018 | | | Notice of Deficiency (related document(s): 56 Motion to Vacate filed by THOMAS D. GORDON, THOMAS P. GALLAGHER ); Document must be refiled to include a description of exhibit(s). Generic descriptions of exhibits (i.e. Exhibit or Exhibit A) are not permitted. (ggs) (Entered: 12/04/2018) |
| 12/04/2018 | 61 | | NOTICE of Attorney Appearance by ERIC J LORENZINI on behalf of THOMAS P. GALLAGHER, THOMAS D. GORDON (Attachments: # 1 Exhibit Petition for Admission to Plead and Practice Pro Hac Vice, # 2 Exhibit Certificate of Good Standing USDC Central District of CA)(LORENZINI, ERIC) (Entered: 12/04/2018) |
| 12/04/2018 | 62 | | MOTION to Vacate by THOMAS P. GALLAGHER, THOMAS D. GORDON filed by ERIC J LORENZINI. (Attachments: # 1 Memorandum in Support Memo of Law in Suppoert of Don Levin Trust to Vacate the Preliminary Injunction and Receivership Order, # 2 Exhibit Virginia College Alabama Order Denying Preliminary Injunction and Receivership, # 3 Exhibit St. Louis Order Appointing Receiver)(LORENZINI, ERIC) (Entered: 12/04/2018) |
| 12/05/2018 | 63 | | NOTICE ERRATA by THOMAS P. GALLAGHER, THOMAS D. GORDON re 62 MOTION to Vacate (LORENZINI, ERIC) (Entered: 12/05/2018) |
| 12/05/2018 | 64 | | AFFIDAVIT in Support filed by THOMAS P. GALLAGHER re 62 MOTION to Vacate (Attachments: # 1 Exhibit Initial Lease Agreement dated April 12, 2012, # 2 Exhibit First Amendment to Lease Agreement, # 3 Exhibit Notice of |

| | | | |
|---|---|---|---|
| | | | Assignment of Lease Agreement dated April 12, 2012)(LORENZINI, ERIC) (Entered: 12/05/2018) |
| 12/06/2018 | 65 | | ***ORDER*** granting 46 Motion for Attorney Fees. Ordered by US DISTRICT JUDGE TILMAN E SELF, III on 12/6/2018 (chc) (Entered: 12/06/2018) |
| 12/06/2018 | 66 | | AFFIDAVIT re 62 MOTION to Vacate *of Thomas D. Gordon in Support of the Don Levin Trust Motion to Vacate* by THOMAS P. GALLAGHER, THOMAS D. GORDON (LORENZINI, ERIC) (Entered: 12/06/2018) |
| 12/07/2018 | 67 | | NOTICE of Attorney Appearance by Beth A. Moeller on behalf of FOAMZONE, LLC, AMERICAN AUTO WASH, LLC, AMERICAN AUTO WASH EXPRESS, LLC Attorney Beth A. Moeller added to party FOAMZONE, LLC(pty:ip), Attorney Beth A. Moeller added to party AMERICAN AUTO WASH, LLC(pty:ip), Attorney Beth A. Moeller added to party AMERICAN AUTO WASH EXPRESS, LLC(pty:ip) (Moeller, Beth) (Entered: 12/07/2018) |
| 12/07/2018 | | | Notice of Deficiency (related document(s): 67 Notice of Attorney Appearance, filed by AMERICAN AUTO WASH EXPRESS, LLC, AMERICAN AUTO WASH, LLC, FOAMZONE, LLC ); Notice to Counsel – (BETH A. MOELLER) Your contact information (ADDRESS AND TELEPHONE (case manager updated your e–mail address)) in CM/ECF is not current. Please login as soon as possible and update your user account via Utilities – Your Account. (ggs) (Entered: 12/07/2018) |
| 12/07/2018 | 68 | | NOTICE of Attorney Appearance by MICHAEL J THOMERSON on behalf of CMS EDU II SPARTANBURG, L.P. Attorney MICHAEL J THOMERSON added to party CMS EDU II SPARTANBURG, L.P.(pty:ip) (THOMERSON, MICHAEL) (Entered: 12/07/2018) |
| 12/07/2018 | 69 | | MOTION for Joinder by CMS EDU II SPARTANBURG, L.P. filed by MICHAEL J THOMERSON.(THOMERSON, MICHAEL) (Entered: 12/07/2018) |
| 12/10/2018 | 70 | | AFFIDAVIT in Support filed by National Retail Properties, LP re 45 MOTION to Vacate 26 Order on Motion to Appoint Receiver, (WALKER, STUART) (Entered: 12/10/2018) |
| 12/10/2018 | 71 | | NOTICE of Attorney Appearance by RYAN T WAGGONER on behalf of 15350/15400 Sherman Reverse, LLC Attorney RYAN T WAGGONER added to party 15350/15400 Sherman Reverse, LLC(pty:3pd) (Attachments: # 1 Exhibit A – Petition for Admission to Practice Pro Hac Vice, # 2 Exhibit B – Certificate of Good Standing)(WAGGONER, RYAN) (Entered: 12/10/2018) |
| 12/11/2018 | 72 | | NOTICE of Attorney Appearance by BRIAN P WELCH on behalf of Southern Plaza, LLC (WELCH, BRIAN) (Entered: 12/11/2018) |
| 12/11/2018 | 73 | | Order granting Petition for Admission Pro Hac Vice (Petition Attached); Attorney Admission Fee Met by FREDERICK H SCHUTT (nop) (Entered: 12/11/2018) |
| 12/11/2018 | 74 | | Order granting Petition for Admission Pro Hac Vice (Petition Attached); Attorney Admission Fee Met by ANGELA M BUTCHER (nop) (Entered: 12/11/2018) |

| 12/11/2018 | 75 | | Order granting Petition for Admission Pro Hac Vice (Petition Attached); Attorney Admission Fee Met by ERIC J LORENZINI (nop) (Entered: 12/11/2018) |
|---|---|---|---|
| 12/11/2018 | 76 | | Order granting Petition for Admission Pro Hac Vice (Petition Attached); Attorney Admission Fee Met by HOWARD C RUBIN (nop) (Entered: 12/11/2018) |
| 12/11/2018 | 77 | | Order granting Petition for Admission Pro Hac Vice (Petition Attached); Attorney Admission Fee Met by BONNIE H ROTHELL (nop) (Entered: 12/11/2018) |
| 12/11/2018 | 78 | | Order granting Petition for Admission Pro Hac Vice (Petition Attached); Attorney Admission Fee Met by RYAN T WAGGONER (nop) (Entered: 12/11/2018) |
| 12/11/2018 | 79 | | AFFIDAVIT in Support filed by Chula Vista Center, LLC, Pierre Bossier Anchor Acquisition, LLC, Valley Plaza Mall, LP re 45 MOTION to Vacate 26 Order on Motion to Appoint Receiver, (WALKER, STUART) (Entered: 12/11/2018) |
| 12/11/2018 | 80 | | Order granting Petition for Admission Pro Hac Vice (Petition Attached); Attorney Admission Fee Met by BRET P SHAFFER (nop) (Entered: 12/11/2018) |
| 12/11/2018 | 81 | | NOTICE of Attorney Appearance by THOMAS EDWARD AUSTIN, JR on behalf of Palisades Birmingham, LLC Attorney THOMAS EDWARD AUSTIN, JR added to party Palisades Birmingham, LLC(pty:dft) (AUSTIN, THOMAS) (Entered: 12/11/2018) |
| 12/11/2018 | 82 | | NOTICE of Order granting Pro Hac Vice Admission for Attorneys Drew M Dillworth and Kristopher E Pearson. Parties need to efile notices of appearance. (Attachments: # 1 Pro Hac Vice Admission)(nop) (Entered: 12/11/2018) |
| 12/11/2018 | 83 | | MOTION for Joinder by LBA BALBOA, LLC, LBA FUND IV, LLC filed by Gregory K. Smith.(Smith, Gregory) (Entered: 12/11/2018) |
| 12/11/2018 | 84 | | Order granting Petition for Admission Pro Hac Vice (Petition Attached); Attorney Admission Fee Met by JOE A JOSEPH (nop) (Entered: 12/11/2018) |
| 12/11/2018 | 85 | | NOTICE of Attorney Appearance by JOHN D ELROD on behalf of DenGar Belt, LLLP Attorney JOHN D ELROD added to party DenGar Belt, LLLP(pty:ip) (ELROD, JOHN) (Entered: 12/11/2018) |
| 12/11/2018 | 86 | | AFFIDAVIT re 60 RESPONSE to Court Order by R&W Rentals, LLC (Attachments: # 1 Exhibit Guaranty)(ERWIN, LEX) (Entered: 12/11/2018) |
| 12/11/2018 | 87 | | RESPONSE to Court Order filed by BSF RICHMOND, L.P. re 26 Order on Motion to Appoint Receiver, 50 Notice (Other), 49 RESPONSE to Court Order, 21 Response to Motion (WOLGAST, LISA) (Entered: 12/11/2018) |
| 12/11/2018 | 88 | | ***WITHDRAWN – SEE WITHDRAWAL AT TAB 103*** MEMORANDUM in Opposition to 26 Order on Motion to Appoint Receiver, *Supplemental Memorandum in Support of Limited Objection to Order Appointing Receiver and Preliminary Injunction 48* (Attachments: # 1 Exhibit |

| | | | |
|---|---|---|---|
| | | | Letter from Receiver)(SCHUTT, FREDERICK) Modified on 12/12/2018 (ggs). (Entered: 12/11/2018) |
| 12/11/2018 | 89 | | Order granting Petition for Admission Pro Hac Vice (Petition Attached); Attorney Admission Fee Met by STUART M BROWN (nop) (Entered: 12/11/2018) |
| 12/11/2018 | 90 | | Order granting Petition for Admission Pro Hac Vice (Petition Attached); Attorney Admission Fee Met by LEX M ERWIN (nop) (Entered: 12/11/2018) |
| 12/11/2018 | 91 | | NOTICE of Attorney Appearance by WILLIAM J HOLLEY, II on behalf of National University Attorney WILLIAM J HOLLEY, II added to party National University(pty:ip) (HOLLEY, WILLIAM) (Entered: 12/11/2018) |
| 12/11/2018 | 92 | | NOTICE of Attorney Appearance by DANA S PLON on behalf of 3000 Market LP Attorney DANA S PLON added to party 3000 Market LP(pty:ip) (PLON, DANA) (Entered: 12/11/2018) |
| 12/11/2018 | 93 | | NOTICE of Attorney Appearance by DANA S PLON on behalf of BH Franklin LLLP Attorney DANA S PLON added to party BH Franklin LLLP(pty:ip) (PLON, DANA) (Entered: 12/11/2018) |
| 12/11/2018 | 94 | | NOTICE of Attorney Appearance by J JULIUS BOLOCK on behalf of iPenn Ventures,L.P. Attorney J JULIUS BOLOCK added to party iPenn Ventures,L.P.(pty:dft) (BOLOCK, J JULIUS) (Entered: 12/11/2018) |
| 12/11/2018 | 95 | | Order granting Petition for Admission Pro Hac Vice (Petition Attached); Attorney Admission Fee Met by J JULIUS BOLOCK (nop) (Entered: 12/11/2018) |
| 12/11/2018 | 96 | | Order granting Petition for Admission Pro Hac Vice (Petition Attached); Attorney Admission Fee Met by JONATHAN M KAMIN (nop) (Entered: 12/11/2018) |
| 12/11/2018 | 97 | | NOTICE of Attorney Appearance by CHRISTINE MH WELLONS on behalf of Maryland Higher Education Commission Attorney CHRISTINE MH WELLONS added to party Maryland Higher Education Commission(pty:ip) (Attachments: # 1 Exhibit Petition for Admission Pro Hac Vice)(WELLONS, CHRISTINE) (Entered: 12/11/2018) |
| 12/11/2018 | 98 | | MEMORANDUM in Support of 45 MOTION to Vacate 26 Order on Motion to Appoint Receiver, *(DenGar Belt LLLP's Joinder to Motion to Vacate Injunction and Receivership Order)* (ELROD, JOHN) (Entered: 12/11/2018) |
| 12/12/2018 | 99 | | RECEIVER'S INITIAL REPORT filed by JAMES F BANTER (BANTER, JAMES) Modified on 12/12/2018 to add document description. (ggs). (Entered: 12/12/2018) |
| 12/12/2018 | 100 | | Order granting Petition for Admission Pro Hac Vice (Petition Attached); Attorney Admission Fee Met by ALLISON H ROGERS (nop) (Entered: 12/12/2018) |
| 12/12/2018 | 101 | | MOTION Obtain Secured Financing by JOHN FLANDERS KENNEDY filed by JAMES F BANTER. (Attachments: # 1 Exhibit Executed Ninth Amendment Agreement)(BANTER, JAMES) (Entered: 12/12/2018) |
| 12/12/2018 | 102 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE of Attorney Appearance by Matthew Stewart Cathey on behalf of Eagle Cleaning Service, Inc. Attorney Matthew Stewart Cathey added to party Eagle Cleaning Service, Inc.(pty:ip) (Cathey, Matthew) (Entered: 12/12/2018) |
| 12/12/2018 | 103 | | NOTICE Withdrawal of Limited Objection by Las Vegas Associates, LLLP re 48 Memorandum in Opposition,, 88 Memorandum in Opposition, (SCHUTT, FREDERICK) (Entered: 12/12/2018) |
| 12/13/2018 | 104 | | **_ORDER_** Supplemental Order re 26 Order on Motion to Appoint Receiver. Ordered by US DISTRICT JUDGE TILMAN E SELF, III on 12/12/2018. (Attachments: # 1 Exhibit) (ech) (Entered: 12/13/2018) |
| 12/13/2018 | 105 | | **_ORDER_**: The Court grants 101 Receiver's Assented to Motion for Authority to Borrow Funds. Accordingly, the Court authorizes the Receiver to obtain Ninth Amendment Term Loans and grants security interests and liens. Ordered by US DISTRICT JUDGE TILMAN E SELF, III on 12/12/2018. (Attachments: # 1 Exhibit) (ech) (Entered: 12/13/2018) |
| 12/13/2018 | 106 | 29 | NOTICE OF APPEAL as to 26 Order on Motion to Appoint Receiver, by Chula Vista Center, LLC, National Retail Properties, LP, Pierre Bossier Anchor Acquisition, LLC, Valley Plaza Mall, LP. Filing fee $ 505, Receipt No.: 113G–3043341. (WALKER, STUART) (Entered: 12/13/2018) |
| 12/17/2018 | 107 | | Order granting Petition for Admission Pro Hac Vice (Petition Attached); Attorney Admission Fee Met by BRIAN P WELCH (nop) (Entered: 12/17/2018) |
| 12/17/2018 | | | Appeal Instructions re 106 Notice of Appeal,. The Transcript Information Form and instructions are available on the District Court website under Forms & Guides. **PLEASE NOTE** Separate forms must be filed for each court reporter. Transcript Order Form due by 1/7/2019 (ggs) (Entered: 12/17/2018) |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **VC MACON, GA LLC,** | |
| *Plaintiff*, | |
| **v.** | **CIVIL ACTION NO.** <br> **5:18-cv-00388-TES** |
| **VIRGINIA COLLEGE LLC,** | |
| *Defendant*. | |

## ORDER APPOINTING RECEIVER AND PRELIMINARY INJUNCTION

This cause coming before the Court on the Emergency Motion for Appointment of General Receiver and Injunction (the "Motion")[1] filed by EDUCATION CORPORATION OF AMERICA, VIRGINIA COLLEGE, LLC and NEW ENGLAND COLLEGE OF BUSINESS AND FINANCE, LLC (collectively, "ECA" or "Debtors"). The Court, being fully advised in the premises and having jurisdiction in this matter, and upon consideration of the Declaration of Mike Ranchino of ECA , and with the consent of Plaintiff, and upon consideration of any and all objections to the relief sought in the Motion; and after hearings on November 7 and 14, 2018 to consider the relief sought in the Motion; and the Court having issued a temporary restraining order on November 7, 2018; and after due deliberation and sufficient cause appearing for the relief sought in the Motion; the Court hereby ORDERS that the Motion is GRANTED as set forth herein.  The Court further finds

---

[1] Capitalized terms used in this Order and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and concludes[2] that, in accordance with Rule 65 and Rule 66 of the Federal Rules of Civil Procedure (the "Rules"):

The Court has subject matter jurisdiction under U.S. CONST., art. III, § 2 and 28 U.S.C. § 1332. This Court exercises diversity jurisdiction because the parties are of complete diverse citizenship and the amount in controversy is in excess of $75,000. The Court has ancillary jurisdiction over the request to appoint a receiver and for an injunction, because such relief is substantially related to the claims of the Plaintiff that in addition to creating diversity jurisdiction also raises federal questions and bears a logical relationship to the aggregate core of operative facts surrounding the federal questions. See *U.S. Bank Nat'l Assoc. v. Nesbitt Bellevue Props.*, 866 F.Supp.2d 247, 255 (S.D.N.Y. 2012) (appointing a receiver while exercising diversity subject matter jurisdiction as an ancillary remedy to protect the value of various properties located in six states). Venue is proper in this Court under 28 U.S.C. § 1391(e)(1)(B) because a substantial part of the events giving rise to this action took place in this judicial district and a substantial part of property that is the subject of the action is situated in this judicial district. ECA employs approximately 250 Georgia residents and their Georgia institutions have enrolled in excess of 1,100 active students.

In determining whether to grant or deny a preliminary injunction, the Court must consider whether the moving party has demonstrated (1) a substantial likelihood of success on the merits; (2) that the order is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm that the order would cause to the non-movant; and (4) that the order would not be adverse to the public interest. *See, e.g., McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir.

---

[2] To the extent any portion of these findings constitute a ruling of law, such portion shall constitute this Court's ruling with respect to the matters so-stated.

2

1998). In this case, the Court finds that the preliminary injunctive relief set forth in this Order is appropriate because ECA have demonstrated a substantial likelihood of success on the merits; that they will suffer irreparable injury if the injunction is not granted; the injunction will not substantially injure other interested parties; and the injunction will further the public interest.

Federal courts typically consider the following factors when determining whether to appoint a receiver: (1) the probability that fraudulent conduct has occurred or will occur to frustrate that claim; (2) imminent danger that property will be concealed, lost, or diminished in value; (3) inadequacy of legal remedies; (4) lack of a less drastic equitable remedy; and (5) likelihood that appointing the receiver will do more good than harm. *See Consolidated Rail Corp. v. Fore River Ry.,* 861 F.2d 322, 326–27 (1st Cir.1988); *Mintzer v. Arthur L. Wright & Co.,* 263 F.2d 823, 826 (3d Cir.1959); *Bookout v. Atlas Fin. Corp.,* 395 F.Supp. 1338, 1342 (N.D.Ga.1974), *aff'd,* 514 F.2d 757 (5th Cir.1975).

Based on an analysis of these factors, the Court finds that a receiver should be appointed because ECA have demonstrated that there is an imminent danger of damage to the Business (defined below) and its stakeholders; ECA's available legal remedies and less drastic equitable remedies are inadequate to protect their interests and the interests of other stakeholders; the probability of harm to ECA and other stakeholders by denial of the appointment of a receiver is greater than the injury to other parties; ECA have demonstrated a substantial likelihood of success on the merits and possible irreparable injury to the interests of ECA and other stakeholders in the Business; the allegations of potential fraud made by the Plaintiff; and ECA have demonstrated that the interests of ECA and other stakeholders will be protected and well served by the receivership.

3

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that John F. Kennedy of Macon, Georgia ("Receiver") is hereby appointed Receiver with respect to all the business, business interests and property of ECA, wherever located, by whomsoever held, without limitation (the "Receivership Property" or "Business"), which shall hereby be vested in a Receivership Estate. Receiver shall provide this Court with his written oath and acceptance to faithfully perform his duties set forth in this Order. The Receiver shall make, execute and deliver to the Clerk of this Court a bond in the sum of [Ten Thousand and No/100 Dollars ($10,000.00)], within five (5) business days after the date of this Order. The Receiver may use assets of the Receivership Estate to pay the costs of any such bond.

The Receiver shall take immediate possession of the Receivership Property and shall have the full power and authority to exercise the usual and customary powers afforded to a receiver under federal common law (except as otherwise limited by an order of this Court), including, but not limited to, the following powers:

> (1) To operate ECA's Business and the Receivership Property in the ordinary course and in compliance with applicable laws, regulations and rules, with a primary focus on financing of the business and other restructuring or sale transactions, with the delivery of academic services continuing to be performed by ECA's current management as overseen by the Receiver and ECA's current boards (including the independent board of New England College of Business and Finance, LLC ("NECB")), provided, however, that, for the avoidance of doubt, consent of the Receiver shall be required for any sale, conveyance, or transfer of Receivership Property outside of the ordinary course of business. The Receiver is authorized to incur and pay expenses incidental to the Receiver's preservation and use of the Receivership Property, and otherwise in the performance of the Receiver's duties, including, upon application to this Court for approval, the power to pay obligations incurred prior to the Receiver's appointment if and to the extent that payment is determined by the Receiver to be prudent in order to preserve the value of Receivership Property and upon approval of the Court;

> (2) To do all the things that the board and management of ECA may do in the exercise of ordinary business judgment, or in the ordinary course of the

4

operation of the Business and/or the Receivership Property as a going concern or use of the property subject to the general scope in sub-paragraph 1 above, including, but not limited to, cooperation with ECA's boards with respect to any operational decisions; the continued retention of ECA's management and employees; the maintenance of regulatory and accreditation approvals for all schools owned by ECA or its subsidiaries, including without limitation fully complying with NECHE's accrediting standards applicable to NECB's operations and with ACICS's accrediting standards applicable to all other ECA institutions; the collection of all accounts, incomes, profits and other revenues of the Business and/or the Receivership Property, the purchase and sale of goods or services in the ordinary course of such Business and/or the Receivership Property, the incurrence of unsecured trade debt, the grant of security, including cash collateralization, in connection with issued or the issuance of bonds related to the operation of and licensure for the Business in consultation with Monroe Capital Management Advisors, LLC ("Monroe"), as agent under the Business's existing credit agreement, dated as of September 3, 2015 (the "Monroe Credit Agreement") and payment of expenses of the Business or Receivership Property in the ordinary course, including, without limitation, any amounts due and owing to Monroe or the lenders (the "Monroe Lenders") party to the Monroe Credit Agreement; and, upon application to this Court for approval, the implementation of any key employee retention or incentive plan that the Receiver determines to be necessary or beneficial to the Receivership Estate;

(3)     To maintain any and all existing bank accounts and accounts containing or evidencing securities, funds or cash equivalents, including without limitation deposit and checking accounts, or to open new bank accounts using ECA's tax identification numbers in the convenience of the Receiver and for the benefit of the Receivership Estate;

(4)     To assert any rights, claims, or choses in action of ECA (except to the extent that the rights, claims, or choses in action have been released prior to the commencement of these proceedings) that are Receivership Property or related thereto, to maintain in the Receiver's name or in the name of ECA any action to enforce any right, claim, or chose in action, and to intervene in actions in which ECA is a party for the purpose of exercising the powers under this Order;

(5)     To intervene in, remove, and/or transfer to this Court any action in which a claim is asserted against ECA or any actual or purported guarantor of a real property lease involving ECA or any ECA affiliate, whether such claim is a direct or a derivative claim or the subject of any claim to which any party to such other proceeding holds or asserts any right of indemnification, reimbursement or contribution against ECA, for the purpose of prosecuting or defending the claim and requesting the transfer of venue of the action to this Court, except that this Order does not transfer actions in which a state agency is a party and as to which such state is exercising its police or regulatory powers;

5

(6)     To assert rights, claims, or choses in action of the Receiver arising out of transactions in which the Receiver is a participant;

(7)     To pursue in the name of the Receiver for the benefit of the Receivership Estate any claim that may be asserted by any creditor of ECA, if pursuit of the claim is determined by the Receiver to be appropriate in the exercise of the Receiver's business judgment;

(8)     To seek and obtain advice or instruction from the Court with respect to any course of action in which the Receiver is uncertain in the exercise of the Receiver's powers or the discharge of the Receiver's duties;

(9)     To obtain appraisals with respect to Receivership Property;

(10)    To compel by subpoena any person to submit to an examination under oath, in the manner of a deposition in accordance with the Federal Rules of Civil Procedure, with respect to Receivership Property or any other matter that may affect or relate to the administration of the Receivership Estate;

(11)    To use, sell, or lease Receivership Property other than in the ordinary course of business, whether as a whole or in parts, as a going concern or otherwise, and to execute such documents, conveyances, and consents as may be required in connection therewith upon application to this Court for approval, and in connection with the exercise of any such powers or authorities as this Court may direct to seek direction from the Court with respect to approval of marketing and notice procedures, to affirm the agreement between ECA and Hilco Real Estate, LLC concerning real estate consulting services and pay the agreed upon compensation to Hilco Real Estate, LLC following approval by this Court, to market and sell ECA's assets to affirm the retention agreement between ECA and Parchman, Vaughan & Company, L.L.C. as investment banker without further order of this Court and pay the agreed upon compensation to Parchman, Vaughan & Company, L.L.C. following approval by this Court, and to seek further orders of this Court authorizing the sale of all or any such assets free and clear of all claims, liens, encumbrances and rights of others;

(12)    To obtain credit and other financial accommodations solely in Receiver's capacity as receiver for the Receivership Estate, grant liens, and grant adequate protection, in consultation with Monroe and Monroe Lenders, that in the Receiver's business judgment is beneficial to the Receivership Estate upon application to this Court for approval;

(13)    To seek employment of one or more attorneys, accountants, appraisers, auctioneers, or other professional persons who do not hold or represent an interest adverse to the Receivership Estate to represent or assist the Receiver in carrying out the Receiver's duties; provided, however: (a) the Receiver is hereby authorized to retain Cooley LLP as regulatory

6

counsel and to honor ECA's payment arrangements with Cooley LLP for fees incurred in its representation of ECA prior to the date hereof; (b) the Receiver is hereby authorized to retain counsel pursuant to an engagement letter in form and substance satisfactory to the Receiver; and (c) the Receiver is hereby authorized to retain a financial advisory firm to the Receiver pursuant to an engagement letter in form and substance satisfactory to the Receiver;

(14)   To disavow, reject, impair or terminate any contract, agreement, understanding, lease or occupancy agreement in or to which ECA is a party that in the Receiver's business judgment is burdensome or is of inconsequential value to the Receivership Estate, provided, however, the Receiver will not have authority to disavow, reject or terminate ECA's contractual indemnification obligations and the Receiver shall seek approval of the Court to disavow or affirm any contract, agreement, understanding, lease or occupancy agreement in or to which ECA is a party;

(15)   To enforce any contract, agreement, understanding, lease or occupancy agreement in or to which ECA is a party and to affirm, and affirm and assign, any contract, agreement, understanding, lease or occupancy agreement in or to which ECA is a party that in the Receiver's business judgment is beneficial to the Receivership Estate; provided, however, the Receiver and his successor(s) shall not: (a) extend, transfer or assign any actual or purported guaranty of any obligations under real property leases to which ECA or any affiliate is a party without the actual or purported guarantor's prior written consent; or (b) extend or modify any lease or occupancy agreement that is guaranteed by Kaplan, Inc. or its affiliates without the prior written consent of Kaplan, Inc. or its affiliates;

(16)   To interface with secured creditors of ECA, including, without limitation, periodic updates to Monroe about the progress and status of the Receivership, the sale effort, and other material matters, and provide all non-privileged information provided to any investment banker, financial advisor or other financial advisor retained by the Receiver;

(17)   To take any and all acts as may be necessary to conclude this receivership; and

(18)   All other powers as may be conferred upon the Receiver specifically by statute, Court rule, or the Court.

   **IT IS FURTHER ORDERED** that, during the pendency of the receivership, the Receiver

shall prepare on a monthly basis, beginning sixty (60) days after the entry of this Order, a 13-

week cash flow forecast, as well as reports setting forth all receipts and disbursements, cash flow,

7

changes in the assets in his charge, claims against the assets in his charge, and other relevant issues and actions that have occurred during the prior month. The Receiver shall thereafter file such reports, including weekly and cumulative variance reports, with the Clerk of Court within 28 days after the first calendar day of each month.

**IT IS FURTHER ORDERED** that ECA shall provide access to all employees of ECA and deliver or cause to be delivered to the Receiver upon the date of entry of this Order; all keys and other means of accessing the Receivership Property; original signed leases (or copies of such agreements where originals are unavailable); accounting records, including, without limitation, those identifying accounts receivable and payable; originals of agreements with vendors and service providers (or copies of such agreements where originals are unavailable); correspondence files with vendors and service providers; all documentation relating to the maintenance and operation of the property, including, without limitation, operating manuals, building plans and the like; and all bank accounts and other accounts containing or evidencing securities, funds or cash equivalents, including, without limitation, deposit and checking accounts. To the extent that any of the foregoing information is accessible and stored electronically, ECA shall preserve such information and make same accessible to the Receiver. The disclosure of any documents or materials by ECA to the Receiver shall not breach any confidentiality obligation of ECA or waive the attorney-client privilege, work product privilege or any other confidentiality right or privilege, including any common interest privileges, that may exist in favor of ECA and, unless and until further order of this Court, ECA shall retain the right to assert any privilege against any third party.

**IT IS FURTHER ORDERED** that, upon immediate entry of this Order, other than in the furtherance of the implementation of this Order or at the direction of the Receiver, ECA and each

of its directors, officers, agents, employees, managers and all other interested persons are enjoined from interfering with, transferring, selling, disposing or dissipating the property of the Receivership Estate, including, but not limited to, accounts receivable, and are further enjoined from taking any actions that would, directly or indirectly, have an adverse impact on the value of the Receivership Estate.

**IT IS FURTHER ORDERED** that the Receiver, as an officer of this Court, shall enjoy the same immunities enjoyed by this Court.

**IT IS FURTHER ORDERED** that, from the time and date of this Order, a stay of any actions asserting claims or other rights and remedies against ECA, any affiliate of ECA, and/or any actual or purported guarantor that has indemnity rights against any Defendant (whether any Defendant or affiliated entity is initially named in the suit or not), including enforcing, attaching or perfecting liens against property of ECA or any such guarantor, is in effect, enjoining:

(1)    The commencement or continuation, including the issuance, employment, or service of process, of a judicial, administrative, or other action or proceeding against ECA or any schools owned directly or indirectly by ECA that was or could have been commenced before the entry of the order of appointment to recover a claim against the Debtors that arose before the entry of the order of appointment;

(2)    The commencement or continuation of any action against any actual or purported guarantor of any lease where any Defendant or affiliated entity is the tenant, obligor or lessee on the lease, and where any Defendant has agreed to indemnify such guarantor for any claims related to such lease;

(3)    The enforcement or levy against ECA or any Receivership Property of a judgment obtained before the order of appointment;

9

(4)     Any act to obtain possession of Receivership Property from the Receiver or to interfere with or exercise control, over, Receivership Property;

(5)     Any act to create, perfect, or enforce any lien or claim against Receivership Property except by exercise of a right of setoff, to the extent that the lien secures a claim against the Debtors that arose before the entry of the order of appointment; or

(6)     Any act to collect, assess, or recover a claim against ECA that arose before the entry of the order of appointment; provided, however, nothing herein shall be construed to enjoin or otherwise interfere with the Department of Education's or any accrediting agency's supervision of ECA and enforcement of applicable rules and regulations.

The injunction ordered by the Court in this Order is a preliminary injunction.  The Receiver shall lodge a copy of this Order in all jurisdictions where Receivership Property is situated within ten (10) days of the date of this Order in accordance with 28 U.S.C. section 754.

For clarity, if any party asserts a claim against an actual or purported guarantor of a real property lease involving ECA in violation of the above stay, the Receiver may intervene in such action to enforce the stay and/or seek to remove or transfer the action to this Court. This Order does not prohibit any actual or purported guarantor named in any such action from asserting a claim against ECA for indemnification or other relief.

Notwithstanding anything to the contrary, any current or former student of ECA may assert any claim or cause of action against ECA in any court of competent jurisdiction and pursue such claim or cause of action to liquidate such claim at which time such student shall pursue collection of any such liquidated claim only in this Court from the Receivership Estate.

**IT IS FURTHER ORDERED** that (i) the NECB board may employ separate counsel to assist the NECB board in connection with, inter alia, compliance with the terms of this Order and

dealing with the impact of the Order on its operations, and (ii) any professionals employed by ECA, the NECB board, or Monroe and the Monroe Lenders (solely to the extent permitted under the Monroe Credit Agreement) shall periodically be allowed and paid a fee for services and out-of-pocket expenses, as set forth herein in more detail.

**IT IS FURTHER ORDERED** that any debts, liabilities, obligations, claims for relief, or other adverse actions incurred by or asserted against the Receiver or the Receivership Estate arising out of or in the course of this receivership, including without limitation, related to the operation and management of the Business, the administration of the Title IV federal student financial assistance programs, or the teach-out of those certain Teach-Out Schools (as defined in the Motion), whether in the name of the Receiver or ECA, shall be the debt, liability, obligation or otherwise the responsibility of the Receivership Estate only and not of the Receiver individually. The sole recourse of any federal, state, or local governmental agency, or any accrediting agency or any other individual for any claim asserting, or arising out of, a violation by Receiver, ECA, or the Teach-Out Schools of laws, regulations, standards, or common law, at law or in equity, shall be against the Receivership Estate, and neither Receiver, nor any attorney, or agent of Receiver, shall have any liability associated with such debt, liability, obligation, claim for relief, negative administrative action, or other adverse action, unless a Court of competent jurisdiction determines that any such claim is the result of fraud, gross negligence or the willful misconduct of any such party.

**IT IS FURTHER ORDERED** that the Receiver may resign and be discharged of his responsibilities at any time by giving thirty (30) days' prior written notice to this Court; provided however, that the Receiver may petition the Court to approve such resignation and discharge upon shorter notice for good cause shown.

11

**IT IS FURTHER ORDERED** that, notwithstanding anything herein to the contrary, the Receiver has no power or authority to file or authorize the filing of: (i) a petition for relief by or against the Debtors under 11 U.S.C. 101, et seq. (the "Bankruptcy Code"); or (ii) any other action that would constitute a "change of control" under applicable laws or regulations. All power and authority to initiate and file any petition for relief under the Bankruptcy Code, or take any action with respect thereto, shall remain vested solely in ECA.  In the event of an involuntary filing of a petition or any equivalent thereof against ECA under the Bankruptcy Code, ECA shall have standing to and may defend against the entry of an order for relief and Receiver may support ECA's defense with respect to such involuntary petition.

**IT IS FURTHER ORDERED** that the Receiver shall not be deemed, now or at any point in the future, to exercise, or have exercised "substantial control," as that term is defined in 20 U.S.C. § 1099c and 34 C.F.R. § 668.174, over ECA, the Business, the Receivership Estate, or the Receivership Property based on Receiver's appointment by this Court or subsequent involvement in the operation and management of the Business and/or the Receivership Property.

**IT IS FURTHER ORDERED** that the Receiver and each of the Receiver's attorneys and agents (collectively, the "Receiver Parties") shall have no liability for any and all claims, liabilities, damages, fees, costs, expenses and charges incurred or arising from their respective acts or omissions in connection with ECA, this Order, the Receivership Property, the Business or the Receivership Estate (collectively, the "Related Matters"), except to the extent that this Court determines by a final judgment (subject to any right of appeal) that such acts or omissions resulted from their willful misconduct, bad faith, gross negligence or fraud. The Receiver Parties shall be held harmless and indemnified by the Receivership Estate for any losses, claims, damages, liabilities and expenses (including attorneys' fees, disbursements and expenses) that any Receiver

GAMD  Page 25

Party may incur or to which any Receiver Party may become subject in connection with any action, suit, proceeding or investigation brought or threatened against such Receiver Party over an issue arising out of or related to the Related Matters; provided, however, that such indemnity shall not apply with respect to a Receiver Party to the extent that such indemnification claim arises out of such Receiver Party's actions that are determined by a final order of this Court to be willful misconduct, bad faith, gross negligence or fraud. In the event that, at any time whether before or after termination or resignation of the Receiver, as a result of or in connection with the Related Matters, any Receiver Party is required to produce any of its personnel (including former employees) for examination, deposition or other written, recorded or oral presentation, or the Receiver or any other Receiver Party is required to produce or otherwise review, compile, submit, duplicate, search for, organize or report on any material within such Receiver Party's possession or control pursuant to a subpoena or other legal (including administrative) process, the Receiver Party will be reimbursed by and from the Receivership Estate for its out of pocket expenses, including the reasonable fees and expenses of its counsel. This Section shall survive the termination or resignation of Receiver, and the termination or suspension of the Receivership Estate.

**IT IS FURTHER ORDERED** that the Receiver, its consultants, agents, legal counsel, and other professionals, as well as professionals employed by ECA and the NECB board, shall be paid on a monthly basis. Receiver is authorized to pay and/or reimburse itself from the Receivership Property reasonable receiver fees of at Receiver's standard rates  and for its reasonable monthly expenses. Receiver also is authorized to fund a retainer out of Receivership Estate assets in an amount equal to $50,000 and to pay and reimburse Receiver and Receiver's consultants, agents, legal counsel, and other professionals, as well as professionals employed by ECA and the NECB board, from the Receivership Property, for reasonable professional fees and expenses incurred on

13

or prior to the date of the entry of this Order and hereafter. To be paid on a monthly basis, the Receiver and each professional must file a statement of account with the Court and serve a copy on Receiver and ECA each month for the fees and reasonable monthly expenses incurred in the preceding calendar month. If no objection thereto is filed and served on or within five (5) business days following service thereof, such statement of account shall be paid no later than five (5) business days after the expiration of the applicable objection deadline. If an objection is timely filed and served, the portion of such statement of account that is subject to an objection shall not be paid absent further order of the Court; provided, however, that the portion of such statement of account that is not subject to an objection shall be paid within five (5) business days after the expiration of the applicable objection deadline. In the event objections are timely made to fees and expenses, the objected to portion of the fees and expenses will be paid within five (5) business days of an agreement among the parties or entry of a Court order adjudicating the matter.

**IT IS FURTHER ORDERED** that the Receiver shall apply all income received by the Receivership Estate in the following order and priority:

1. On a monthly basis, the Receiver's fees and reasonable out-of-pocket expenses;

2. On a monthly basis, the fees and reasonable out-of-pocket expenses of the Receiver's consultants, agents, legal counsel and other professionals, as well as professionals employed by ECA and the NECB board;

3. The current expenses relating to the Receivership Estate accruing after the date hereof; and

4. All other expenses necessary to maintain, preserve, and protect the property of the Receivership Estate.

14

**IT IS FURTHER ORDERED** that this Order shall not be deemed by any federal, state, or local governmental agency, or any accrediting agency, as having triggered a substantive change or change of ownership or control requiring the approval of such agency; further, the actions taken by Receiver during the course of this receivership shall not be taken into account by any such agency in any future determination of whether Receiver is qualified to own, or serve in any capacity with, an institution approved or regulated by that agency.

**IT IS FURTHER ORDERED** that the United States Marshall Service's assistance to enforce the terms of this Order in the form of peace-keeping duties is hereby authorized.

**IT IS FURTHER ORDERED** that the receivership established pursuant to this Order shall remain in effect until further order of this Court and until the receivership is terminated, the Court retains jurisdiction over this matter to (i) amend, supplement or delete any provisions of this Order; (ii) enforce compliance with or punish violations of this Order; (iii) interpret any provision of, and resolve all disputes with respect to, this Order; and (iv) order any additional actions or remedies as may be reasonably necessary or appropriate.

**IT IS FURTHER ORDERED** that the reversal or modification on appeal of this Order shall not affect the validity or any actions taken in good faith by the Receiver, the payment of compensation to which the Receiver and any professional is entitled, or the payment of expenses incurred by the Receiver pursuant to this Order.

**DONE** the 14th day of November, 2018.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

VC MACON GA, LLC,         :
           :
    Plaintiff,        :
           :
v.                 :     Case No. 18-CV-388-TES
           :
VIRGINIA COLLEGE, LLC, and  :
EDUCATION CORPORATION OF  :
AMERICA,           :
           :
    Defendants.      :

---

## NOTICE OF APPEAL

---

In accordance with 28 U.S.C. § 1292(a)(1) and (a)(2) and the requirements of Federal Rules of Appellate Procedure 3 and 4(a)(1)(A), National Retail Properties, LP, Pierre Bossier Anchor Acquisition, LLC, Chula Vista Center, LP, and Valley Plaza Mall, LP ("Landlords")—each of which is an interested party aggrieved by the order appealed from, and each of which was permitted to intervene in this lawsuit with full rights to participate as a party to the lawsuit (ECF Doc. 31)—hereby give timely notice of their appeal to the United States Court of Appeals for the Eleventh Circuit from the interlocutory order entered on November 14, 2018, by the United States District Court for the Middle District of

Georgia (ECF Doc. 26), which order appointed a receiver over the assets and business affairs of Defendants Education Corporation of America and Virginia College, LLC and over the assets and business affairs of non-party New England College of Business and Finance, LLC and granted nationwide injunctive relief against Landlords and numerous other aggrieved intervenor-parties.

December 13, 2018                    Respectfully submitted,


                                     /s/ James S. Carr
                                     JAMES S. CARR*

**KELLEY DRYE & WARREN LLP**         /s/ Robert L. LeHane
101 Park Avenue                      ROBERT L. LEHANE*
New York, New York 10178
jcarr@kelleydrye.com                 /s/ Neil Merkl
rlehane@kelleydrye.com               NEIL MERKL*
nmerkl@kelleydrye.com
rmorrison@kelleydrye.com             /s/ Randall L. Morrison, Jr.
                                     RANDALL L. MORRISON, JR*

                                     *Pro Hac Vice Petitions Pending


                                     /s/ John T. McGoldrick, Jr.
                                     JOHN T. MCGOLDRICK, JR.
                                     Georgia Bar No. 492650

**MARTIN SNOW, LLP**                 /s/ Stuart E. Walker
240 Third Street                     STUART E. WALKER
Macon, Georgia 31201                 Georgia Bar No. 141620
jtmcgoldrick@martinsnow.com
sewalker@martinsnow.com              Counsel to National Retail Properties,
                                     LP, Valley Plaza Mall, LP, Chula Vista

Center, LLC, and Pierre Bossier
Anchor Acquisition, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

VC MACON GA, LLC,                         :
                                          :
        Plaintiff,                        :
                                          :
v.                                        :    Case No. 18-CV-388-TES
                                          :
VIRGINIA COLLEGE, LLC, and                :
EDUCATION CORPORATION OF                  :
AMERICA,                                  :
                                          :
        Defendants.                       :
_____

## CERTIFICATE OF SERVICE
_____

I certify that I have this day electronically filed the foregoing **Notice of Appeal** with the Court's CM/ECF system, which will effect electronic service on the following:

ALEXANDER B. FEINBERG
afeinberg@maynardcooper.com

HOWARD C. RUBIN
hrubin@kesslercollins.com

J. LELAND MURPHREE
lmurphree@maynardcooper.com

IVY NEAL CADLE
icadle@bakerdonelson.com

BRENDA T. CUBBAGE
bcubbage@cbsattorneys.com

JAY CLIFFORD TRAYNHAM
jaytraynham@hbgm.com

BRET PATRICK SHAFFER
bshaffer@ssbc-law.com

JOE A. JOSEPH
jjoseph@burr.com

mivey@burr.com

CHESLEY S. MCLEOD
chesley.mcleod@agg.com,
andi.gossmann@agg.com,
heather.riopel@agg.com

JAMES F. BANTER
jbanter@jamesbatesllp.com

CHRISTOPHER R. CONLEY
cconley@jamesbatesllp.com

JOHN FLANDERS KENNEDY
jkennedy@jbpslaw.com,
dbecham@jamesbatesllp.com

CATER C. THOMPSON
cater.thompson@jonescork.com,
debi.richards@jonescork.com

WALKER STEVEN STEWART
walkerstewart@hbgm.com
dbrown@hbgm.com,
sjohnson@hbgm.com

JOHN T. MCGOLDRICK, JR.
jtmcgoldrick@martinsnow.com,
sjones@martinsnow.com

JON A. GOTTLIEB
jong@lawfg.com

STUART E. WALKER
sewalker@martinsnow.com

LISA MCVICKER WOLGAST
lwolgast@mmmlaw.com,
dmayo@mmmlaw.com

JOSHUA H. THREADCRAFT
joshua.threadcraft@burr.com,
jcarlin@burr.com, lclay@burr.com

STUART M. BROWN
stuart.brown@dlapiper.com

OLLIE A. CLEVELAND, III
tcleveland@maynardcooper.com

THOMAS E. AUSTIN, JR
taustin@bfvlaw.com

PATRICK L. LOWTHER
plowther@mmmlaw.com,
stuck@mmmlaw.com

FRANK WILLIAM DEBORDE
fwd@mmmlaw.com,

WILLIAM A DUPRE, IV
bill.dupre@millermartin.com

WILLIAM J. HOLLEY, II
wholley@Phrd.com

MICHAEL J. THOMERSON
mthomerson@tmlawpc.com

RYAN A KURTZ
rkurtz@millermartin.com

GREGORY K. SMITH
gsmith@sgrlaw.com

ALLISON H. ROGERS
allison@tmlawpc.com

JOHN H. ELLIOTT
jell@phrd.com

CHRISTINE WELLONS
christine.wellons@maryland.gov

JONATHAN M. KAMIN
jonathank@gkgattorneys.com

DANA S. PLON
dplon@sirlinlaw.com

JOHN D. ELROD
elrodJ@gtlaw.com

BETH A. MOELLER
bmoeller@moellerbarbaree.com

MATTHEW S. CATHEY
mcathey@stoneandbaxter.com

LAURA K DIBIASE
laura.dibiase@millermartin.com

J. JULIUS BOLOCK
jjbolock@gkgattorneys.com

BRIAN P. WELCH
bwelch@burkelaw.com

ERIC J. LORENZINI
elorenzini@elkinskalt.com

ANGELA M. BUTCHER
abutcher@slkinskalt.com

CURTIS J. THOMAS
curtis.thomas@mcafeetaft.com

December 13, 2018

/s/ Stuart E. Walker

Georgia Bar No. 141620

Counsel to National Retail Properties,
LP, Chula Vista Center, LP, Pierre
Bossier Anchor Acquisition, LLC, and
Valley Plaza Mall, LP