IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

VC MACON GA, LLC

          Plaintiff,

v.                                    Civil Action No. 5:18-cv-00388-TES

VIRGINIA COLLEGE, LLC; and
EDUCATION CORPORATION OF
AMERICA,

          Defendants.

ORDER GRANTING RECEIVER'S
EXPEDITED MOTION FOR ORDER CLARIFYING THAT
COURT'S INJUNCTION DOES NOT APPLY TO INSURANCE POLICY

      This matter came to be heard upon the Receiver' motion (the "Motion") for an order clarifying that the injunction imposed by the Court in the Order Appointing Receiver and Preliminary Injunction (the "Receivership Order") (Doc. 26), as modified in the Supplemental Order (the "Supplemental Order") (Doc. 104), does not apply to the Policy[1] and authorizing AIG to pay for any Losses (as defined in the Policy), including the advancement of legal fees and expenses, stemming from any Claim (as defined in the Policy). Upon consideration of the Motion; and it appearing that the notice of the Motion provided is appropriate and sufficient under the circumstances and that no other or further notice need be given; and it appearing that the relief requested is in the best interests of the Receivership Estate, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

      IT IS HEREBY FOUND, DETERMINED AND ORDERED THAT:

---

[1] Unless otherwise defined herein, capitalized terms shall have the meaning given to them in the Motion.

1. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure (the "Rules").

2. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

3. The Court has jurisdiction over this matter and over the property of the Receivership Estate pursuant to Rule 66 of the Rules and this Court's broad equitable powers.

4. Proper, timely, adequate, and sufficient notice of the Motion have been provided. Such notice was sufficient and appropriate under the particular circumstances. No other or further notice of the Motion or of the entry of this Order is necessary or shall be required.

5. A reasonable opportunity to object or be heard regarding the requested relief in the Motion and this Order has been afforded to all entities who have appeared in this action.

6. The Motion is **GRANTED.**

7. To the extent the Policy and the proceeds from the Policy are property of the Receivership Estate, the injunction imposed by the Court in the Receivership Order, as modified in the Supplemental Order, does not apply to the Policy or the proceeds therefrom.

8. Due to the Receivership, neither the Receiver nor the Receivership Entities are required to pay the Retention (as defined in the Policy).

9. AIG is authorized to disburse proceeds in accordance with the terms and conditions of the Policy, including the payment for any Losses, such as the advancement of legal fees and expenses, stemming from any Claim under the Policy.

10. This Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Order, notwithstanding anything to the contrary proscribed by applicable law.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

Dated: January 22, 2019

_____
U.S. District Court Judge