# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **VC MACON, GA LLC,**  *Plaintiff*,  v.  **VIRGINIA COLLEGE LLC, and EDUCATION CORPORATION OF AMERICA,**  *Defendants.* | **CIVIL ACTION NO.**  **5:18-cv-00388-TES** |

**ORDER GRANTING RECEIVER'S EXPEDITED MOTION FOR ORDER (1) TO SELL THE NEW ENGLAND COLLEGE OF BUSINESS OTHER THAN IN THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, (2) ESTABLISHING AND APPROVING BID PROCEDURES FOR THE SALE OF THE NEW ENGLAND COLLEGE OF BUSINESS, AND (3) FOR <u>RELATED RELIEF</u>**

This matter came to be heard upon the Receiver's Motion [Doc. 140][1] for an order (1) to sell substantially all assets of NECB[2] other than in the ordinary course of business, free and clear of liens, claims, encumbrances, and other interests, (2) establishing and approving sale procedures for the sale of substantially all assets of and/or equity interests in NECB outside the ordinary course of business, free and clear of all liens, claims,

---

[1] The Court partially granted the Receiver's requested relief from the initial Expedited Motion [Doc. 127]. *See* [Doc. 128]. In light of the subsequent filing of the Receiver's Amended Expedited Motion [Doc. 140], the Court **TERMINATES** the remaining relief sought in the initial motion **as moot**.

[2] Unless otherwise defined herein, capitalized terms shall have the meaning given to them in the Motion.

encumbrances and interests, and (3) for related relief (the "Motion"); and it appearing that the notice of the Motion provided is appropriate and sufficient under the circumstances and that no other or further notice need be given; and it appearing that the relief requested is in the best interests of the Receivership Estate, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND, DETERMINED, AND CONCLUDED THAT:**

1. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure (the "Rules").

2. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

3. The Court has jurisdiction over this matter and over the property of the Receivership Estate pursuant to 28 U.S.C. §§ 2001, 2002 and 2004 and Rule 66 of the Rules and this Court's broad equitable powers.

4. Proper, timely, adequate, and sufficient notice of the Motion have been provided. Such notice was sufficient and appropriate under the particular circumstances. No other or further notice of the Motion or of the entry of this Order is necessary or shall be required.

5. A reasonable opportunity to object or be heard regarding the requested relief in the Motion and this Order has been afforded to all interested persons and entities, including, without limitation, all parties to this action and all persons or entities known to the Receiver that have or have asserted a lien on, or security interest in, all or any portion of the assets of the Receivership Estate.

6. The Receiver has the power and authority to foreclose upon and sell the Sale Assets as defined in the Motion, free and clear of all liens, claims and encumbrances (with such liens, claims and encumbrances, if any, to attach to the sales proceeds), at public auction pursuant to the Receivership Order, the Sale Procedures, 28 U.S.C. §§ 2001, 2002 and 2004, Rule 66 and this Court's broad equitable powers.

7. Upon his appointment and after investigating the financial condition of the Receivership Estate, given the Receivership Entities' financial issues, difficulties in obtaining additional funding, and regulatory challenges, as more fully explained in the Receivership Motion, the First Report and as discussed at multiple hearings before this Court, the Receiver has determined that it is in the best interests of the Receivership Estate and creditors and stakeholders to sell the Sale Assets.

8. Prior to and after the entry of the Receiver Order, a comprehensive effort to solicit interest from potential purchasers for the Sale Assets was commenced by Parchman and the Receiver. The Receiver, through Parchman and others, has developed, and continues to develop, a list of prospective purchasers for the Sale Assets. The

Receiver's existing and continued marketing efforts, combined with the publication required by the Sale Procedures and 28 U.S.C. § 2002, are reasonable and sufficient.

9. The Receiver has demonstrated a sufficient basis and compelling circumstances requiring the entry of this Order and the Sale of the Sale Assets in accordance with the Sale Procedures, and such actions are appropriate exercises of the Receiver's reasonable business judgment and in the best interests of the Receivership Estate and its creditors and stakeholders.

10. The Sale Procedures set forth in the Order are non-collusive, created in good faith, substantively and procedurally fair to all parties and will enable the Receiver to obtain the highest value for the Sale Assets for the Receivership Estate and its creditors.

**NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS HEREBY:**

**ORDERED** that the Motion is **GRANTED** as set forth herein; and it is further

**ORDERED** that the Sale Procedures, as attached hereto as "Exhibit 1", are hereby approved in their entirety and that the Receiver shall proceed with the Sale Procedures following the Anticipated Timeline for Completing the Sale Procedures, as hereto attached as "Exhibit 2"; and it is further

**ORDERED** that the Receiver may pursue the sale of the Sale Assets in accordance with the Sale Procedures; and it is further

**ORDERED** that, in the event of a public auction pursuant to the Sale Procedures, Receiver will conduct the Auction in accordance with the Sale Procedures on February 26, 2019 at 9:00 a.m. Prevailing Eastern Time at James, Bates, Brannan, Groover LLP, 231 Riverside Drive, Macon, Georgia 31201, subject to any continuance deemed by the Receiver to be appropriate; and it is further

**ORDERED** that the Sale Hearing shall be held in this Court on Monday, March 4, 2019, at 10:00 a.m. Prevailing Eastern Time, or such other time as the Court determines; and it is further

**ORDERED** that any objection on any basis that any party has to the proposed Sale must be in writing and must be filed with the Court no later than March 1, 2019, (Prevailing Eastern Time) on the date that is three calendar days prior to the date of the Sale Hearing (the "<u>Objection Deadline</u>") and served on the following notice parties so as to be received by no later than the Objection Deadline: i) Receiver's counsel, c/o James F. Banter, Esq., James, Bates, Brannan, Groover LLP, 231 Riverside Drive, Macon, Georgia 31201, telephone (478) 742-4280, facsimile (478) 742-8720, email JBanter@JamesBatesLLP.com; (ii) Mike Ranchino, Carroll Consulting, LLC, 1785 Kelley Drive, Hoffman Estates, IL 60192, telephone (312) 480-7082, mranchino.carroll@gmail.com; (iii) NECB's counsel, c/o Michael J. Goldberg, Casner & Edwards, LLP, 303 Congress Street, Boston, Massachusetts 02210, telephone (617) 426-5900, facsimile (617) 426-8810, email goldberg@casneredwards.com; (iv) Carl Marks

Advisory Group, LLC, c/o Joseph R. D'Angelo, 900 Third Ave., 33rd Floor, New York, NY 10022, telephone (917) 968-9650, email jdangelo@carlmarks.com; and (v) Monroe Capital Management Advisors, LLC's counsel, c/o Ivy Cadle, 300 Mulberry St, Ste 201, Macon, GA 31201, telephone (478) 765-1823, email icadle@bakerdonelson.com; and it is further

**ORDERED** that the Receiver shall, in accordance with 28 U.S.C. §§ 2001, 2002 and 2004, a Notice of Receiver Sale attached hereto as "Exhibit 3" with the *Wall Street Journal* and the *Boston Globe* for at least four (4) weeks prior to the proposed Auction, which publication shall be deemed due, timely, good and sufficient notice of the entry of this Order and all proceedings to be held thereon; and it is further

**ORDERED** that any person seeking to participate as a bidder at the Auction shall comply with the Sale Procedures; and it is further

**ORDERED** that each Qualified Bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale; and it is further**;** and it is further

**ORDERED** that this Order shall become effective immediately upon its entry; and it is further

**ORDERED** that this Court shall retain jurisdiction over any and all matters or disputes from or arising from or relating to the implementation of this Order.

**SO ORDERED** this 22nd day of January, 2019.

[*signature on following page*]

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

Case 5:18-cv-00388-TES   Document 142   Filed 01/22/19   Page 7 of 7

7

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**