**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISON**

|  |  |  |
|---|---|---|
| **VC MACON, GA, LLC,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| **v.** | ) | **Case No.  18-cv-00388-TES** |
| | ) | |
| **VIRGINIA COLLEGE, LLC;** | ) | |
| **EDUCATION CORPORATION OF** | ) | |
| **AMERICA,** | ) | |
| | ) | |
| *Defendants.* | ) | |

**PROTECTIVE ORDER**

On January 7, 2019, the Office of the Alabama Attorney General ("Alabama AG")

issued a subpoena [Doc. 164-1] to Virginia College, LLC ("Virginia College") requesting

documents and information related to former students of Virginia College's on-line

school—Virginia College On-Line. The Alabama AG and Virginia College agree that a

protective order is sufficient in order to comply with the Family Educational Rights and

Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232g, and to protect personal information of

the students contained in documents Virginia College intends to produce pursuant to the

Subpoena. The Court therefore orders as follows:

1.  **Applicability.**  This Protective Order is applicable to the Alabama AG,

Virginia College, and any third parties to whom documents or information produced by

Virginia College pursuant to the Subpoena may be disseminated.  This Protective Order

shall be binding on any future document requests from the Alabama AG to Virginia College that implicate the requirements of the FERPA.

2.   **Designation of Confidential Information.**   Any document, data and information that is produced, served or otherwise disclosed by Virginia College pursuant to the Subpoena shall be protected in a manner that is consistent with the definitions and procedures set forth in this Protective Order.  As used herein, "Confidential Information" means any document or disclosure of information, in whatever form, that is not in the public domain and contains confidential trade secrets, research and development, or strategic, financial, commercial, or personal information.  The Alabama AG and Virginia College agree that the documents and information called for by the Subpoena constitute Confidential Information.

3.   **Authorized Users of Confidential Information.**   Except as agreed to in writing by Virginia College, or as otherwise provided herein, Confidential Information produced by Virginia College shall not be shown, disseminated, discussed or disclosed to any person or entity except the following:

a)   The Alabama AG;

b)   Any other local, state or federal agency empowered to investigate, enforce, or prosecute any laws, regulations or rules; and

c)   Attorneys, employees or other personnel within the foregoing agencies to whom it is necessary that Confidential Information be shown.

2

4.   **Scope of Use.**  Confidential Information produced by Virginia College shall be used solely for local, state or federal investigations, enforcement, or prosecution into the affairs of Virginia College, including any legal, administrative, or regulatory proceedings flowing from such investigations.  All persons to whom Confidential Information is disclosed shall take reasonable and appropriate precautions to avoid loss or inadvertent disclosure of Confidential Information.

5.   **Other Actions.** To the extent a person or entity in possession of Confidential Information receives a discovery request or subpoena for Confidential Information in any other proceeding from a person or entity not exempt under FERPA or listed in Paragraph 3 of this Protective Order, and such person or entity believes that they are required by applicable law to produce the Confidential Information and intends to produce the Confidential Information, that person or entity shall provide Virginia College with at least (10) days' advance notice before producing documents in response to such a request or subpoena, to the extent permitted by law, to allow Virginia College to seek to protect Confidential Information from disclosure.  Such notice shall be made by email to Tres Cleveland        (TCleveland@maynardcooper.com)        and        James        Banter (JBanter@jamesbatesllp.com).

6.   Nothing in this Order shall affect, alter, or limit any local, state or federal agency's obligation to comply with public information acts, public disclosure acts, freedom of information acts, similar state laws, or any other state laws.

7.      **Destruction of Confidential Information**. To the extent that a state, local, or federal agency is not required otherwise by law or regulation, all Confidential Information produced pursuant to this Protective Order shall be destroyed within thirty (30) days following the conclusion of a recipient's investigation, inquiry and/or proceeding into the matters for which Confidential Information was obtained.

8.      **Service of Protective Order.** If the Alabama AG disseminates Confidential Information to other state or federal investigative or regulatory departments pursuant to Paragraph 3(b) of this Protective Order, the Alabama AG shall serve a copy of this Protective Order on such investigative or regulatory department.

9.      **Enforcement**.  This Court shall have jurisdiction to enforce the terms of this Protective Order during the pendency of this Proceeding.  Upon the final resolution of this Proceeding, any Party may seek leave to reopen the Proceeding for the limited purpose of seeking to enforce the terms of this Protective Order.

**IT IS SO ORDERED,** this 21st day of February, 2019.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**