IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| VC MACON GA, LLC ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No.** |
| v. ) | **5:18-cv-00388-TES** |
| ) | |
| VIRGINIA COLLEGE, LLC; and ) | |
| EDUCATION CORPORATION OF ) | |
| AMERICA, ) | |
| ) | |
| **Defendants.** ) | |

**ORDER APPROVING RECEIVER'S MOTION FOR ORDER (1) TO SELL THE PROPERTY OTHER THAN IN THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, AND (2) FOR RELATED RELIEF**

This matter came to be heard upon the Receiver's[1] motion [Doc. 167] for an order (1) to sell the Property other than in the ordinary course of business and free and clear of liens, claims, encumbrances, and other interests, and (2) for related relief within the motion (the "Motion"); and it appearing that the notice of the Motion provided is appropriate and sufficient under the circumstances and that no other or further notice need be given; and it appearing that the relief requested is in the best interests of the Receivership Estate, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND, DETERMINED, AND CONCLUDED THAT:**

1.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure (the "Rules").

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Motion.

2. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

3. The Court has jurisdiction over this matter and over the property of the Receivership Estate pursuant to 28 U.S.C. §§ 2001, 2002, and 2004, Rule 66 of the Rules, and this Court's broad equitable powers.

4. Proper, timely, adequate, and sufficient notice of the Motion has been provided. Such notice was sufficient and appropriate under the particular circumstances. No other or further notice of the Motion or of the entry of this Order is necessary or shall be required.

5. A reasonable opportunity to object or be heard regarding the requested relief in the Motion and this Order has been afforded to all parties to this action. The Receiver has the power and authority to foreclose upon and sell the Property free and clear of all liens, claims, and encumbrances (with such liens, claims, and encumbrances, if any, to attach to the sales proceeds), at private sale or public auction pursuant to the Order Appointing Receiver and Preliminary Injunction (Doc. 26) (the "Order Appointing Receiver") and 28 U.S.C. §§ 2001, 2002, and 2004.

6. Upon his appointment and after investigating the financial conditions of the Receivership Estate, the Receiver commenced a comprehensive effort to interview regional brokers. The Receiver's engagement, conditional on the Court's approval, of NAI-Mobile, LLC ("NAI") is reasonable and prudent.

7. The Receiver has demonstrated a sufficient basis and compelling circumstances requiring the entry of the Order and sale of the Property and such action is an appropriate exercise of the Receiver's reasonable business judgment and in the best interests of the Receivership Estate and its creditors.

**NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS HEREBY:**

**ORDERED** that, the Motion is **GRANTED** as set forth herein; and it is further

**ORDERED** that, the Receiver may pursue the sale of the Property through a private sale, with NAI serving as the broker; and it is further

**ORDERED** that, the Receiver's retention of NAI is reasonable and prudent, and that the Receiver is authorized to retain and pay NAI in accordance with the terms of the engagement letter; and it is further

**ORDERED** that, in the event a purchaser is identified, the Receiver shall file a notice with the Court and serve on the Notice Group; and it is further

**ORDERED** that, after the notice is filed, the Court shall set a hearing for the approval of the private sale of the Property; and it is further

**ORDERED** that, if in the Receiver's business judgment a private sale of the Property will not maximize the value of the Property to the Receivership Estate, then the Receiver may conduct a public auction on the courthouse steps of the Court, after providing public notice, pursuant to § 2002, to the Court and the Notice Group; and it is further

**ORDERED** that, this Order shall become effective immediately upon its entry; and it is further

**ORDERED** that, this Court shall retain jurisdiction over any and all matters or disputes from or arising from or relating to the implementation of the Order.

**IT IS SO ORDERED, THIS** 5th day of March, 2019,

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

3