# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| VC MACON GA, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 5:18-cv-00388-TES |
| VIRGINIA COLLEGE, LLC; and | ) | |
| EDUCATION CORPORATION OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER (I) AUTHORIZING AND APPROVING THE APPOINTMENT OF OMNI MANAGEMENT GROUP AS NOTICE AND CLAIMS AGENT TO ECA AND THE RECEIVER AND (II) GRANTING RELATED RELIEF

Upon the application (the "Application")[1] of John F. Kennedy, solely in his capacity as receiver (the "Receiver") for the Receivership Estate (the "Receivership Estate") of Education Corporation of America, Virginia College, LLC, and New England School of Business and Finance (collectively, "ECA"), for entry of an order (this "Order"), (a) appointing Omni as Claims and Noticing Agent for the Receiver and this receivership action (this "Receivership Action") pursuant to the Court's Order Appointing Receiver and Preliminary Injunction (the "Receivership Order") (Doc. 26), including assuming full responsibility for the distribution of notices and the maintenance, processing, and docketing of proofs of claim filed in this Receivership Action, and (b) granting related relief, all as more fully set forth in the Application; and the Receiver having estimated there may be in excess of 50,000 potential creditors in this case, many of which are expected to file proofs of claim; and it appearing that the receiving, docketing, maintaining of

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

proofs of claim would be unduly time consuming and burdensome for the Receiver; and the Receiver being authorized to utilize, at ECA's expense, outside agents and facilities to provide notices to parties in this Receivership Action and to receive, docket, maintain, photocopy, and transmit proofs of claim; and this Court being satisfied that the Claims and Noticing Agent does not hold an interest adverse to the Receiver or the Receivership Estate respecting the matters upon which it is to be engaged; and upon the Deutch Declaration; and upon this Court having jurisdiction over this matter; and this Court having found that the Receiver's notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. Notwithstanding the terms of the Engagement Agreement attached as **Exhibit "C"** to the Application (Doc. 157-3), the Application is **GRANTED** as set forth herein.

2. The Receiver is authorized to retain Omni as Claims and Noticing Agent under the terms of the Engagement Letter, and Omni is authorized and directed to perform noticing services and to receive, maintain, record, and otherwise administer the proofs of claim filed in this Receivership Action, and all related tasks, all as described in the Application.

3. Omni shall serve as the custodian of claims records and shall be designated as the authorized repository for all proofs of claim filed in this Receivership Action and is authorized and

directed to maintain an official claims register for the Receivership Estate and to provide the Receiver with a certified duplicate thereof upon the request of the Receiver.

4. Omni is authorized and directed to establish a website and obtain a post office box or address for the receipt of proofs of claim.

5. Omni is authorized to take such other action to comply with all duties set forth in the Application and the Claims Process.

6. Subject to the Receivership Order and further orders of this Court, the Receiver is authorized to compensate Omni in accordance with the terms of the Engagement Agreement, including the payment of the retainer described therein, upon the receipt of reasonably detailed invoices setting forth the services provided by Omni and the rates charged for each, and to reimburse Omni for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Omni to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

7. Omni shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on ECA, the Receiver, the Court, and any party in interest who specifically requests service of the monthly invoices.

8. The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Engagement Agreement or monthly invoices; *provided* that the parties may seek resolution of the matter from this Court if resolution is not achieved.

9. The fees and expenses of Omni under this Order shall be professional administrative expense of the Receivership Estate.

10. Omni may hold its retainer under the Engagement Agreement during this Receivership Action as security for the payment of fees and expenses incurred under the Engagement Agreement.

11. To the extent applicable in the Engagement Agreement, all requests by Omni for the payment of indemnification shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided* that in no event shall Omni be indemnified in the case for its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

12. In the event that Omni seeks reimbursement from the Receiver for attorneys' fees in connection with the payment of an indemnity claim, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Omni's own applications, both interim and final, but determined by this Court after notice and a hearing.

13. In the event Omni is unable to provide the services set out in this Order, Omni will immediately notify the Receiver and ECA and, upon approval of this Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Receiver and ECA.

14. The Receiver may submit a separate retention application for work that is to be performed by Omni but is not specifically authorized by this Order.

15. Omni shall not cease providing claims processing services during this Receivership Action for any reason, including nonpayment, without an order of this Court; *provided* that Omni may seek such an order on expedited notice by filing a request with this Court with notice of such

request to be served on ECA, the Receiver, and the Court by facsimile or overnight delivery; *provided, further*, that except as expressly provided herein, the Receiver and Omni may otherwise terminate or suspend other services as provided under the Engagement Letter.

16. After entry of an order terminating Omni's services as the Notice and Claims Agent, upon the closing of this Receivership Action, or for any other reason, Omni shall be responsible for archiving all proofs of claim with the Federal Archives Record Administration, if applicable.

17. In the event of any inconsistency between the Engagement Agreement, the Application, and this Order, this Order shall govern.

18. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application.

19. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

20. The Receiver and Omni are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

21. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**IT IS SO ORDERED, THIS** 5th day of March, 2019.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**