# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| VC MACON GA, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) 5:18-cv-00388-TES |
| VIRGINIA COLLEGE, LLC; and | ) |
| EDUCATION CORPORATION OF | ) |
| AMERICA, | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING IN PART AND DENYING IN PART ROBINSON'S MOTION FOR CLARIFICATION

Upon consideration of Plaintiff Keven Robinson's Motion for Entry of an Order Clarifying the Court's Order, (Doc. 175), which sets forth the claims administrative procedure for claims made against the Receivership Estate; and upon consideration of any and all responses to the Motion; and upon finding that due and sufficient notice of the Motion was given, all parties in interest have received notice and have been heard or had the opportunity to be heard, and that no other or further notice is required; it is hereby

1. **ORDERED** that the Motion is Granted in Part and Denied in Part, and it is further

2. **ORDERED** that, the Receiver and the Receivership Entities consider the AIG Policy and any potential proceeds derived therefrom to be outside of the Receivership Estate, (Doc. 133 at 3), and it is further

3. **ORDERED** that, in this Court's Order, (Doc. 141), this Court granted the Receiver's Motion, (Doc. 133), which authorized AIG to pay any covered losses outside of the Receivership Estate, and it is further

4. **ORDERED** that, any students holding or wishing to assert any claim, cause of action, or other rights specifically against the Receivership Entities, but not the Receiver or the Receivership Estate, for which there is insurance coverage under the AIG Policy on account of such claim, cause of action, or other right qualifying as a "Claim" as defined in the AIG Policy, are not barred, estopped or enjoined from holding or wishing to assert such claim, cause of action, or other rights against the Receivership Entities, and it is further

5. **ORDERED** that, students holding or wishing to assert any claim, cause of action, or other rights specifically against the Receivership Entities for which the AIG Policy provides coverage on account of such claim, cause of action, or other right qualifying as a "Claim" as defined in the AIG Policy, may do so independently and separately from the claims process set forth in this Court's Order, (Doc. 175), and it is further

6. **ORDERED** that, except as specifically provided for in Paragraph 4 and Paragraph 5 above, any students holding or wishing to assert any claim, cause of action, or other rights specifically against the Receiver, the Receivership Entities, and/or the Receivership Estate, are subject to, and must complete the claims process as set forth in this Court's Order, (Doc. 175), and it is further

7. **ORDERED** that, students holding or wishing to assert any claim, cause of action, or other rights specifically against the Receivership Entities for which there is insurance coverage under the AIG Policy on account of such claim, cause of action, or other right qualifying as a "Claim" as defined in the AIG Policy, and which claim, cause of action or other right is asserted against the Receivership Entities independently and separately from the claims process, must still complete the claims process for any other claim,

cause of action, or other rights that said student holds or wishes to assert against the Receiver, the Receivership Entities, and/or the Receivership Estate for which the AIG Policy does not or may not provide coverage.

**SO ORDERED**, this 11th day of April, 2019.

TILMAN E. SELF, III, JUDGE
United States District Court