IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| VC MACON GA, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 5:18-cv-00388-TES |
| VIRGINIA COLLEGE, LLC; and | ) | |
| EDUCATION CORPORATION OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE NEW ENGLAND COLLEGE OF BUSINESS OTHER THAN IN THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS**

This case comes before the Court on the Motion[1] of John F. Kennedy, solely in his capacity as receiver (the "Receiver") for the receivership estate (the "Receivership Estate") of Education Corporation of America ("ECA"), Virginia College, LLC ("VCLLC"), and New England College of Business and Finance, LLC d/b/a New England College of Business ("NECB", collectively with ECA and VCLLC, the "Receivership Entities"), seeking an order, pursuant to this Court's broad equitable powers, 28 U.S.C. §§ 2001, 2002, and 2004, and Rule 66 of the Federal Rules of Civil Procedure (the "Rules") to confirm the sale (together with all transactions thereunder or contemplated thereby, the "Sale") of substantially all of the assets of NECB (the "Sale Assets") other than in the ordinary course of business, free and clear of liens, claims, encumbrances, and other interests and authorizing and approving the Receiver to enter into and perform under that certain Asset Purchase Agreement with Monroe Capital Management Advisors, LLC, or its designee or assignee ("Buyer") dated as of April 10, 2019 (collectively with all related agreements,

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

amendments, document or instruments and all exhibits and addenda to any of the foregoing, in accordance with their respective terms, the "Asset Purchase Agreement").

The Court, having entered that certain *Order Granting Receiver's Expedited Motion for Order (1) to Sell the New England College of Business Other than in the Ordinary Course of Business Free and Clear of Liens, Claims and Encumbrances, and Other Interests, (2) Establishing and Approving Bird Procedures for the Sale of the New England College of Business, and (3) for Related Relief* (Doc. 142) and the *Order Granting Receiver's Expedited Motion to Amend Sale Procedures and Extend Deadlines* (Doc. 163) (collectively, the "Sale Order"), approving the Sale Procedures in connection with the Sale of the Sale Assets and notice of the hearing with respect to the Sale, held a hearing on the Motion on April 8, 2019 to approve and confirm the Sale (the "Sale Hearing"). The Court has reviewed the Motion and its Sale Order, found that all parties in interest have received notice and have been heard or had the opportunity to be heard regarding the Sale, including the sale of the Sale Assets free and clear of all liens, claims and encumbrances, considered the evidence and heard arguments of counsel and considered the declarations filed in support of the Sale Motion. The Court has determined that that the relief requested in the Motion, as approved hereby, is in the best interests of the Receivership Estate, creditors, and other parties-in-interest. The Court finds that no other or further notice hereof is required and, after due deliberation and good and sufficient cause existing, makes the following findings of fact and conclusions of law:

A.   The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Rules.

B. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

## Jurisdiction

C. The Court has jurisdiction over this matter and over the property of the Receivership Estate pursuant to 28 U.S.C. §§ 754, 1692, 2001, 2002 and 2004, Rule 66 of the Rules and this Court's broad equitable powers.

D. It is necessary and appropriate for the Court to retain jurisdiction to, among others things, interpret, implement, and enforce the terms and provisions of this Order and the Asset Purchase Agreement, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale, and such jurisdiction is hereby retained.

## Proper Notice of the Motion and Sale

E. Proper, timely, adequate, and sufficient notice of the Motion, the Sale Hearing, and the Sale were provided in accordance and substantial compliance with 28 U.S.C. §§ 2001, 2002 and 2004, the Sale Order and the Receiver Order.

F. Notice of the Motion, Sale Hearing, Sale and a reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities. The notice provided is appropriate and sufficient for all purposes, including the Sale of the Sale Assets free and clear of all liens, claims and encumbrances and is reasonably calculated to apprise all interested parties of the Sale of the Sale Assets free and clear of all liens, claims and encumbrances.

G.      The Receiver has properly published a Notice of Public Sale, as defined in the Sale Order, consistent and in accordance with 28 U.S.C. §§ 2001, 2002 and 2004, the Sale Order and the Receiver Order.

H.      The Receiver complied with all obligations to provide notice of the Motion, Sale Hearing, and Sale required by 28 U.S.C. §§ 2001, 2002 and 2004, the Sale Order and the Receiver Order. The foregoing notice was good and sufficient and appropriate under the circumstances, and no other or further notice of the Motion, the Sale Hearing, or the Sale is required.

I.      The disclosures made by the Receiver concerning the Asset Purchase Agreement, the Sale, and the Sale Hearing were good, complete and adequate.

### The Auction Complied with the Sale Order and Applicable Law

J.      On April 4, 2019, the Receiver conducted the Auction.

K.      The Receiver has complied with all requirements of the Bidding Procedures, 28 U.S.C. §§ 2001, 2002, and 2004, the Sale Order, and the Receiver Order.

L.      The Auction, in all respects, complied with 28 U.S.C. §§ 2001, 2002, and 2004, the Sale Order, and the Receiver Order.

### Highest and Best Offer

M.      At the Auction, Buyer submitted the highest or otherwise best offer received for the Sale Assets.

N.      Neither the Sale, the Asset Purchase Agreement, nor the Receiver's decisions related thereto, violate or are otherwise inconsistent with 28 U.S.C. §§ 2001, 2002, and 2004, the Sale Order, and the Receiver Order.

O.      The Asset Purchase Agreement constitutes the highest and best offer for the Sale Assets and will provide a greater recovery for the Receivership Estate's creditors than would be

4

provided by any other available alternative. The Receiver has demonstrated a good, sufficient and sound business purpose and justification for the Sale, and the Receiver's determination that the Asset Purchase Agreement constitutes the highest and best offer for the Sale Assets constitutes a valid and sound exercise of the Receiver's reasonable business judgment.

P.    The Asset Purchase Agreement represents a fair and reasonable offer to purchase the Sale Assets under the circumstances of this Receivership Case. No other entity or group of entities has offered to purchase the Sale Assets for greater economic value to the Receivership Estate than Buyer.

Q.    The Receiver has good business reasons and sound justification to sell the Sale Assets to Buyer.

### Good Faith of Buyer

R.    Buyer has confirmed that it did not engage in any collusion with respect to the bidding or Sale.

S.    The terms of the Sale, as set forth in the Asset Purchase Agreement, are fair and reasonable under the circumstances of this case.

T.    The Sale, in all respects, complies with the Bidding Procedures in the Sale Order and applicable law.  As demonstrated by the representations of counsel and other evidence proffered at the Sale Hearing: (i) the Receiver has adequately marketed the Sale Assets and conducted the sale process in compliance with the Bidding Procedures Order; (ii) a full, fair, and reasonable opportunity has been given to any interested party to make the highest and best offer for the Sale Assets; (iii) the consideration provided by the Purchaser in the Purchase Agreement constitutes the best offer for the Sale Assets; and  (v) the Receiver's determination that the

Purchase Agreement constitutes the best offer for the Sale Assets constitutes a valid and sound exercise of the Receiver's business judgment.

U. The Asset Purchase Agreement, in all respects, complies with the Bidding Procedures in the Sale Order and applicable law.

V. Buyer negotiated the terms and conditions of the Sale in good faith and at arm's length. Buyer is entering into the Sale in good faith and is a good faith purchaser for value. Buyer will be acting in good faith in closing the Sale after the entry of this Order. The Court has found that Buyer has acted in good faith in all respects in connection with this case.

W. Pursuant to the Sale Order, Buyer, as the agreed-upon Stalking Horse Bidder, is entitled to the protections under the Stalking Horse Bidder and Bid Protections provision of the Bidding Procedures in the Sale Order.

## No Fraudulent Transfer

X. The consideration provided for the Sale Assets pursuant to the Asset Purchase Agreement (i) is adequate, fair and reasonable, (ii) is the highest or otherwise best offer for the Sale Assets, and (iii) constitutes reasonably equivalent value under the laws of the United States, and state, territory or possession thereof or the District of Columbia (including the Uniform Fraudulent Transfer Act, Uniform Voidable Transactions Act, Uniform Fraudulent Conveyance Act and any variation thereof under state law). The Asset Purchase was not entered into, and neither the Receiver nor the Buyer has entered into the Asset Purchase Agreement or propose to consummate the Sale, for the purpose of hindering, delaying, frustrating or defrauding any present or future creditors of the Defendants and the Receivership Estate.

**Validity of Transfer**

Y.     The Receiver's transfer of the Sale Assets to Buyer pursuant to the Asset Purchase Agreement will be a legal, valid, and effective transfer of the Sale Assets. The Receiver's transfer of the Sale Assets, indefeasibly vests Buyer with good and valid title in and to the Sale Assets free and clear of any Claims (as defined below).

Z.     The Receiver has full power and authority to execute and consummate the Asset Purchase Agreement and all related documents and is hereby directed to do so. No consents or approvals, other than those expressly provided for in the Asset Purchase Agreement, are required to consummate the transactions contemplated by the Asset Purchase Agreement.

AA.    The Receiver (i) has all rights and powers with respect to the Receivership Estate and the Sale Assets which are the subject of the Sale, (ii) possesses good, valid and marketable title to such Sale Assets, and (iii) has the ability and authority to convey the Sale Assets to Buyer on the terms and conditions of this Order and the Asset Purchase Agreement.

BB.    The Receiver and Buyer proposed, negotiated and entered into the Asset Purchase Agreement, without collusion, in good faith and at arms' length bargaining positions. Neither the Receiver nor Buyer have engaged in any conduct that would cause or permit the Asset Purchase Agreement and transactions contemplated thereunder to be avoided under applicable law, or costs and damages to be imposed.

CC.    The Receiver is hereby directed to sell the Sale Assets to Buyer free and clear of any Claims pursuant to the authority granted to the Receiver under the Sale Order.

DD. Other than the Assumed Liabilities, the Buyer (and its successors and assigns) shall have no obligations with respect to any liabilities of the Receiver. The transfer of the Sale Assets to the Buyer shall vest the Buyer with valid, good and marketable title to the Sale Assets.

EE. To the fullest extent permissible under applicable law, Buyer shall not be deemed to: (a) be the successor of or successor employer (as described in COBRA and applicable regulations thereunder) to the Receiver or any Receivership Entity, including any common law successor liability, (b) have, *de facto*, or otherwise, merged with or into the Receiver or any Receivership Entity, (c) be a mere continuation or substantial continuation of the Receiver or any Receivership Entity or the enterprise(s) of the Receiver or any Receivership Entity, or (d) be liable for any acts or omissions of the Receiver or any Receivership Entity in the conduct of the business or arising under or related to the Sale Assets other than as set forth in this Order or the Asset Purchase Agreement. Without limiting the generality of the foregoing, and except as otherwise provided in this Order or the Asset Purchase Agreement, Buyer shall not be liable for any liens, claim and encumbrances against the Receiver or any Receivership Entity or any of their predecessors or affiliates, and Buyer shall have no successor or vicarious liability of any kind or character whether known or unknown as of the Closing Date, whether now existing or hereafter arising, or whether fixed or contingent, with respect to the Sale Assets or any liabilities the Receiver or any Receivership Entity arising prior to the Closing Date.

FF. The Buyer would not have entered into the Asset Purchase Agreement, would not have offered to pay the consideration contemplated in the Asset Purchase Agreement, and would not consummate the Sale, thus adversely affecting the Receivership Estate, its creditors and other parties in interest, if the Sale of the Sale Assets was not free and clear of all Claims, less and except the Assumed Liabilities.

**The Sale is in the Best Interests of the Receivership Estate**

GG. No interested party has objected to the Motion, Sale Order, or Sale.

HH. The Court's approval of the Sale and the Asset Purchase Agreement is in the best interests of the Receivership Estate and its creditors.

**NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted subject to the terms and conditions contained herein.

2. All objections to the entry of this Order or to the relief granted and requested in the Motion are denied and overruled on the merits. Any objection not asserted by any interested party is deemed waived.

3. The Asset Purchase Agreement is approved in all respects, and the Receiver is authorized and directed (subject to applicable closing conditions set forth in the Asset Purchase Agreement), to consummate the Sale approved herein, including transferring and conveying the Sale Assets to Buyer, pursuant to and in accordance with the terms and conditions of the Asset Purchase Agreement.

4. The Receiver is authorized, directed and empowered to consummate and implement fully the Asset Purchase Agreement, together with all additional instruments and documents that may be necessary to implement and consummate the Sale in accordance with the Asset Purchase Agreement.

5. The Receiver and the Receiver's professionals are authorized and directed to take all actions necessary for the purpose of assigning, transferring, granting, conveying, and conferring the Sale Assets to Buyer.

6. Time being of the essence, the Buyer is hereby directed to use its best efforts to close the Sale in accordance with the Asset Purchase Agreement.

7. In the Receiver's sole discretion, any agreements, documents, or other instruments, including the Asset Purchase Agreement and any agreements, documents, or other instruments executed in connection with or pursuant to the Asset Purchase Agreement, may be modified, amended, or supplemented by the parties in accordance with the terms of the Asset Purchase Agreement without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Receivership Estate.

8. The transfer of the Sale Assets to Buyer on the Closing Date shall be, to the fullest extent permitted by law, free and clear of any and all liens, encumbrances, claims, charges, defenses, off-sets, recoupments and interests thereon and there against of whatever type or description, whether arising by agreement, statute, or otherwise, including, without limitation, restrictions on or conditions to transfer or assignment, liens, mortgages, security interests, pledges, hypothecations, control agreements, equities and other claims and interests having arisen, existed or accrued prior to and through the Closing Date, whether direct or indirect, monetary or non-monetary, arising at law or in equity, contract or tort, absolute or contingent, matured or unmatured, voluntary or involuntary, liquidated or unliquidated, of, by or against the Sale Assets, (collectively, the "Claims"). Any and all Claims will attach to the net proceeds of the Sale with the same effect, validity, enforceability and priority of such Claims, if any, as such Claims had against the Sale Assets prior to the Sale contemplated hereby, subject to any rights, claims, defenses and objections of the Receiver and all interested parties with respect to such Claims, as determined by the Court.

9. No party shall have any rights of redemption with respect to the Sale Assets being sold.

10. Buyer is providing the Receivership Estate with reasonably equivalent value and fair consideration for the Sale Assets and, for that reason, the transfer may not be avoided.

11. All entities that are presently, or upon closing may be, in possession of some or all of the Sale Assets are directed to surrender possession of the Sale Assets to the Receiver.

12. The provisions of this Order authorizing the sale of the Sale Assets free and clear of any Claims shall be self-executing, and the Receiver and Buyer shall be required, but are permitted in their discretion, to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order.

13. Neither the purchase of the Sale Assets by Buyer, nor the subsequent operation of the Sale Assets as an educational institution, shall cause Buyer or its affiliates, successors or assigns or their respective properties (including the Sale Assets) to be deemed a successor in any respect of the Receivership Estate's or the Defendants' business operations within the meaning of any laws, rules or regulations relating to any tax, revenue, pension, benefit, ERISA, environmental, labor, employment, products liability or other law, rule or regulation of any federal, state or local government.

14. Upon closing, this Order constitutes a full and complete general assignment, conveyance and transfer of the Sale Assets and/or a deed or a bill of sale transferring good and marketable title in the Sale Assets to Buyer on the Closing Date free and clear of all Claims. Each and every federal, state, and local governmental agency or department is directed to accept this Order as such an assignment, deed and/or bill of sale or any and all documents and instruments

necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement. If necessary, this Order shall be accepted for recordation on or after the Closing Date as conclusive evidence of the free and clear, unencumbered transfer of title to the Sale Assets to Buyer.

15. This Order is effective as a determination that any and all claims, if any, will be, and are, without further action by any person or entity, unconditionally released, discharged, and terminated with respect to the Sale Assets. Upon the Closing Date, each of the Receiver's creditors and any other holder of a lien, claim, or interest shall be deemed to have released its lien, claim, or interest in the Sale Assets, if any, as such lien, claim, or interest may have been recorded or may otherwise exist. This Order shall be binding upon and shall govern the acts of all persons including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments (including all taxing authorities), secretaries of state, federal, state, and local officials, and all other persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of such assets or other property interests. Following the Closing Date of the Sale, no holder of any lien, claim, or interest shall interfere with the Purchaser's title to, or use and enjoyment of, the Sale Assets based on, or related to, any such lien, claim, or interest, or based on any actions the Receiver may take.

16. This Order is binding upon all entities that may be required to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title in or to any of the Sale Assets.

17. All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with the ability of the Receiver to transfer the Sale Assets to the Purchaser in accordance with the Purchase Agreement and this Order. Following the Closing Date, except for persons entitled to enforce Assumed Liabilities, and subject to paragraph 18 herein, all persons (including, but not limited to, the Receiver, creditors, investors, current and former employees and shareholders, and, to the extent permitted by law, administrative agencies, governmental units, secretaries of state, federal, state, and local officials, including those maintaining any authority relating to any environmental, health and safety laws, and the successors and assigns of each of the foregoing) holding liens, claims, or interests in the Sale Assets or against the Receiver in respect of the Sale Assets of any kind or nature whatsoever shall be, and hereby are, forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such liens, claims, or interests against the Purchaser or any affiliate of the Purchaser or any of their respective property, successors and assigns, or the Sale Assets, as an alleged successor or on any other grounds, to the fullest extent permitted by law. No person shall assert, and the Purchaser and the Sale Assets shall not be subject to, to the fullest extent permitted by law, any defaults, breaches, counterclaims, offsets, defenses (whether contractual or otherwise, including, without limitation, any right of recoupment), liabilities, or claims and interests of any kind or nature whatsoever to delay, defer, or impair any right of the Purchaser or the Receiver, or any obligation of any other party, under or with respect to any Sale Assets, with respect to any act or omission that occurred prior to the Closing Date or with respect to any other agreement or any obligation of the Receiver that is not an Assumed Liability.

18. Nothing in this Order or the Asset Purchase Agreement and documents related thereto releases, nullifies, precludes, or enjoins the enforcement of any police or regulatory power

or liability to any educational regulatory agency or accreditor, including but not limited to the U.S. Department of Education ("DOE"), the Massachusetts Department of Education ("MDHE"), the New England Commission of Higher Education ("NECHE") and other similar federal and state educational regulators and accreditors that any entity would be subject to as the post-sale owner or operator of the Sale Assets after the date of entry of this Order. Nothing in this Order or the Asset Purchase Agreement and documents related thereto authorizes the transfer or assignment of any educational (a) license, (b) permit, (c) registration, (d) authorization, (e) accreditation or (f) approval provided by an educational regulatory agency or accreditor, including without limitation the DOE, MDHE, NECHE and other similar federal and state educational regulators and accreditors, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under applicable law.

19. This Court retains exclusive jurisdiction to (a) enforce and implement the Asset Purchase Agreement and any other agreements and instruments executed in connection with the Asset Purchase Agreement, (b) compel delivery of possession of the Sale Assets to Buyer, (c) resolve any disputes, controversies or claims arising out of or relating to the Asset Purchase Agreement and Sale, and (d) interpret, implement and enforce the provisions of this Order.

20. The terms and provisions of the Asset Purchase Agreement and this Order will be binding in all respects upon, and will inure to the benefit of, the Receiver, the Receivership Estate, Buyer and its respective affiliates, successors and assigns, and any affected third parties.

21. All persons who hold Claims against the Receivership Estate, the Defendants, insiders of the Defendants, or the Sale Assets are forever estopped and permanently enjoined from asserting or prosecuting any claims or causes of action against Buyer, its affiliates, successors or

assigns or any of their respective officers, directors, employees, attorneys or advisors, arising out of or in connection with the Sale.

22. To the extent of any inconsistency between the provisions of any agreements, documents, or other instruments executed in connection with the Asset Purchase Agreement and this Order, the provisions contained in the Asset Purchase Agreement will control.

23. Buyer acted in good faith in purchasing the Sale Assets under the Asset Purchase Agreement. For that reason, the reversal or modification of the Sale on appeal shall not affect the validity of the Sale to Buyer, whether or not the Buyer knows of the pendency of the appeal, and such appeal shall be moot.

24. Pursuant to Rule 62 of the Rules, the authority granted to the Receiver to close the Sale in accordance with the Asset Purchase Agreement, and any actions taken by the Receiver pursuant to such authority, may not be stayed even if an appeal is taken.

25. To any extent necessary under Rule 54(b) of the Rules, the Court expressly finds that there is no just reason for delay in the implementation of this Order.

26. Time is of the essence and this Order will take effect immediately upon entry.

27. Time being of the essence, and for good cause shown, any motions to reconsider, amend, alter or vacate this Order, under Rules 59 and 60 of the Rules or otherwise, and any notice appeal of this this Order under the Federal Rules of Appellate Procedure shall be filed and noticed to all interested parties within fourteen (14) days after the entry of this Order, or shall be otherwise forever barred.

**SO ORDERED**, this 11th day of April, 2019.

S/ Tilman E. Self, III<br>
**TILMAN E. SELF, III, JUDGE**<br>
**UNITED STATES DISTRICT COURT**

Order Prepared By:

James F. Banter
JAMES, BATES, BRANNAN, GROOVER LLP
231 Riverside Drive
Macon, Georgia 31201
Phone 478/742-4280
Fax 478/742-8720