IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **VC MACON GA, LLC,**<br><br>*Plaintiff,*<br><br>v.<br><br>**VIRGINIA COLLEGE, LLC; and EDUCATION CORPORTAION OF AMERICA,**<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:18-cv-00388-TES** |

**ORDER DENYING CLAIMANTS' APPLICATION FOR CLASS TREATMENT**

On November 14, 2018, the Court placed Defendant Education Corporation of America under receivership [Doc. 26] and subsequently approved the Receiver's Claims Administration Procedures [Doc. 175] on March 6, 2019. The Administrative Procedures established the process by which a claimant may assert a claim, cause of action, or other right against the Receiver or the Receivership Estate.

In the Motion [Doc. 204] before the Court, Claimants Deborah Santos and Pamela Miller seek class-treatment application to their Proof of Claim against Defendants pursuant to Federal Rule of Civil Procedure 23 (or Federal Rule of Bankruptcy Procedure 7023, alternatively). [Doc. 204 at p. 3]. For the reasons stated below, the Court **DENIES** Claimants' Motion for Application of Class Treatment [Doc. 204] of their Proof of Claim.

According to the Proof of Claim attached to the Motion, Claimants Miller and Santos were employed as adjunct instructors at Virginia College's California campuses at some point between November 2014 and November 2018. [Doc. 204-1 at pp. 19–20]. For some duration of her employment, Miller's complaint in her state-court lawsuit alleges that she "was subject to [Virginia College's] unlawful policies." [*Id.* at p. 10]. In its most general sense, the underlying state-court complaint alleges that that Virginia College failed to, *inter alia*, pay her and "all other instructors who are classified as non-exempt hourly employees," for all hours worked in violation of California labor law. [*Id.* at p. 9]. As a result of these violations, Miller filed a representative action pursuant to California's Labor Code Private Attorneys General Act of 2004, Labor Code §§ 2698 *et seq.* ("PAGA"), for civil penalties and attorneys' fees and costs against Virginia College, LLC, in the Superior Court of the State of California, County of San Diego. [Doc. 204-1 at p. 9]. This California state-court lawsuit, is currently on appeal in the California Courts of Appeal. [Doc. 204 at p. 6, n.3].

As stated in their Motion, Claimants urge the Court to "exercise its discretion" and apply Fed. R. Civ. P. 23 (or Fed. R. Bankr. P. 7023, alternatively) to their Proof of Claim because "class treatment will aggregate claims of [other adjunct instructors] into one lawsuit[,] thus avoiding the need for filing individual proofs of claim, and will achieve [a] significant measure of judicial economy by lowering the costs of litigation." [*Id.* at p. 7]. However, such a rule-based exercise of discretion is unneeded at this time because

whether Claimants' class-based Proof of Claim *could* now, or at some point in the future, satisfy the requirements of Fed. R. Civ. P. 23 (or Fed. R. Bankr. P. 7023, alternatively) is irrelevant.

The Court's Order Approving the Proposed Claims Administration Process [Doc. 175], provides that any "[c]laimant[ ]" holding a claim "against the Receivership Estate **shall** file a Claim Form . . . on or before the applicable Bar Date." [Doc. 175 at p. 2 (emphasis in original)]. Given that "April 15, 2019 at 5:00 p.m. (Prevailing Eastern Time) . . . [was] the last date and time for each person or entity, except students, to file a [Pre-Receivership] claim against the Receivership Estate," the method in which Claimants seek to procure claims on behalf of a "class" equates to a direct circumvention of the Claims Administration Process implemented by the Court. [Doc. 175-1 at pp. 1–2]. If the Court were to grant Claimants' request, the prospective additional class members who failed to, despite notice, file a Claim Form by the applicable Bar Date would be entitled to proceed with a claim against the Receivership Estate. This would result in unfair treatment to those who complied with the Court's Administrative Procedures.

Accordingly, the Court will not carve an exception to its claims procedures and **DENIES** Claimants' Application for Class Treatment [Doc. 204].

**SO ORDERED**, this 4th day of June, 2019.

S/ Tilman E. Self, III  
**TILMAN E. SELF, III, JUDGE**  
**UNITED STATES DISTRICT COURT**