IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **VC MACON GA, LLC** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. ) 5:18-cv-00388-TES |
| **VIRGINIA COLLEGE, LLC; and EDUCATION CORPORATION OF AMERICA,** | ) ) ) ) |
| Defendants. | ) ) |

**ORDER APPROVING RECEIVER'S AMENDED MOTION FOR ORDER (1) TO SELL CERTAIN ACCOUNTS RECEIVABLE OTHER THAN IN THE ORDINARY COURSEOF BUSINESS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, AND (2) FOR RELATED RELIEF**

This matter came to be heard upon the Receiver's[1] *Amended Expedited Motion for Order (1) to Sell Certain Accounts Receivable Other than in the Ordinary Course of Business Free and Clear of Liens, Claims, Encumbrances, and Other Interests, and (2) for Related Relief* (Doc. 239) (the "Motion"); and it appearing that the notice of the Motion provided is appropriate and sufficient under the circumstances and that no other or further notice need be given; and it appearing that the relief requested is in the best interests of the Receivership Estate, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND, DETERMINED, AND CONCLUDED THAT:**

1.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure (the "Rules").

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Motion.

2. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

3. The Court has jurisdiction over this matter and over the property of the Receivership Estate pursuant to 28 U.S.C. §§ 2001, 2002, and 2004, Rule 66 of the Rules, and this Court's broad equitable powers.

4. Pursuant to this Court's broad equitable powers, the Court has exercised its discretion to waive and adjust the statutory requirements of 28 U.S.C. §§ 2001, 2002, and 2004 due to the Receiver establishing that good cause was present under the exigent circumstances present. Proper, timely, adequate, and sufficient notice of the Motion and Confirmation Hearing has been provided. Such notice was sufficient and appropriate under the particular circumstances. No other or further notice of the Motion or of the entry of this Order is necessary or shall be required.

5. A reasonable opportunity to object or be heard regarding the requested relief in the Motion and this Order has been afforded to all interested parties to this action. The Receiver has the power and authority to foreclose upon and sell the Collectable AR free and clear of all liens, claims, encumbrances and interests (with such liens, claims, encumbrances and interests, if any, to attach to the sales proceeds), at a private sale pursuant to the Receivership Order, 28 U.S.C. §§ 2001, 2002, and 2004 and this Court's broad equitable powers.

6. Upon his evaluation of the possible sale of the entire Student AR, and the value to the entire Receivership Estate upon the sale of the entire Collectable AR, the Receiver determined to forego selling the 120 AR. The Receiver's decision to not sell the 120 AR, and to only sell the Collectable AR, is reasonable and prudent given the value the Collectable AR can

provide to the Receivership Estate. The Receiver's decision is also consistent with regulations adopted by the United States Department of Education ("DOE"). The DOE will dismiss the federal student loans of any student, under certain conditions, who was unable to finish their program of study because their institution closed. These regulations, called the "closed school discharge rules", are spelled out in 34 CFR 685.214. Thus, the Receiver is not treating ECA's students materially any different than the DOE as it relates to student loan debt.

7. The Receiver, through the assistance of his professionals, solicited numerous quotes from several potential purchasers regarding the sale of the Collectable AR. The Receiver's efforts to solicit numerous offers for the Collectable AR were reasonable and prudent given the expedited nature of the Private Sale Process, and the Receivership Estate's immediate need for funds. The Receiver's efforts to solicit offers to sell the Collectable AR and negotiate with potential purchasers were conducted at arms-length and in good faith.

8. Based upon the information available to the Receiver, and with the assistance of his advisors, the Receiver determined in his business judgment that the offer from Elevation Capital Partners ("Elevation"), was the highest or otherwise best offer for the Collectable AR, as evidenced by other offers obtained by the Receiver, which have been provided to the Court. The Receiver subsequently executed that certain Asset Sale Agreement with Elevation, attached hereto as Exhibit A (the "Sale Agreement"), subject to this Court's approval.

9. Elevation's offer is a fair market offer for the Collectable AR, given the circumstances facing the Receivership Estate. The Receiver's sale of the Collectable AR to Elevation pursuant to the terms of the Sale Agreement and related documents is appropriate and prudent to bring the most value reasonably possible for the Receivership Estate.

10. The Receiver has demonstrated a sufficient basis and compelling circumstances requiring the entry of the Order and sale of the Collectable AR to Elevation in accordance with the Sale Agreement and such action is an appropriate exercise of the Receiver's reasonable business judgment and in is the best interests of the Receivership Estate and its creditors.

**NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS HEREBY:**

**ORDERED** that all objections to the Motion are **OVERRULED**; and it is further

**ORDERED** that the Motion is **GRANTED** as set forth herein; and it is further

**ORDERED** that the Receiver's execution of and entry into the Sale Agreement with Elevation is hereby approved in all respects, and the Receiver is authorized to fully perform thereunder; and it is further,

**ORDERED** that the Receiver may sell the Collectable AR to Elevation through a private sale, free and clear of all liens, claims, encumbrances and interests; and it is further,

**ORDERED** that nothing in this Order or the Sale Agreement and documents related thereto releases, nullifies, precludes, or enjoins any claim or defense that a debtor may assert, the enforcement of any legitimate police or regulatory power or liability to any educational regulatory agency or accreditor, including but not limited to the **DOE**, any other similar federal and state educational regulators and accreditors, or any other federal or state governmental unit, that any person or entity would otherwise be subject to under applicable law as the post-sale owner or collector of the Collectable AR after the date of entry of this Order; and it is further,

**ORDERED** that this Order shall become effective immediately upon its entry; and it is further,

**ORDERED** that this Court shall retain jurisdiction over any and all matters or disputes from or arising from or relating to sale of the Collectable AR and the implementation of the Order.

SO ORDERED, this __17__ day of September, 2019.

_____
TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT