IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **VC MACON GA, LLC**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**VIRGINIA COLLEGE, LLC; and EDUCATION CORPORATION OF AMERICA,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Action No. 5:18-cv-00388-TES** |

**PROTECTIVE ORDER**

To facilitate discovery in this lawsuit, and to protect each party's interest in maintaining the confidentiality of proprietary or other business sensitive matters and trade secrets, and to eliminate the need for repeated requests from counsel suggesting that this Court become directly involved in the discovery process, documents and information produced by the parties to this action shall be subject to the following terms and conditions of this Protective Order ("Order"):

1. (a) This Order shall govern the production, disclosure, and/or use of documents including all copies, excerpts, and summaries thereof, and any deposition testimony, deposition exhibits, interrogatory responses, admissions, and any other information produced or given by a party during the course of the above-captioned action (the "Action") in connection with discovery in the Action (such information hereinafter referred to as "Discovery Material").

(a) The provisions of this Order shall apply to (i) the parties to the Action, and (ii) any other person receiving, producing, or disclosing Discovery Material in this Action who agrees to be bound by the terms of this Order. As used herein, "person" shall include the named parties to this Action, non-party witnesses in the Action and others who have agreed to be bound by this Order pursuant to paragraph 4, including expert witnesses retained by counsel of record.

(b) This Order shall not apply to any document, testimony, or other information which is or becomes generally available to the public other than as a result of disclosure in violation of this Order.

(c) Discovery Material, or information derived therefrom, shall be used solely for prosecution or defense of this Action – including any appeal – and shall not be used for any other purposes.

2. Any person may designate as "Confidential" any non-public Discovery Material which it produces in the course of discovery proceedings herein when such person in good faith believes such Discovery Material contains trade secrets or sensitive commercial, financial, proprietary business, or personal information of the person producing it or the person to which it pertains. The Discovery Material so designated will also render "Confidential" any copies, excerpts, summaries, or other documents reflecting or referring to the substance or contents of such Material ("Confidential Material"), subject to the provisions of paragraph 1(c) of this Order.

3. Confidential Material shall be subject to the following restrictions:

(a) Confidential Material shall be used only for the purpose of preparing for and conducting the Action – including any appeals – and not for any other

purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except those specified respectively in sub-paragraph (b) below to whom it is necessary that such Material be given or shown for the purposes permitted under this paragraph.

(b) Confidential Material may be disclosed, for the purposes set forth above, only to:

i. counsel of record for the parties in the Action and attorneys, clerical, paralegal, and other staff employed by such counsel who are assisting in the conduct of this Action and for no other purposes;

ii. the parties and those officers, directors, and employees of the corporate parties to the Action deemed necessary by the parties to aid counsel in the prosecution or defense of this Action;

iii. witnesses at any deposition or hearing in this Action or in preparation of such deposition or hearing;

iv. such expert witnesses of the parties as counsel in good faith requires to provide assistance in the conduct of this Action;

v. the Court, court personnel, potential jurors, jurors, and/or alternate jurors;

vi. court reporters employed in connection with this Action; and

vii. any other person that the parties agree to in advance in writing.

4. Each person, excluding counsel of record, prior to being given access to Confidential Material, shall (i) agree to be bound by the terms of this Order; (ii) consent to the

jurisdiction of this Court for purposes of enforcement of this Order; and (iii) agree not to disclose or use Confidential Material for purposes other than permitted under this Order.

5. Confidential Material shall be designated as follows:

(a) In the case of documents, designation shall be made by placing the legend "CONFIDENTIAL" on each page of any such document prior to production.

(b) In the case of disks or compact disks, designation shall be made for purposes of the entire contents of the disk, unless otherwise indicated, by placing the legend "CONFIDENTIAL" on the disk.

(c) In the case of depositions, designation of the transcript or portion of the transcript which contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition. Additionally, a party or non-party may designate in writing, within ten (10) days after receipt of the deposition transcript for which the designation is to be made, that the transcript or specific pages of the transcript be treated as Confidential Material. If the designation is made during the course of the deposition, the reporter attending such deposition shall thereafter bind the transcript thereof in separate portions containing the non-confidential material and the Confidential Material, and the reporter shall place the appropriate legend on the cover of each separately bound portion of the transcript. (The parties may modify this procedure for any particular deposition through agreement without further court order.).

(d) In the case of interrogatory answers, designation shall be made by placing a "CONFIDENTIAL MATERIAL" legend on each page of any such answer.

6. (a) No party concedes that any Discovery Material designated by any other person as Confidential Material does in fact contain or reflect trade secrets, proprietary or confidential information, or has been properly designated as Confidential Material, and entering into this Order shall not prejudice, in any way, the right of a party to seek at any time a determination by the Court of whether any particular document or information should be subject to the terms of this Order.

(b) A party shall not be obligated to challenge the propriety of the designation of Discovery Material as Confidential Material at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If a party challenges such designation, it shall send or give notice to the designating party or the challenging party may, and on reasonable notice, apply for an appropriate ruling from the Court. The designated Discovery Material at issue shall continue to be treated as Confidential Material until the Court orders otherwise.

7. This Order, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of the Action, including any appeals. At the conclusion of the Action, including all appeals, all documents, or other information or Material designated as "Confidential," all copies thereof and (except as provided herein with respect to documents reflecting attorney work product) all documents

reflecting the same shall be promptly returned by the receiving person to the producing person. To the extent that documents reflecting attorney work product contain information designated "Confidential," the receiving person may, in lieu of returning such documents to the producing person, certify in writing to the producing person that such documents have been destroyed. All briefs, pleadings, or other filings with the Court which incorporate or disclose Confidential Material may remain in the possession of the parties' respective counsel and need not be destroyed, but shall remain subject to the terms and conditions of this Order.

8. A party's inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is privileged or protected from discovery as work product, and the party inadvertently producing such document or other information shall not be held to have waived any rights by such inadvertent production. A party's production of any document or other information during discovery in this action, which absent such production would have been in whole or in part privileged under the attorney-client privilege or work product doctrine, will not waive the attorney-client privilege or the work product doctrine as to any document or other information not produced, regardless of its subject matter. Upon the request of counsel for a producing party for a document otherwise protected by the attorney-client and/or work product privileges, the non-producing party shall return the document to counsel for the producing party and shall be prohibited from making any copies of such document or disclosing its contents to anyone, notwithstanding paragraph 3 of this Order.

9. In the event additional persons become parties to this Action, neither their counsel nor experts retained to assist said counsel shall have access to Confidential Material produced or obtained from any other party to the Action until said party has executed a copy of this Order.

SO ORDERED, this the 2 day of Oct, 2019.

TILMAN E. SELF, III
UNITED STATES DISTRICT JUDGE