# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **VC MACON GA, LLC,** *Plaintiff,* v. **VIRGINIA COLLEGE, LLC; and EDUCATION CORPORATION OF AMERICA,** *Defendants.* | **CIVIL ACTION NO.** 5:18-cv-00388-TES |

## ORDER INSTRUCTING AND DIRECTING THE RECEIVER TO TERMINIATE THE 401(k) PLAN

This matter appearing before the Court upon the Receiver's Petition for Instruction Concerning Termination of 401(k) Plan and Other Related Relief [Doc. 305] (the "Petition")[1]; and it appearing that the relief requested is in the best interests of the Receivership Estate, its creditors, the Plan participants and beneficiaries, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND, DETERMINED, AND CONCLUDED THAT**:

1. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure (the "Rules").

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Petition.

2. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

3. A reasonable opportunity to object or be heard regarding the requested relief in the Petition has been afforded to those appearing in the case through CM/ECF. Additionally, Fidelity and the VCLLC board were informed and provided a reasonable opportunity to object or be heard regarding the requested relief in the Petition.

4. The Court has jurisdiction over this matter and over the property of the Receivership Estate pursuant to 28 U.S.C. §§ 2001, 2002, and 2004, Rule 66 of the Rules, and this Court's broad equitable powers.

5. Pursuant to this Court's Appointment Order [Doc. 26], the Court has retained its jurisdiction over this matter to interpret any provision of this Court's Appointment Order. Doc. 26, p. 15.

6. The Receiver's determination, in his business judgment, to terminate the Plan is a necessary and prudent step in the necessary wind down of ECA and closure of the Receivership Estate.

7. The Receiver's determination, in his business judgment, to engage Fidelity to assist with the Plan termination process is proper and prudent to implement the necessary wind down of ECA.

8. The Receiver's determination, upon consultation of his professionals and in his business judgment, to not file a Form 5310 with the IRS concerning the termination of the Plan is proper, prudent, and in the best interest of the Receivership Estate.

9. The Appointment Order grants the Receiver the authority to terminate the Plan.

**NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS HEREBY**:

**ORDERED** that the Petition [Doc. 305] and the relief requested are **GRANTED** as set forth herein; and it is further,

**ORDERED** that the Receiver is **INSTRUCTED AND DIRECTED** to promptly and properly terminate the Plan, in accordance with all applicable laws, and it is further,

**ORDERED** that this Order shall become effective immediately upon its entry; and it is further,

**ORDERED** that this Court shall retain jurisdiction over any and all matters or disputes from or arising from or relating to termination of the Plan and the implementation of this Order.

Dated: December 27, 2019.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**