# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **VC MACON, GA LLC,** *Plaintiff*, v. **VIRGINIA COLLEGE LLC, and EDUCATION CORPORATION OF AMERICA,** *Defendants.* | **CIVIL ACTION NO.** **5:18-cv-00388-TES** |

## ORDER DENYING THE UNITED STATES' REQUEST
## FOR AN EXTENSION OF TIME AND TO RESCHEDULE HEARING

Before the Court is the United States' eleventh-hour motion asking for more time to decide whether it needs to file a Statement of Interest pursuant to 28 U.S.C. § 517 regarding the Receiver's Motion to Confirm and Approve Settlement and Enter Bar Order (the "Confirmation Motion") [Doc. 529]. [Doc. 536, p. 2]. The Government also asks the Court to postpone the hearing for the Confirmation Motion that has already been set and noticed purely for its own accommodation.[1] [*Id.* at p. 3]. Quite understandably, because the imminent settlement has taken years to achieve, the Receiver objects to the Government's requests. [Doc. 537, p. 2]. For the reasons

---

[1] As noted in the Government's motion, the Court set today, December 30, 2022, as the final day for any interested party to file its objections. As of 11:45 p.m. EST, no other party has objected.

explained below, the Court **DENIES** the Government's Motion [Doc. 536].

In anticipation of that hearing, the Receiver filed a Motion for Expedited Briefing Schedule [Doc. 530]. The Court granted that motion, and it gave "[a]ny party desiring to file a response or objection" to the Confirmation Motion until "Friday, December 30, 2022[,]" to do so. [*Id.*]; *see also* n.1, *supra*. When the Court filed its Order Amending Briefing Schedule [Doc. 531] on December 19, 2022, a Notice of Electronic Filing ("NEF") was sent to every case participant for this case who registered to receive them.

This receivership case began over four years ago, and as the Receiver states in his Response [Doc. 537], "[i]t is not a secret" that over the past several months he has been nearing a settlement of his claims against the Directors and Officers regarding the closure of the Education Corporation of America ("ECA") and its subsidiary institutions. [Doc. 537, p. 2]. During those four years, countless individuals have worked innumerable hours to get this receivership case where it is today. In four days, on Tuesday, January 3, 2023, the Court will hold a hearing regarding the settlement of the Receiver's claims. *See* [Doc. 531, p. 1].

In the Government's motion, it states that because it is "not a party to this receivership[,] [it] did not receive the filing." [Doc. 536, p. 1]. But that tells only part of the tale. Through its oversight, the Court is well aware of the many conversations that the Receiver has had and attempted to have regarding the Department of Education's

2

interest or lack thereof in this receivership case.[2] If the Government didn't receive any NEFs, it's because it made the decision to not register for them. The other part of the tale is that the Government has made the calculated decision not to file any sort of Proof of Claim for the parties that it suspects may have an interest in the assets that the Receiver may ultimately marshal or recover. *See generally* [Doc. 175]. In the Court's opinion, the fact that the Government may not have received notice is solely the consequence of its decisions. It can now live with those decisions.

Apparently, it was only due to the professional courtesy of the Receiver's counsel that the Government received notice of the Court's impending hearing and the expedited briefing schedule via email on December 21, 2022. [Doc. 536, p. 1]. The main reason the Government argues that it needs an extension of time is because "[a]lmost all individuals at the Department of Justice, [the Department of Education], and [the Department of Veterans' Affairs] who have responsibility for evaluating and pursuing potential claims related to ECA were on leave for at least parts of the period from December 20 through [December 30, 2022]."[3] [*Id.* at p. 2]. The Court accepts that the objection period covered a holiday for "[a]lmost all individuals . . . who have responsibility for evaluating and pursuing potential claims related to ECA[,]" but that

---

[2] For example, the Court has approved expenses for the Receiver to travel to Washington, DC to meet with the Secretary of Education regarding this case.

[3] The Government's counsel who filed the instant motion was on leave "through December 27[.]" [Doc. 536, p. 2].

3

doesn't really help the Government because everyone else involved in this receivership case, from sole proprietors and family businesses to large law firms, also had to deal with the holiday season. [Doc. 536, p. 2].

Now, just hours before deadline to object, the Government raises its hand wanting more time. Such last-minute efforts just don't cut it. When you weigh the length and complexity of this receivership case and the amount of communication between the Government, the Receiver, and the Receiver's counsel against the Government's grasping argument that the individuals from the aforementioned agencies were out of the office for nearly two weeks, the Court finds no good cause to extend its deadline or reschedule its hearing.

When it comes to prejudice to the Receiver, the Government's motion also ignores that he "has incurred significant expense" to provide notice of the Court's deadline and the hearing scheduled for January 3, 2023. [Doc. 537, p. 1]. To reset everything now, based on the Government's decision to effectively exempt itself from this receivership case, would require a doubling of those significant expenses at the burden of the Receivership Estate.[4] [*Id.* at pp. 1–2].

Finally, according to the Receiver's Response, his counsel "made himself available several times" in the week leading up to the Court's scheduled hearing to

---

[4] Notably, the Government did not offer to reimburse the Receiver for the extra costs associated with rescheduling the hearing.

discuss the Settlement Agreement with the Government's counsel and "answer any questions" he may have. [*Id.* at p. 2 n.1]. If the Government believes that it may have an interest in the assets that the Receiver may collect, it can attempt to press that interest, if any, in the distribution phase of this receivership case.[5]

**SO ORDERED**, this 30th day of December, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[5] By referencing any potential claim in the distribution phase of this case, the Court offers no opinion as to the Government's possible waiver of any claim by failing to file the requisite proof of claim as set forth in one of the Court's previous orders in this receivership case. [Doc. 175].