IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

VC MACON GA, LLC,

               Plaintiff,

v.

VIRGINIA COLLEGE, LLC, and
EDUCATION CORPORATION OF
AMERICA,

               Defendants.

Case No. 5:18-cv-00388-TES

Hon. Tilman E. Self, III

## ORDER TO CONFIRM SETTLEMENT, ENTER BAR ORDER, AND FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter came to be heard upon the motion of the Receiver, with the consent of the Individual Defendants and Monroe, moving the Court for the entry of an order granting the Receiver's *Motion to Confirm and Approve Settlement, and for the Entry of a Bar Order* (the "Motion").

The Receiver moves the Court to approve and confirm the proposed Settlement Agreement concerning the Receiver's Claims against the Individual Defendants.[1] Upon confirmation and approval of the Settlement Agreement, along with all terms included in said agreement, the Receiver, and thus the Receivership Estate, will receive a payment of $28 million dollars. The Settlement Agreement contains numerous essential terms, including issuance of the Bar Order and rendering a finding of fact that the Side A&B Coverage of the D&O Policies is

---

[1] Unless specifically identified, capitalized terms in this Order have the same meaning as in the Motion and the Settlement Agreement.

exhausted once the D&O Insurers tender the Settlement Payment. The Parties move the Court to approve all of these terms to permit the Receivership Estate to receive the $28 million dollars.

The Court held an in-person confirmation hearing concerning said Motion on January 3, 2023. Upon consideration of the Motion any and all objections and contentions made before and at the hearing, it appears that the notice of the Motion provided is appropriate and sufficient under the circumstances and that no other or further notice need be given. Further, upon finding that due and sufficient notice of the Motion was given, all parties in interest have received notice and have been heard or had the opportunity to be heard, and no other or further notice is required.

Accordingly, **IT IS HEREBY FOUND, DETERMINED, AND CONCLUDED THAT:**

1.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure (the "Rules").

2.      To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

3.      The Court has jurisdiction over this matter and over the property of the Receivership Estate pursuant to 28 U.S.C. §§ 2001, 2002, and 2004, Rule 66 of the Rules, and this Court's broad equitable powers.

4.      The Individual Defendants and their D&O Insurers have conditioned their willingness to make the full Settlement Payment on a full and final resolution with respect to any and all claims instituted now or hereafter by any and all of the Barred Persons (as defined in Paragraph 10 below) against the Individual Defendants that relate in any manner whatsoever to ECA or the Receivership Estate (the "Barred Claims"). Obtaining such global peace is a critical

and material component of the Settlement Agreement, and a necessary condition to the Individual Defendants and their D&O Insurers' ultimate agreement to pay the full Settlement Payment under the Settlement Agreement was the inclusion of the bar order set forth in Paragraph 10 of the Court's Order below (the "Bar Order"). Pursuant to the terms of the Settlement Agreement, entry of the Bar Order is necessary for the Receiver to receive the full Settlement Payment pursuant to the terms of the Settlement Agreement.

5. The Court finds that the Settlement Agreement was reached following an extensive investigation of the facts and resulted from vigorous, good faith, arm's-length, mediated negotiations involving experienced and competent counsel. The claims asserted against the Individual Defendants contain complex and novel issues of law and fact that would require a substantial amount of time and expense to litigate, with a significant risk that the Receiver may not ultimately prevail on his claims. Moreover, it is clear that the Individual Defendants and their D&O Insurers would never agree to the terms of the Settlement Agreement unless they were assured of global peace with respect to all claims that have been, could have been, or could be asserted against any of the Individual Defendants by any person or entity arising out of or related to the events leading to these proceedings, and with respect to all claims that have been, could have been, or could be asserted against any of the Individual Defendants by any person or entity related to ECA or the Receivership Estate.

6. The Court finds that the Individual Defendants, their D&O Insurers, and the Receiver have agreed to this Settlement in good faith and that the Individual Defendants are paying a fair share of the potential damages for which they could be liable.

7.     Proper, timely, adequate, and sufficient notice of the Motion has been provided. Such notice was sufficient and appropriate under the particular circumstances. No other or further notice of the Motion or of the entry of this Order is necessary or shall be required.

8.     A reasonable opportunity to object or be heard regarding the requested relief in the Motion and this Order has been afforded to all parties to this action.

9.     The Bar Order and the releases in the Settlement Agreement are tailored to matters relating to the Barred Claims and are appropriate in light of the Policies' coverage to maximize the value of the Receivership Entities. The interests of the Objectors were well represented by their counsel, who had a full and fair opportunity to be heard. The interests of other persons affected by the Bar Order and the releases in the Settlement Agreement were well represented by the Receiver, acting in the best interests of the Receivership Entities in his fiduciary capacity and upon the advice and guidance of his experienced counsel. Accordingly, the Bar Order and the releases in the Settlement Agreement are fair, adequate and reasonable, and in the best interests of all creditors of, investors in, or other persons or entities claiming an interest in, having authority over, or asserting claims against the Receivership Entities, and of all persons who could have claims against the Individual Defendants relating to the Barred Claims.

10.    The settling parties have shown good reason for the approval of the Settlement Agreement and Bar Order to proceed expeditiously. Therefore, there is no just reason for delay of the finality of this Order.

11.    Accordingly, the Court finds that the Settlement Agreement is, in all respects, fair, reasonable, and adequate, and in the best interests of all persons or entities claiming an interest in, having authority over, or asserting a claim against the Individual Defendants related to ECA or the Receivership Estate.

**IT IS FURTHER:**

1.     **ORDERED** that the Motion (Doc. 529) is **GRANTED**, and it is further

2.     **ORDERED AND HELD** that the notice provided for the Motion, the in-person confirmation hearing, and the relief sought in the Motion, was adequate and proper considering all of the circumstances, and it is further

3.     **ORDERED AND HELD** that the injunction imposed by the Court in the Receivership Order, as modified in the Supplemental Order, does not apply to the D&O Policies issued by the D&O Insurers or the proceeds therefrom, and it is further

4.     **ORDERED** that the D&O Insurers are authorized to disburse proceeds in accordance with the terms and conditions of the D&O Policies, including the payment for any losses, such as the advancement of legal fees and expenses, stemming from any claim under the D&O Policies, and it is further

5.     **ORDERED AND HELD** that upon the Receiver's receipt of the Settlement Payment and the receipt by defense counsel for the Individual Defendants and ECA of costs and fees incurred prior to the date of this Order in the defense of claims against the D&O Policies pursuant to the Receivership Court's Comfort Orders, (Docs. 141, 197), the Side A&B Coverage of the D&O Policies will be exhausted, and the D&O Insurers will have no further contractual obligation, pursuant to Side A&B Coverage, to disburse proceeds, or provide a defense, in accordance with the terms and conditions of the D&O Policies, and it is further

6.     **ORDERED AND HELD** that any remaining proceeds of the D&O Policies' Side A Coverage are not assets of the Receivership Estate, and neither ECA, nor the Receivership Estate, have any property interest in, or entitlement to, the proceeds derived from the Side A Coverage, and it is further

7.     **ORDERED** that the Individual Defendants may draw on the Side A Coverage in accordance with the terms and conditions of the relevant policies without approval from the Receivership Court, and it is further

8.     **ORDERED** that, all objectors to the Motion are overruled, and it is further

9.     **ORDERED** that The Bar Order as set forth in Paragraph 10 of this Order is **APPROVED** as a necessary and appropriate component of the settlement. *See Sec. & Exch. Comm'n v. Quiros*, 966 F.3d 1195, 1199 (11th Cir. 2020) (entering bar order where it was "integral to settlement" and only when the settling defendant "would not have entered into the settlement in the absence of such bar order."); *accord In re Seaside Eng'g & Surveying, Inc.*, 780 F.3d 1070, 1079 (11th Cir. 2015); *Munford, Inc. v. Munford, Inc.*, 97 F.3d 449, 454–55 (11th Cir. 1996).

10.     **BAR ORDER AND INJUNCTION: The Court hereby bars, restrains and enjoins the Parties, and all other persons and entities, including without limitation any former student or employee of ECA (the "Barred Persons"), from directly, indirectly, or through a third party, instituting, reinstituting, intervening in, initiating, commencing, maintaining, continuing, filing, encouraging, soliciting, supporting, participating in, collaborating in, or otherwise prosecuting against the Individual Defendants, or any of their representatives, affiliates, insurers, or attorneys, now or at any time in the future, any action, lawsuit, cause of action, claim, investigation, demand, complaint, or proceeding of any nature, including, but not limited to, litigation, arbitration, or other proceeding, in any federal or state court, or in any other court, arbitration forum, administrative agency, or other forum in the United States or elsewhere, whether arising**

**under local, state, federal or foreign law, whether individually, derivatively, on behalf of a class, as a member of a class, or in any other capacity whatsoever, that in any way relates to, is based upon, arises from, or is connected to ECA or ECA's operations.**

11.     This Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Order, notwithstanding anything to the contrary proscribed by applicable law.

12.     Nothing in this Order or the Settlement Agreement and no aspect of the settling parties' settlement or negotiations thereof, is or shall be construed to be an admission or concession of any violation of any statute or law, of any fault, liability or wrongdoing, or of any infirmity in the claims or defenses of the settling parties with regard to any case or proceeding.

13.     Other than by direct appeal of this Order or motion for reconsideration or rehearing thereof, made in accordance with the Rules, no appeal, challenge, decision or other matter concerning any subject set forth in this paragraph shall operate to terminate or cancel the Bar Order, or to impair, modify or otherwise affect in any manner the Bar Order.

14.     The Individual Defendants and their D&O Insurers have no responsibility, obligation, or liability whatsoever with respect to the cost associated with or the content of the notice; the notice process; the administration or distribution of the Settlement Payment; the management, investment, disbursement, allocation, or other administration or oversight of the Settlement Payment, any other funds paid or received in connection with the Settlement Agreement, or any portion thereof; the payment or withholding of taxes; the determination, administration, calculation, review, or challenge of claims to the Settlement Payment, any

portion of the Settlement Payment, or any other funds paid or received in connection with the Settlement Agreement; or any losses, attorneys' fees, expenses, vendor payments, expert payments, or other costs incurred in connection with any of the foregoing matters. No appeal, challenge, decision, or other matter concerning any subject set forth in this paragraph shall operate to terminate, cancel, or modify the Settlement Agreement or this final Bar Order.

15.     Pursuant to Fed. R. Civ. P. 54(b), and the Court's authority in this equity receivership to issue ancillary relief, this Order is a final order for all purposes, including, without limitation, for purposes of the time to appeal or to seek rehearing or reconsideration.

16.     Without impairing or affecting the finality of this Order, this Court shall retain jurisdiction with respect to all matters arising from  or related to the enforcement of this Order.

**SO ORDERED**, this 3rd day of January, 2023.

TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT