IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| VC MACON, GA LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>VIRGINIA COLLEGE LLC, and EDUCATION CORPORATION OF AMERICA,<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:18-cv-00388-TES |

## ORDER GRANTING MOTION FOR ATTORNEYS' FEES

On December 19, 2022, John F. Kennedy, solely in his capacity as Receiver for the Receivership Estate of Education Corporation of America, Virginia College, LLC, and New England School of Business and Finance (collectively, "ECA") filed a Motion to Approve Attorneys' Fees [Doc. 532]. The Receiver, through his counsel, moved the Court to confirm and approve the attorneys' fees and expenses associated with the successful resolution of the Receiver's claims asserted in his lawsuit against the corporate officials for ECA. *See* Complaint, *Kennedy v. Stein*, No. 5:21-cv-00106-TES (M.D. Ga. Mar. 31, 2021), ECF No. 1. As stated in the Court's Order Confirming Settlement [Doc. 539], the settlement of the Receiver's claims from *Kennedy v. Stein* will soon bring $28 million into the Receivership Estate. [Doc. 539, p. 2].

Pursuant to a fee agreement entered into between the Receiver and his counsel,

his attorneys now seek approval of their respective contingency fees allowed by the fee agreement's recovery provisions. [Doc. 532, p. 6]; [Doc. 532-3]. Specifically, the fee agreement required the Receiver and the Receivership Estate to pay his counsel a contingent fee based on the "Gross Recovery" from a successful recovery at different procedural points of the case. [Doc. 532, p. 4]. The "successful recovery," of course, refers to the Receiver recovering for the claims he asserted in *Kennedy v. Stein*. The recovery structure calculates attorneys' fees as follows:

- 15% of the Gross Recovery if there is a settlement before [the Receiver] file[s] suit, with James Bates's Gross Recovery being 10% of the Gross Recovery, and Robins Kaplan's Gross Recovery being 5% of the Gross Recovery. (The date of settlement shall be the date the Receiver and the named Defendants [from *Kennedy v. Stein*] enter into said settlement, even though it may be contingent on a later confirmation by the Court.)

- 20% of the Gross Recovery if there is a Recovery during the time period beginning the day [the Receiver] file[s] suit and ending three months after the day [the Receiver] file[s] suit, with James Bates's Gross Recovery being 10% of the Gross Recovery, and Robins Kaplan's Gross Recovery being 10% of the Gross Recovery.

- 20% of the Gross Recovery if there is a Recovery during the time period beginning three months from the day [the Receiver] file[s] suit and ending three months later, with James Bates's Gross Recovery being 9% of the Gross Recovery, and Robins Kaplan's Gross Recovery being 11% of the Gross Recovery.

- 25% of the Gross Recovery if there is a Recovery during the time period beginning six months from the day [the Receiver] file[s] suit and ending six months later, with James Bates's Gross Recovery being 8% of the Gross Recovery, and Robins Kaplan's Gross Recovery being 17% of the Gross Recovery.

- 35% of the Gross Recovery if there is a Recovery after the one-year anniversary of filing suit, with James Bates's Gross Recovery being 8% of the Gross Recovery, and Robins Kaplan's Gross Recovery being 27% of the Gross Recovery.

- 42.5% of the Gross Recovery after the filing of an appeal by any party from any judgment or order of a trial court, with James Bates's Gross Recovery being 8% of the Gross Recovery, and Robins Kaplan's Gross Recovery being 34.5% of the Gross Recovery.

[Doc. 532-3, p. 2].

The objection period outlined in the Court's "Order Appointing Receiver and Preliminary Injunction" [Doc. 26] has passed, and no one objected to the fee amounts listed in the Receiver's motion. *See* [Doc. 26, p. 14]; *see also* [Doc. 532, p. 3]. The Court has considered the *Johnson* factors and assessed the sought-after fees. *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). The Court finds the fees to be proper and reasonable given the complexity of the legal and factual issues involved. *Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1242 (11th Cir. 2011) (quoting *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1293 (11th Cir. 1999)).

The requested fee—35% of the "Gross Recovery"—is reasonable, and a consideration of customary common-fund fees in the Eleventh Circuit and from across the nation as well as a review of the *Johnson* factors supports its approval. Additionally, the expenses and costs incurred were reasonable and necessarily related to obtain the $28 million for the Receivership Estate. Thus, pursuant to the recovery provisions provided by the fee agreement and consistent with the discussions had during the

3

Confirmation Hearing held on January 3, 2023, the Court **GRANTS** the Receiver's Motion for Attorneys' Fees [Doc. 532] as follows:

- The Receiver shall pay to his counsel combined contingency fees in the amount of $9,800,000, or 35% of the "Gross Recovery." Twenty-seven percent of that amount—$7,560,000.00—is payable to Robins Kaplan, and 8% of it—$2,240,000.00—is payable to James Bates.

- Counsel for the Receiver is also entitled to the out-of-pocket expenses incurred—$826,425.15 is payable to Robins Kaplan and $7,799.61 is payable to James Bates.

**SO ORDERED**, this 3rd day of January, 2023.

_____
TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT

4