**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| VC MACON GA, LLC, | |
| Plaintiff, | |
| v. | Case No. 5:18-cv-00388-TES |
| VIRGINIA COLLEGE, LLC, and EDUCATION CORPORATION OF AMERICA, | Hon. Tilman E. Self III |
| Defendants. | |

**ORDER TO CONFIRM SETTLEMENT, ENTER BAR ORDER, AND FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This matter came to be heard upon the motion of the Receiver, with the consent of the Willis Stein, moving the Court for the entry of an order granting the Receiver's *Motion to Confirm and Approve Settlement, and for the Entry of a Bar Order* (the "Motion").

The Receiver moves the Court to approve and confirm the proposed Settlement Agreement concerning the Receiver's Claims against Willis Stein.[1] If the Court confirms and approves the Settlement Agreement, along with all terms included in said agreement, the Receiver, and thus the Receivership Estate, will receive a payment of $1 million dollars, and Willis Stein will subordinate $8 million dollars of their alleged $15 million dollar secured credit claim that is pending in the Court's Claims Process. The Settlement Agreement contains numerous essential terms, including issuance of the Bar. The Parties move the Court to approve

---

[1] Unless specifically identified, capitalized terms in this Order have the same meaning as in the Motion and the Settlement Agreement.

1

all of these terms to permit the Receivership Estate to receive the $1 million dollars and the subordination of $8 million dollars of Willis Stein's Proof of Claim.

The Court held an in-person hearing concerning said Motion on January 4, 2024. Upon consideration of the Motion, any and all objections and comments made before and at the hearing; and it appearing that the notice of the Motion provided is appropriate and sufficient under the circumstances and that no other or further notice need be given; and upon finding that due and sufficient notice of the Motion was given, all parties in interest have received notice and have been heard or had the opportunity to be heard, and that no other or further notice is required;

**IT IS HEREBY FOUND, DETERMINED, AND CONCLUDED THAT:**

1. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure (the "<u>Rules</u>").

2. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

3. The Court has jurisdiction over this matter and over the property of the Receivership Estate pursuant to 28 U.S.C. §§ 2001, 2002, and 2004, Rule 66 of the Rules, and this Court's broad equitable powers.

4. Willis Stein and their Willis Stein Insurers have conditioned their willingness to make the full Settlement Payment on a full and final resolution with respect to any and all claims instituted now or hereafter by any and all of the Barred Persons (as defined in Paragraph 10 below) against Willis Stein that relate in any manner whatsoever to ECA or the Receivership Estate (the "Barred Claims"). Obtaining such global peace is a critical and material component of the Settlement Agreement, and a necessary condition to the Willis Stein and their Willis Stein Insurers'

ultimate agreement to pay the full Settlement Payment under the Settlement Agreement was the inclusion of the bar order set forth below (the "Bar Order").  Pursuant to the terms of the Settlement Agreement, entry of the Bar Order is necessary for the Receiver to receive the full Settlement Payment pursuant to the terms of the Settlement Agreement.

5. The Parties agree that the Barred Claims and the Bar Order do not contain any injunction, nor apply, to any claim that the federal government, or their designee, may assert directly against Willis Stein, or to any claim or objection any creditor may assert against Willis Stein receiving the Secured Treatment.

6. The Court finds that the Settlement Agreement was reached following an extensive investigation of the facts and resulted from vigorous, good faith, arm's-length, mediated negotiations involving experienced and competent counsel.  The claims asserted against Willis Stein contain complex and novel issues of law and fact that would require a substantial amount of time and expense to litigate, with a significant risk that the Receiver, and thus the Receivership Estate, may not ultimately prevail on his claims. Moreover, it is clear that the Willis Stein and their Willis Stein Insurers would never agree to the terms of the Settlement Agreement unless they were assured of global peace, except those expressly excluded in the Settlement Agreement, with respect to all claims that have been, could have been, or could be asserted against Willis Stein by any person or entity arising out of or related to the events leading to these proceedings, and with respect to all claims that have been, could  have been, or could be asserted against Willis Stein by any person or entity related to ECA or the Receivership Estate.

7. The Court finds that Willis Stein, their Willis Stein Insurers, and the Receiver have agreed to this Settlement in good faith and that Willis Stein are paying a fair share of the potential damages for which they could be liable.

8. Proper, timely, adequate, and sufficient notice of the Motion has been provided. Such notice was sufficient and appropriate under the particular circumstances. No other or further notice of the Motion or of the entry of this Order is necessary or shall be required.

9. A reasonable opportunity to object or be heard regarding the requested relief in the Motion and this Order has been afforded to all parties to this action.

10. The Bar Order and the releases in the Settlement Agreement are tailored to matters relating to the Barred Claims. The interests of the Objectors were well represented by their counsel, who had a full and fair opportunity to be heard. The interests of other persons affected by the Bar Order and the releases in the Settlement Agreement were well represented by the Receiver, acting in the best interests of the Receivership Entities in his fiduciary capacity and upon the advice and guidance of his experienced counsel. Accordingly, the Bar Order and the releases in the Settlement Agreement are fair, adequate and reasonable, and in the best interests of all creditors of, investors in, or other persons or entities claiming an interest in, having authority over, or asserting claims against the Receivership Entities, and of all persons who could have claims against Willis Stein relating to the Barred Claims.

11. The settling parties have shown good reason for the approval of the Settlement Agreement and Bar Order to proceed expeditiously. Therefore, there is no just reason for delay of the finality of this Order.

12. Accordingly, the Court finds that the Settlement Agreement is, in all respects, fair, reasonable, and adequate, and in the best interests of all persons or entities claiming an interest in, having authority over, or asserting a claim against Willis Stein related to ECA or the Receivership Estate.

**IT IS FURTHER:**

1. **ORDERED** that the Motion is **GRANTED**, and it is further

2. **ORDERED AND HELD** that the notice provided for the Motion, the in-person hearing, and the relief sought in the Motion, was adequate and proper considering all of the circumstances, and it is further

3. **ORDERED** that, all objectors to the Motion are overruled, and it is further

4. **ORDERED** that The Bar Order as set forth in Paragraph 5 of this Order is **APPROVED** as a necessary, integral, essential, and appropriate component of the settlement. *See Sec. & Exch. Comm'n v. Quiros*, 966 F.3d 1195, 1199 (11th Cir. 2020) (entering bar order where it was "integral to settlement" and only when the settling defendant "would not have entered into the settlement in the absence of such bar order."); *accord In re Seaside Eng'g & Surveying, Inc.*, 780 F.3d 1070, 1079 (11th Cir. 2015); *Munford, Inc. v. Munford, Inc.*, 97 F.3d 449, 454-55 (11th Cir. 1996).

5. **BAR ORDER AND INJUNCTION: The Court hereby bars, restrains and enjoins the Parties, and all other persons and entities, including without limitation any former student or employee of ECA (the "Barred Persons"), from directly, indirectly, or through a third party, instituting, reinstituting, intervening in, initiating, commencing, maintaining, continuing, filing, encouraging, soliciting, supporting, participating in, collaborating in, or otherwise prosecuting against the Willis Stein, or any of their representatives, affiliates, insurers, or attorneys, now or at any time in the future, any action, lawsuit, cause of action, claim, investigation, demand, complaint, or proceeding of any nature, including, but not limited to, litigation, arbitration, or other proceeding, in**

**any federal or state court, or in any other court, arbitration forum, administrative agency, or other forum in the United States or elsewhere, whether arising under local, state, federal or foreign law, whether individually, derivatively, on behalf of a class, as a member of a class, or in any other capacity whatsoever, that in any way relates to, is based upon, arises from, or is connected to ECA or ECA's operations. For the avoidance of doubt, however, the Bar Order does not contain any injunction, nor apply, to any claim that the federal government, or their designee, may assert directly against Willis Stein, or to any claim or objection any creditor may assert against Willis Stein receiving the Secured Treatment.**

6. This Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Order, notwithstanding anything to the contrary proscribed by applicable law.

7. Nothing in this Order or the Settlement Agreement, and no aspect of the settling parties' settlement or negotiations thereof, is or shall be construed to be an admission or concession of any violation of any statute or law, of any fault, liability or wrongdoing, or of any infirmity in the claims or defenses of the settling parties with regard to any case or proceeding.

8. Other than by direct appeal of this Order, or motion for reconsideration or rehearing thereof, made in accordance with the Federal Rules of Civil Procedure, no appeal, challenge, decision or other matter concerning any subject set forth in this paragraph shall operate to terminate or cancel the Bar Order, or to impair, modify or otherwise affect in any manner the Bar Order.

9. Willis Stein and the Willis Stein Insurers have no responsibility, obligation, or liability whatsoever with respect to the cost associated with or the content of the notice; the notice process; the administration or distribution of the Settlement Payment; the management, investment, disbursement, allocation, or other administration or oversight of the Settlement Payment, any other funds paid or received in connection with the Settlement Agreement, or any portion thereof; the payment or withholding of taxes; the determination, administration, calculation, review, or challenge of claims to the Settlement Payment, any portion of the Settlement Payment, or any other funds paid or received in connection with the Settlement Agreement; or any losses, attorneys' fees, expenses, vendor payments, expert payments, or other costs incurred in connection with any of the foregoing matters. No appeal, challenge, decision, or other matter concerning any subject set forth in this paragraph shall operate to terminate, cancel or modify the Settlement Agreement or this final Bar Order.

10. Pursuant to Fed. R. Civ. P. 54(b), and the Court's authority in this equity receivership to issue ancillary relief, this Order is a final order for all purposes, including, without limitation, for purposes of the time to appeal or to seek rehearing or reconsideration.

11. Without impairing or affecting the finality of this Order, this Court shall retain jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

**SO ORDERED**, this 4th day of January, 2024.

S/ *Tilman E. Self, III*
-----------------------------
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**