## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

**VC MACON GA, LLC**

**Plaintiff,**

v.                                              **Civil Action No. 5:18-cv-00388-TES**

**VIRGINIA COLLEGE, LLC; and**
**EDUCATION CORPORATION OF**
**AMERICA,**

**Defendants.**

## ORDER FOR RESPONSE/OBJECTION PERIOD FOR RESOLVED CLAIMS
## AND FUTURE RESOLVED CLAIMS

The Receiver has, in the Receiver's Supplemental Claims Report (Doc. 620, the "Supplemental Report"), moved the Court to accept the resolutions the Receiver and certain Claimants agreed to concerning those Claimants' objections to the Receiver's initial treatment concerning their respective proof of claims.

Upon the filing of the Claims Report (Doc. 577), any claimant wishing to object or otherwise respond to the Claims Report had until June 18, 2024 to file with the Court said objection or response. (Doc. 576). "[I]f no objection [was] filed during this 30-day period, the Claims Report shall be the final, binding, determination on each non-objection Claimant [. . . .]" (*Id* at 2). Those Claimants that did not object to the treatment the Receiver recommended for their claims by the Court's deadline are final and binding and require no further analysis or response.

Certain claimants did object to the Receiver's treatment of their claims in the Claims Report. The Court instructed the Receiver to informally attempt to negotiate with any objecting

1

claimant to resolve the objection and dispute. (Doc. 175; Doc. 576). If such objections could not be resolved, the objections were to be resolved by the Court. (*Id*).

The Receiver has noted (Doc. 620, pp. 2-5) that the following Claimants objected to the treatment their proof of claim received in the Receiver's Claims Report:

| | Doc # | Name of Claimant | Claim Number | Initially Assigned Bucket Number |
|---|---|---|---|---|
| 1 | 583, 583-1 | Sepideh Geramfard | C1106 | Bucket 6, objected to due to lack of info |
| 2 | 584, 584-1, 584-2 | Brittany Pettaway | C589 | Bucket 6, objected to due to lack of info |
| 3 | 584-2, 585 | Brandi Pettaway | C590 | Bucket 6, objected to due to lack of info |
| 4 | 587 | Kailei Gallegos | C1186 | Bucket 6, objected to due to lack of info |
| 5 | 589 | Commonwealth of Pennsylvania | C1704 | Bucket 5, objected to due to no amount listed |
| 6 | 590 | Commonwealth of Pennsylvania | C1704 | Bucket 5 (refiled but same as Doc. 589) |
| 7 | 591 | Pension Benefit Guaranty Corporation | N/A | Not listed in Claims Report by Error |
| 8 | 592 | Raychel Nichols | C1798 | Bucket 6, objected to due to lack of info |
| 9 | 593 | Wiggins Childs Pantazis Fisher & Goldfarb LLC on behalf of numerous alleged WARN Act claimants | C881, C744, C883 C882 C885 C884 C886 C887 C888 C889 C891 C892 C893 C894 C895 | All Bucket 6, objected to as un-sustained |

| | | | C896 | |
|---|---|---|---|---|
| | | | C897 | |
| | | | C898 | |
| | | | C738 | |
| | | | C899 | |
| | | | C900 | |
| | | | C901 | |
| | | | C902 | |
| | | | C903 | |
| | | | C904 | |
| | | | C905 | |
| | | | C906 | |
| | | | C907 | |
| | | | C908 | |
| | | | C909 | |
| | | | C910 | |
| | | | C911 | |
| | | | C912 | |
| | | | C760 | |
| 10 | 594, 594-1 | Kiersten Bay | C1299 | Bucket 6, objected to due to lack of info |
| 11 | 595 | Raymond Bogier | C413 | Bucket 6, objected to due to lack of info |
| 12 | 596 | G&G Holdings, LLC | C648 C649 | Bucket 6, allowed but not as Bucket 4 |
| 13 | 597 | BVB-NC, LLC | C652 C653 | Bucket 6, allowed but not as Bucket 4 |
| 14 | 598 | NC Pensacola, LLC | C650 C651 | Bucket 6, allowed but not as Bucket 4 |
| 15 | 600 | Exchange Bank and Trust Company | C1973 | Bucket 6, as judgment violated injunction orders |
| 16 | 601 | CKS-VCC LLC | C622 C623 C624 C625 C626 C627 | Bucket 6, objected to as duplicates |
| 17 | 602 | Jerrell Smith & R. Dailey on behalf of themselves and all others similarly situated WARN Act claimants | C841 | Bucket 6, objected to as un-sustained |

| 18 | 603, 603-1 | Monroe Capital Management Advisors, LLC | C718 C992 | Bucket 2, objected to based on reduced by credit bid of NECB/lack of documentation regarding post-appointment fees and expenses, reasonableness |
| 19 | 604 | Raychel Nichols | C1798 | Bucket 6, objected to due to lack of info |
| 20 | 605 | Deidra Gray | C1753 | Bucket 6, objected to due to lack of info |
| 21 | 606 | Tamara Gray | C1761 | Bucket 6, objected to due to lack of info |
| 22 | 607 | Ashley Nichols Brown (Cline) | C987 | Bucket 6, objected to due to lack of info |
| 23 | 608, 608-1, 608-2 | Justin Little | C145 | Bucket 6, objected to due to lack of info |
| 24 | 609 | Shaunta Williams | C1448 | Bucket 6, objected to due to lack of info |
| 25 | 610, 610-1 | Raymond Freitas | C636 | Bucket 6, objected to due to lack of info |
| 26 | | U.S. Department of Veteran Affairs | Not originally filed nor filed with the Court | n/a |
| 27 | 611 | Shearelia Miller | Not originally filed nor filed with the Court | n/a |

Through the informal negotiation phase, the Receiver reached a resolution concerning the above objected-to claims in the following manner:

|  | Doc # | Name of Claimant | Claim Number | Initial Assigned Bucket and treatment | Resolution |
|---|---|---|---|---|---|
| 1 | 583, 583-1 | Sepideh Geramfard | C1106 | Bucket 6, objected to | Approved in Bucket #6 for $141,300 |
| 2 | 584, 584-1, 584-2 | Brittany Pettaway | C589 | Bucket 6, objected to | Approved in Bucket #6 for $40,000 |
| 3 | 584-2, 585 | Brandi Pettaway | C590 | Bucket 6, objected to | Approved in Bucket #6 for $40,000 |
| 4 | 587 | Kailei Gallegos | C1186 | Bucket 6, objected to | Approved in Bucket #6 for $16,889 |
| 5 | 589 | Commonwealth of Pennsylvania | C1704 | Bucket 5, objected to due to no amount listed | Approved for requested amount of $1,510,000 in Bucket #5. |
| 6 | 590 | Commonwealth of Pennsylvania | C1704 | Bucket 5 | Refiled objection – no action |
| 7 | 591 | Pension Benefit Guaranty Corporation | C1905 and C1906 | Not listed in Claims Report by Error | Approved in Bucket #5 for $729,245 and $3,223, respectfully |
| 8 | 592 | Raychel Nichols | C1798 | Bucket 6, objected to | Approved in Bucket #6 for $4,500.50 |
| 9 | 595 | Raymond Bogier | C413 | Bucket 6, objected to | Approved in Bucket #6 for $16,003.49 |
| 10 | 596 | G&G Holdings, LLC | C648 C649 | Bucket 6, objected to | Approved - post-appointment services assigned to Bucket #4 in amount of $185,207.84. |
| 11 | 597 | BVB-NC, LLC | C652 C653 | Bucket 6, objected to | Approved - post-appointment services assigned to Bucket #4 - $146,398.18. |
| 12 | 598 | NC Pensacola, LLC | C650 C651 | Bucket 6, objected to | Approved - post-appointment services assigned to Bucket #4 - $143,994.64. |

| 13 | 601 | CKS-VCC LLC | C622 C623 C624 C625 C626 C627 | Bucket 6, objected to as duplicates | Approved in Bucket #6, no duplicates, in amounts of $8,334,849.96, $53,095.75, $267,682.74, respectfully |
|----|-----|-------------|------|------|------|
| 14 | 602 | Jerrell Smith & R. Dailey on behalf of themselves and all others similarly situated WARN Act claimants | C841 | Bucket 6, objected to as un-sustained | Assigned to Bucket #4 for settled amount of $3,180,445.00 - Liability remains disputed - no class certification permitted, only those employees listed on the proof of claim are approved |
| 15 | 604 | Raychel Nichols (this is a duplicate objection) | C1798 | Bucket 6 | Same as above |
| 16 | 605 | Deidra Gray | C1753 | Bucket 6, objected to | Approved in Bucket #6 for $64,229.43 |
| 17 | 606 | Tamara Gray | C1761 | Bucket 6, objected to | Approved in Bucket #6 for $40,000 |
| 18 | 607 | Ashley Nichols Brown (Cline) | C987 | Bucket 6, objected to | Approved in Bucket #6 for $39,033 |
| 19 | 608, 608-1, 608-2 | Justin Little | C145 | Bucket 6, objected to | Approved in Bucket #6 for $48,000 |
| 20 | 609 | Shaunta Williams | C1448 | Bucket 6, objected to | Approve to Bucket #6 for $9,000 |
| 21 | 610, 610-1 | Raymond Freitas | C636 | Bucket 6, objected to | Approve to Bucket #6 for $48,000 |

The Receiver has moved the Court to accept and approve these resolutions concerning these objections, and to make these resolutions the binding treatment for said proof of claims.

Before ruling on said resolutions, the Court will allow an opportunity for others to respond and or object to the proposed resolutions above. Additionally, the Court will allow an opportunity

for others to respond and or object to any resolutions that are made and reported by the Receiver concerning those objections that were made but not resolved by the time of the filing of the Supplemental Report. Accordingly, it is **HEREBY ORDERED THAT:**

- The Receiver shall post a copy of the Supplement Report on the ECA Receivership Claims' Website – www.omnimgt.com/eca

- Anyone desiring to respond or object to the Receiver's recommended resolutions to the above objected to claims shall file such response or objection within twenty-one (21) days of this Order; and

- The Receiver or the resolving party to the resolved objection may file a response within twenty-one (21) days of said response or objection being filed; and

- The Court may then rule on said response or objection, or set a hearing concerning response or objection; and

- Any response or objection that is not filed within twenty-one (21) days of this Order will be waived and forever closed; and

- The Receiver shall promptly report to the Court any resolutions entered into, to the extent such resolutions exists, concerning those claims that were originally objected to but not resolved by the time of the Supplemental Report; and

- Anyone desiring to respond or object to a resolution made concerning those claims that were originally objected to but not resolved by the time of the Supplemental Report shall file such response or objection within twenty-one (21) days of the Receiver's report of such resolution; and

- The Receiver or the resolving party to the resolved objection may file a response within twenty-one (21) days of said response or objection being filed; and

- The Court may then rule on said response or objection, or set a hearing concerning response or objection; and

- Any response or objection that is not filed within twenty-one (21) days of Receiver's report of such resolution will be waived and forever closed;

- This Order shall become effective immediately upon its entry; and

- The above briefing schedule will not be amended or altered except for good cause shown by any of the parties upon written motion to the Court; and

- Except to the extent expressly amended or modified by the entry of this Order, all provisions of the Claims Order (Docs. 175, 576) shall remain unmodified and shall remain binding with full force and effect; and

- Without impairing or affecting the finality of this Order, this Court shall retain jurisdiction with respect to all matters arising from or related to the enforcement of this Order, and to interpret this Order and the Claims Order.

Dated: _March 19, 2025_

_____

United States District Court Judge

8