**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

**VC MACON GA, LLC**
**Plaintiff**

**v.** **Civil Action No. 5:18-cv-00388-TES**

**VIRGINIA COLLEGE, LLC; and EDUCATION CORPORATION OF AMERICA,** **Hon. Tilman E. Self III**

**Defendants.**

**ORDER ON MOTION TO DETERMINE STATUS OF INDIVIDUAL STUDENT CLAIM AND FOR PRESERVATION OF CLAIM AND RECORDS PENDING FINAL DISCHARGE**

This matter is before the Court on *pro se* movant Ericka Moon's Motion to Determine the Status of Individual Student Claim and for Preservation of Claim and Records Pending Final Discharge (the "Motion").

In her Motion, Moon contends that she is a former student of Virginia College and that she possesses an "individual claim arising from financial instruments and/or educational funds issued in her name in connection with her education." (Motion, p. 1). Moon alleges that Virginia College received, negotiated, cashed, or handled government-issued checks or other educational funds without her knowledge or authorization. (*Id*). Moon admits that her claim is not a "WARN ACT employment claim [. . . .]" (*Id*).

In her Motion, Moon also notes that the Receiver has expended resources concerning the final administration and closure of the receivership. (*Id* at p. 2). Moon "does not contend that the billing entries themselves establish wrongdoing by the Receiver or counsel [. . . . but that] the entries demonstrate that the receivership is actively addressing final distribution, destruction or disposition of records, and discharge-related matters." (*Id*). Moon's concern is that the "destruction

or disposal of records before the status of her claim is clarified could materially impair her ability to establish and pursue the claim." (*Id*).

In the Motion, Moon requests that the Receiver be directed to identify whether Moon's Proof of Claim was:

a. Formally submitted;
b. Assigned a claim number;
c. Classified into a particular claims bucket;
d. Accepted or allowed;
e. Objected to or rejected;
f. Settled or released;
g. Expressly disallowed by order of this Court; or
h. Otherwise finally adjudicated or extinguished.

(*Id* at 2). At the heart of her Motion, Moon requests "that the status of the claim be established before the receivership is closed." (*Id* at 3). Moon further requests that any records relevant to her claim "be preserved until the Court determines the status of her claim and what, if any, further proceedings are necessary." (*Id*).

The Court has reviewed its previous orders concerning the Claims Process, the Receiver's previous Claims Reports, and the Court's orders concerning those reports and recommendations. On March 6, 2019, the Court issued the Claims Order (Doc. 175), which instructed that "all Claimants holding or wishing to assert any claim, cause of action, or other right against the Receiver or Receivership Estate whether a Post-Receivership Claim, Pre-Receivership Claim or otherwise, must file their Claims pursuant to the Claims Process established by this Order." (Doc. 175, pp. 2–3). The Claims Order required the Receiver to serve the Claims Order and other materials on categories of potential creditors, including former students, employees, vendors and trade creditors, secured creditors, government and regulatory bodies, and other claimants. (Doc. 175, pp. 2–3). Former students of ECA were also provided notice electronically through their last known email addresses and cell phone numbers. (Doc. 175, p. 3). The Receiver was also required

to publish notice in *USA Today* and post a link to the claims materials on Omni's ECA website. (*Id*).

Any claimant of ECA who chose to submit a claim was required to submit a completed Claim Form, as defined in the Claims Order, so that Omni received it before the applicable Claims Bar Date, also as defined in the Claims Order. The applicable bar date for students was May 23, 2019, at 5:00 p.m. prevailing Eastern Time, while the applicable bar date for all other claimants was April 15, 2019, at 5:00 p.m. prevailing Eastern Time. Any Claimant who failed to comply with the Claims Order or to submit a proof of claim "shall be deemed to have waived any such Claims against the Receiver and the Receivership Estate and such Claims shall be deemed waiver and forever barred. Claimants shall be enjoined from pursuing or otherwise asserting Claims against the Receiver or Receivership Estate other than through the Claims Process [. . . .]" (*Id* at p. 5).

The Receiver filed his initial Claims Report on May 20, 2024. (Doc. 577). The Court has again reviewed that Claims Report. Of the claims filed, 1,910 were recommended for unsecured status and assignment to Bucket #6—general unsecured claimants. (Doc. 577, p. 24). The Claims Report contained an Excel spreadsheet, attached as Exhibit I, identifying every proof of claim and claimant assigned to Bucket #6. (Doc. 577-9). A review of that exhibit confirms the following:

- Moon's Proof of Claim was formally submitted and received by Omni Management – the Court appointed Claims and Noticing Agent (Doc. 157);
- Moon's Proof of Claim was assigned claim number C1844;
- Moon's Proof of Claim was assigned to Bucket #6, listed at #1697 on Exhibit I to the Claims Report; and

- Moon's Proof of Claim was rejected as untimely[1];

(Doc. 577-9, p. 34).

Upon the filing of the Claims Report, Moon had 30 days to object to the Receiver's recommended treatment of her Proof of Claim. (Doc. 576). Any objection was required to be filed with the Court and served on the Receiver's counsel. (*Id.* at p. 1). The docket reflects no objection or other response from Moon concerning the Receiver's recommendation. Because Moon did not object, the Receiver's recommended treatment of her Proof of Claim was "deemed the final, binding determination [. . . .] without the need for a further order or hearing of the Court." (Doc. 576, p. 2; Doc. 175, p. 9).

The Receiver filed his Supplemental Claims Report on March 10, 2025. (Doc. 620). The Supplemental Claims Report, again, noted that those Claimants, like Moon, that "did not object to the treatment the Receiver recommended for their claims by the Court's deadline are final and binding, and no further analysis of such claims is required." (Doc. 620, p. 2). On March 19, 2025, this Court expressly ordered that the Receiver's recommended treatment for any claimant who failed to file an objection, like Moon, was final and binding. (Doc. 623 at 4). The Court will not alter or set aside such order, or the determination of Moon's Proof of Claim.

Thus, a review of Moon's Proof of Claim and the Court's docket confirms that: (1) Moon submitted her Proof of Claim after the applicable bar date; (2) the Receiver recommended rejection of the Proof of Claim as untimely; (3) the Receiver included that recommendation in his Claims Report; (4) Moon did not object to the recommendation; and (5) under the Court's prior orders,

[1] The Court notes that a review of the Receiver's Claims' Website, as hosted by Omni Management, shows that Moon's proof of claim was filed with Omni Management on May 31, 2019, eight days after the May 23, 2019 deadline.
https://casedocs.omniagentsolutions.com/POCVol1/EducationCorp/Claim%20Scan/Claims/7032001844.pdf

the Receiver's recommended treatment of Moon's Proof of Claim is already final and binding. Moon's request for information has therefore been satisfied.

Because Moon's request for information has been satisfied and her Proof of Claim has been previously adjudicated, there is no basis to require the Receiver to preserve any records. Moon's requested relief was limited to preventing the Receiver from destroying, deleting, discarding, or otherwise rendering such records unavailable "pending determination of the status of Ms. Moon's claim [. . . .]" (Doc. 694, p. 4(F)). Moon's claim has already been resolved and is not pending. Moreover, the Court has already granted the Receiver's motion to destroy or abandon legacy documents that the Receiver no longer needs.[2] Accordingly, the Receiver need not preserve any records.

Accordingly, Moon's Motion is **DENIED.** The Court shall retain jurisdiction over all matters arising from or relating to this Order.

**SO ORDERED**, this 28th day of September, 2026.

s/Tilman E. Self, III

**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

[2] The Court notes that no one responded to or otherwise objected to the Receiver's Motion to Destroy/Abandon Records. (Doc. 681)