**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

**VC MACON GA, LLC**
**Plaintiff**

**v.**

**Civil Action No. 5:18-cv-00388-TES**

**VIRGINIA COLLEGE, LLC; and EDUCATION CORPORATION OF AMERICA,**

**Hon. Tilman E. Self III**

**Defendants.**

**ORDER**

This matter came to be heard upon the Motion of the Receiver for an order granting his discharge and the conclusion of the Receivership.

Upon consideration of the Motion; and it appearing that the notice of the Motion provided is appropriate and sufficient under the circumstances and that no other or further notice need be given; and upon finding that due and sufficient notice of the Motion was given, all parties in interest have received notice and have been heard or had the opportunity be heard, and that no other or further notice is required; it is hereby

1. **ORDERED** that the Motion is **GRANTED;**
2. The Receiver, and his professionals, are discharged from the obligations and duties established in the Receivership Order (Doc. 26);
3. The Receivership Estate established pursuant to the Receivership Order shall be terminated;
4. The Receivership Estate shall be deemed fully administered and liquidated; and the Receiver's authority to manage, operate, or control the assets of the Receivership Estates shall be terminated, without further order of this Court;

5. The disbursements that have been made by the Receiver are with prejudice, not subject to disgorgement, claw back or refund of any kind, binding on all creditors and parties in interest, and all creditors and parties in interest are barred from asserting claims against the Receiver, the Receivership Estate, or any recipients of the distributions;
6. The Court hereby ratifies, confirms, and approves the Receiver's acts (other than for acts involving a finding by the Court of malfeasance, bad faith, gross negligence, or reckless disregard of their duties) as being correct and proper and in the best interest of the Receivership Estate, the investors and creditors of the Receivership Estate, the claimants of the Claims Process, all other interested parties, and the parties to this action, all of the Receiver's and his professionals' acts and transactions during the time the Receiver served as Receiver in this case, including, but not limited to, those disclosed by the pleadings, reports, applications and other papers filed with this Court;
7. The Receiver and all professionals retained by the Receiver, shall be fully and forever released and discharged from any and all liability for acts taken, or omissions, pursuant to and in good faith compliance with the Receivership Order, including, but not limited to, any and all claims, cross-claims, counterclaims, causes, damages, and actions, of every kind, character, and description, whether direct or indirect, known or unknown, in law or in equity, which any person, entity or party has or will have against the Receiver or any professionals retained by the Receiver or their respective affiliates on account of, arising, or resulting from, or in any manner incidental to, the receiverships established by the Receivership Order, the Receiver's actions or inactions in his capacity as Receiver, the Receiver's professionals actions or inactions in representing the Receiver, the Receiver's possession or use of property of the Receivership Estate, the administration of the

Receivership Estate, or any other acts or omissions of the Receiver or the Receiver's professionals;

8. All creditors, investors, and other parties in interest shall be permanently and forever barred, restrained and enjoined from taking any action to impose or seeking to impose liability on the Receiver, all professionals retained by the receiver, or the Receivership Estate, without first obtaining relief to do so from the Court and only upon a finding by this Court that the Receiver or said persons acted or failed to act as a result of bad faith or gross negligence or in reckless disregard of the Receiver's or said person's professional duties. Any and all defenses are preserved by the Receiver and his professionals;
9. The Court shall retain jurisdiction over any and all matters arising out of or relating to this Order, its enforcement, the Receivership, or any future actions, findings, or claims;
10. The Receiver’s actions and requested relief are found to be prudent considering the circumstances and a reasonable exercise of the Receiver’s business judgment;
11. This Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Order, notwithstanding anything to the contrary proscribed by applicable law; and

**SO ORDERED**, this 30th day of September, 2026.

s/Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**